# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>      Plaintiff,<br>v.<br><br>FLO TV INCORPORATED; MOBITV, INC.; U.S. CELLULAR CORPORATION; LG ELECTRONICS MOBILECOMM USA, INC.; MOTOROLA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA LLC; SPRINT NEXTEL CORPORATION; RESEARCH IN MOTION CORPORATION; HTC AMERICA INC.; PALM, INC; KYOCERA COMMUNICATIONS INC.; WIREFLY, CORP.; LETSTALK.COM, INC.; QUALCOMM, INC.; GOTV NETWORKS, INC.; SPB SOFTWARE; VERIZON COMMUNICATIONS INC. D/B/A VERIZON WIRELESS; and CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>      Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 1:10-cv-00812<br><br>JURY TRIAL REQUESTED |

## PLAINTIFF EON CORP. IP HOLDINGS, LLC'S FIRST AMENDED COMPLAINT[1]

Plaintiff EON Corp. IP Holdings, LLC ("EON") by and for its Complaint against FLO TV Incorporated ("FLO TV"); MobiTV, Inc. ("MobiTV"); U.S. Cellular Corporation ("U.S. Cellular"); LG Electronics MobileComm USA, Inc. ("LG"); Motorola, Inc. ("Motorola"); Samsung Telecommunications America LLC ("Samsung"); Sprint Nextel Corporation ("Sprint"); Research in Motion Corporation ("RIM"); HTC America Inc. ("HTC"); Palm, Inc. ("Palm"); Kyocera Communications Inc. ("Kyocera"); Wirefly, Corp. ("Wirefly"); LetsTalk.com, Inc. ("LetsTalk.com"); Qualcomm, Inc. ("Qualcomm"); GoTV Networks, Inc.

---

[1] Text added that differs from Original Complaint is underlined.

("GoTV"); SPB Software, Inc. ("SPB"); Verizon Communications Inc. D/B/A Verizon Wireless; and Cellco Partnership D/B/A Verizon Wireless (collectively "Defendants") for infringement of U.S. Patent No. 5,663,757 (the "'757 Patent") pursuant to 35 U.S.C. §271 alleges as follows:

## THE PARTIES

1. Plaintiff EON Corp. IP Holdings, LLC is a Texas limited liability company with its principal place of business located at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

2. Defendant FLO TV is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3. Defendant MobiTV is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. Defendant U.S. Cellular is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Rd, Suite 400, Wilmington, Delaware 19808.

5. Defendant LG is a corporation organized under the laws of the State of California with its corporate headquarters located at 10101 Old Grove Road, San Diego, California 92131. In addition to LG's continuous and systematic conduct of business in Delaware, the causes of action against LG in this Complaint arose from or are connected with LG's purposeful acts committed in Delaware, including LG's selling, offering to sell, and using and inducing others to use, cellular handsets containing interactive television programming which embody one or more claims of the '757 Patent. LG may be served with process through its registered agent, Alan K. Tse, 10101 Old Grove Road, San Diego, California 92131.

6. Defendant Motorola is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7. Defendant Samsung is a limited liability company organized under the laws of the State of Delaware and may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8. Defendant Sprint is a Kansas corporation with its corporate headquarters located at 6500 Sprint Prkwy HL- 5A STX,Overland Park, Kansas 66251. In addition to Sprint's continuous and systematic conduct of business in Delaware, the causes of action against Sprint arose from or are connected with Sprint's purposeful acts committed in Delaware, including Sprint's selling, offering to sell, using and inducing others to use, cellular handsets containing interactive television programming which embody one or more claims of the '757 Patent. Sprint may be served with process through its registered agent, Corporation Service Company, 200 S.W. 30th Street, Topeka, Kansas 66611.

9. Defendant RIM is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

10. Defendant HTC is a U.S. subsidiary of HTC Corporation, a Taiwanese corporation, and is incorporated in the State of Texas with its principal place of business located at 13290 SE. Eastgate Way, Suite 400, Bellevue, Washington 98005. In addition to HTC's continuous and systematic conduct of business in Delaware, the causes of action against HTC arose from or are connected with HTC's purposeful acts committed in Delaware, including HTC's selling, offering to sell, using and inducing others to use, cellular handsets containing

interactive television programming which embody one or more claims of the '757 Patent. HTC may be served with process through its registered agent, the Law Offices of Christina C. Hsu, 25224 Interlachen Drive, Austin, Texas 78717.

11. Defendant Palm is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Rd, Suite 400, Wilmington, Delaware 19808.

12. Defendant Kyocera is a subsidiary of Kyocera Corporation, a Japanese corporation, and is incorporated under the laws of the State of Delaware. Kyocera may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

13. Defendant Wirefly is a corporation organized under the laws of the State of Florida with its corporate headquarters located at 10790 Parkridge Blvd, Suite 200, Reston, Virginia 20191. In addition to Wirefly's continuous and systematic conduct of business in Delaware, the causes of action against Wirefly arose from or are connected with Wirefly's purposeful acts committed in Delaware, including Wirefly's selling, offering to sell, using and inducing others to use, cellular handsets containing interactive television programming which embody one or more claims of the '757 Patent. Wirefly may be served with process through its registered agent, Eduardo Lacasa, 7380 SW 48th Street, Miami, Florida 33155.

14. Defendant LetsTalk.com is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, Incorporating Services, Ltd. 3500 South Dupont Highway, Dover, Delaware 19901.

15. Defendant Qualcomm is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc. 2711 Centerville Rd, Suite 400, Wilmington, Delaware 19808.

16. Defendant GoTV is a corporation organized under the laws of the State of California with its corporate headquarters located at 14144 Ventura Blvd, Suite 300, Sherman Oaks, California, 91423. In addition to GoTV's continuous and systematic conduct of business in Delaware, the causes of action against GoTV arose from or are connected with GoTV's purposeful acts committed in Delaware, including GoTV's selling, offering to sell, using and inducing others to use, cellular handsets containing interactive television programming which embody one or more claims of the '757 Patent. GoTV may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

17. Defendant SPB is a corporation organized under the laws of the State of Nevada with its corporate headquarters located at 502 East John Street, Carson City, Nevada 89706. In addition to SPB's continuous and systematic conduct of business in Delaware, the causes of action against SPB arose from or are connected with its purposeful acts committed in Delaware including SPB's selling, offering to sell, using and inducing others to use, interactive television programming for mobile devices branded "SPB TV" which embody one or more claims of the '757 Patent. SPB may be served with process through its registered agent, CSC Services of Nevada, Inc., 502 East John Street, Carson City, Nevada 89706.

18. Defendant Verizon <u>Communications Inc. D/B/A Verizon Wireless</u> is a corporation organized under the laws of the State of Delaware with its principal place of business at One Verizon Way, Baskin Ridge, New Jersey 07920. <u>Defendant Cellco Partnership D/B/A Verizon</u>

5

Wireless is a partnership organized and existing under the laws of the State of Delaware with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920. Verizon Communications Inc. D/B/A Verizon Wireless may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Cellco Partnership D/B/A Verizon Wireless may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Verizon Communications Inc. D/B/A Verizon Wireless and Cellco Partnership D/B/A Verizon Wireless are collectively referred to herein as "Verizon."

## JURISDICTION AND VENUE

19. This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code ("U.S.C."). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a). Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

20. This Court has personal jurisdiction over the Defendants under the laws of the State of Delaware, including the Delaware long-arm statute, 10 Del. Code § 3104.

21. This Court has personal jurisdiction over each Defendant. Plaintiff incorporates all statements of jurisdiction in the preceding paragraphs. Each Defendant has conducted and does conduct business within the State of Delaware, directly or through intermediaries or agents, or offers for sale, sells, advertises (including through the provision of interactive web pages) products or services, or uses or induces others to use services or products in Delaware that infringe the '757 Patent, or knowingly contributes to infringement of the asserted patent.

22. In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over LG because it is, upon information and belief, wholly owned by LG

Electronics USA, Inc., a corporation organized under the laws of the State of Delaware, which has availed itself of the laws of the State of Delaware by filing suit in a separate patent action, Case No. 1:08-cv-00234 in the United States District Court for the District of Delaware. LG is a manufacturer of, among other things, mobile telephone devices, and ships devices for sale within established distribution networks within the State of Delaware, and derives substantial revenue therefrom. LG has had purposeful continuous and systematic contacts with the State of Delaware, evidenced by, upon information and belief, a market share of approximately 20% of mobile telephone devices and being the third largest mobile telephone device manufacturer within the State of Delaware.

23.     In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over Sprint because of Sprint's purposeful continuous and systematic contacts with this jurisdiction, including, but not limited to, upon information and belief, Sprint's operation of two (2) separate stores in Delaware, including stores in Middleton, Delaware and Lewes, Delaware.

24.     In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over Wirefly because it is, upon information and belief, wholly owned by Simplexity, Inc., a corporation organized under the laws of the State of Delaware. Wirefly has had purposeful continuous and systematic contacts with the State of Delaware, evidenced by, upon information and belief, being the largest online retailer of mobile telephone devices within the State of Delaware. Wirefly promotes contests specifically incorporating the laws of the State of Delaware. Wirefly generates substantial revenue from sales within the State of Delaware.

25.     In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over GoTV because of GoTV's purposeful continuous and systematic

contacts with this jurisdiction through, upon information and belief, GoTV's ongoing relationship with others in the stream of commerce facilitating the distribution of its services throughout the United States, including the District of Delaware. GoTV maintains purposeful continuous and systematic contacts with this jurisdiction, including relationships with mobile service carriers in Delaware and consequent receipt of substantial revenue.

26. In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over SPB because of SPB's relationships with mobile operators, manufacturers, and media companies including but not limited to Defendants Palm and Motorola, within the United States including the District of Delaware and consequent receipt of substantial revenue.

## THE PATENT IN SUIT

27. On September 2, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,663,757, entitled "Software Controlled Multi-Mode Interactive TV Systems," after a full and fair examination. A true and correct copy of the '757 Patent is attached hereto as Exhibit A. EON is the assignee through an exclusive license of all right, title, and interest in and to the '757 Patent and possesses all rights of recovery under the '757 Patent, including the exclusive right to recover for infringement. The '757 Patent is valid and enforceable.

## GENERAL ALLEGATIONS

28. Defendant FLO TV operates MediaFLO systems in the United States to provide multimedia content and data ("MediaFLO multimedia services") that are specially made for and constitute material portions of subscriber units embodying one or more claims of the '757 Patent. Upon information and belief, FLO TV operates jointly with wireless operators to provide

MediaFLO multimedia services, associated applications, and interactive services that enable subscriber units embodying one or more claims of the '757 Patent. Such subscriber units are used by customers to receive the MediaFLO multimedia services and interactive services. For example, upon information and belief, FLO TV operates jointly with subscriber unit manufacturers to make FLO TV enabled subscriber units that embody one or more claims of the '757 Patent. FLO TV thereby participates in joint infringement, contributory infringement, or inducement to infringe with wireless operators or customers to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

29.     Defendant MobiTV provides multimedia content and associated applications that are material portions of subscriber units embodying one or more claims of the '757 Patent. For, example, upon information and belief, MobiTV operates jointly with wireless operators to distribute the multimedia content and associated applications for use by customers on subscriber units embodying one or more claims of the '757 Patent. MobiTV thereby participates in joint infringement, contributory infringement, or inducement to infringe with wireless operators or customers to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

30.     Defendant U.S. Cellular is a wireless operator that makes, sells, offers for sale, or imports subscriber units embodying one or more claims of the '757 Patent. U.S. Cellular sells EasyEdge to its customers who use subscriber units (e.g., models LG Bliss UX700, LG Tritan UX840, Samsung Caliber R850, and Motorola Hint QA30) embodying one or more claims of the '757 Patent. For example, upon information and belief, U.S. Cellular provides multimedia content, associated applications, and interactive features jointly with MobiTV through subscriber units embodying one or more claims of the '757 Patent. U.S. Cellular therefore participates in

joint infringement, contributory infringement or inducement to infringe with customers or providers of multimedia content (and associated applications) to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

31. Defendant LG makes, sells, offers for sale, or imports subscriber units (*e.g.*, models Bliss UX700 and LX-600) embodying one or more claims of the '757 Patent. For example, upon information and belief, LG operates jointly with wireless operators to provide subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive multimedia content, associated applications, and interactive services. LG therefore participates in joint infringement, contributory infringement or inducement to infringe with customers or wireless operators to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

32. Defendant Motorola makes, sells, offers for sale, or imports subscriber units (*e.g.*, models MOTORIZR Z6tv, Krave ZN4, MOTORAZR V3m, MOTORAZR V9m, ic902, and MOTOKRZR K1m) embodying one or more claims of the '757 Patent. For example, upon information and belief, Motorola operates jointly with wireless operators to provide subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive multimedia content, associated applications, and interactive services. Motorola therefore participates in joint infringement, contributory infringement or inducement to infringe with customers or wireless operators to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

33. Defendant Samsung makes, sells, offers for sale, or imports subscriber units (*e.g.*, models ACE i325, Exclaim M550, Highnote M630, SCH-U620, Caliber R850, Delve R800, and SCH-U520) embodying one or more claims of the '757 Patent. For example, upon information

and belief, Samsung operates jointly with wireless operators to provide subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive multimedia content, associated applications, and interactive services. Samsung therefore participates in joint infringement, contributory infringement or inducement to infringe with customers or wireless operators to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

34. Defendant Sprint is a wireless operator that makes, sells, offers for sale, or imports subscriber units embodying one or more claims of the '757 Patent. Sprint sells Sprint TV to its customers who use subscriber units (e.g., models BlackBerry 8130, BlackBerry 8330, BlackBerry 8530, BlackBerry 9630, HTC Hero, HTC Mogul PPC-6800, Samsung ACE i325, Samsung Exclaim M550, Samsung Instinct M800, MOTOKRZR K1m, Motorola Q9c, Palm Centro 690p, Sanyo Incognito (SCP6760), Sanyo Katana DLX (SCP-8500), Sanyo Katana Eclipse (SCP-6750), Sanyo M1, Sanyo MM-5600, Sanyo MM-7400, Sanyo MM-7500, Sanyo MM-8300, Katana 8400, Katana 8500, Katana 9000) embodying one or more claims of the '757 Patent. For example, upon information and belief, Sprint provides multimedia content, associated applications, and interactive features jointly with MobiTV through subscriber units embodying one or more claims of the '757 Patent. Sprint therefore participates in joint infringement, contributory infringement or inducement to infringe with customers or providers of multimedia content (and associated applications) to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

35. Defendant RIM makes, sells, offers for sale, or imports subscriber units (*e.g.*, models BlackBerry Bold 9650 and Pearl 8130) embodying one or more claims of the '757 Patent. For example, upon information and belief, RIM operates jointly with Sprint to provide

subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive multimedia content, associated applications, and interactive services. RIM therefore participates in joint infringement, contributory infringement or inducement to infringe with customers or Sprint to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

36. Defendant HTC makes, sells, offers for sale, or imports subscriber units (*e.g.*, models Imagio, Hero, Touch Diamond MP6950SP, Snap SPS511BK, Touch MP6900SP, Touch Pro PPC6850SP and Touch Pro2(PPCT7380SP) embodying one or more claims of the '757 Patent. For example, upon information and belief, HTC operates jointly with wireless operators to provide subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive multimedia content, associated applications, and interactive services. HTC therefore participates in joint infringement, contributory infringement or inducement to infringe with customers or wireless operators to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

37. Defendant Palm makes, sells, offers for sale, or imports subscriber units (*e.g.*, models Centro 690p, Pixi PALM120HK, Pre PTR100HK, Treo 700p, Treo 700wx, Treo 755p, Treo 800w, Treo PTR850HK and Treo Pro) embodying one or more claims of the '757 Patent. For example, upon information and belief, Palm operates jointly with Sprint to provide subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive multimedia content, associated applications, and interactive services. Palm therefore participates in joint infringement, contributory infringement or inducement to infringe with customers, for example Sprint, to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

38. Defendant Kyocera makes, sells, offers for sale, or imports subscriber units (*e.g.*, models Sanyo Incognito SCP6760, Sanyo Katana DLX SCP-8500, Sanyo Katana Eclipse SCP-6750, Sanyo M1, Sanyo MM-5600, Sanyo MM-7400, Sanyo MM-7500, Sanyo MM-8300, Sanyo Katana 8400, Sanyo Katana 8500, Sanyo Katana 9000) embodying one or more claims of the '757 Patent. For example, upon information and belief, Kyocera operates jointly with Sprint to provide subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive multimedia content, associated applications, and interactive services. Kyocera therefore participates in joint infringement, contributory infringement or inducement to infringe with customers or Sprint to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

39. Defendant Wirefly makes, sells, offers for sale, or imports subscriber units that embody one or more claims of the '757 Patent. Wirefly sells or offers for sale subscriber units (*e.g.*, BlackBerry Curve 8530, LG Chocolate TOUCH, LG enV3 VX9200, Motorola Barrage, Samsung Convoy u640, Samsung Reality City, Samsung Reality Piano, LG enV Touch VX11000) for use, for example, on Verizon's wireless network that provide customers multimedia content and interactivity as claimed in one or more claims of the '757 Patent. Wirefly sells or offers for sale subscriber units, (*e.g.*, Samsung Instinct S30, Samsung Intercept, LG Lotus Elite LX610, Palm Pixi, LG Rumor Touch, Palm Pre, BlackBerry Bold 9650, Samsung Epic 4G and Samsung Intrepid) for use, for example, on Sprint's network that provide customers multimedia content and interactivity as claimed in one or more claims of the '757 Patent. The subscriber units are enabled with MobiTV service. Wirefly thereby participates in joint infringement, contributory infringement, or inducement to infringe with wireless operators,

providers of multimedia content, handset manufacturers or customers to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

40. Defendant LetsTalk.com makes, sells, offers for sale, or imports subscriber units embodying one or more claims of the '757 Patent. LetsTalk.com sells or offers for sale subscriber units (*e.g.*, HTC EVO 4G, Samsung Moment, LG Rumor Touch, Samsung Instinct S30, Samsung Restore, HTC Snap, LG LX370, LG Lotus Elite, Samsung Reclaim, BlackBerry Curve 8350i, BlackBerry Bold 9650, Samsung Intercept, Palm Pixi and HTC Hero) for use, for example, on Sprint's network that provide customers multimedia content and interactivity as claimed in one or more claims of the '757 Patent. The subscriber units are enabled with MobiTV service. LetsTalk.com thereby participates in joint infringement, contributory infringement, or inducement to infringe with wireless operators, providers of multimedia content, handset manufacturers or customers to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

41. Defendant Qualcomm manufactures and sells electronic chips that are integrated in and constitute material portions of subscriber units embodying one or more claims of the '757 Patent. The electronic chips enable customers to use the subscriber units to interactively receive multimedia content and data from the MediaFLO network as claimed in the '757 Patent. Qualcomm thereby participates in joint infringement, contributory infringement, or inducement to infringe with wireless operators, providers of multimedia content, handset manufacturers or customers to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

42. Defendants GoTV and SPB provide content and content management software and systems that are that are specially made for and constitute material portions of subscriber

units that embody one or more claims of the '757 Patent. These subscriber units are used by customers to receive interactive television and television-quality media from GoTV and SPD as claimed in the '757 Patent. Operation of the subscriber units including interactivity features is provided in part by wireless operators. GoTV and SPB thereby participate in joint infringement, contributory infringement, or inducement to infringe with wireless operators or customers to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

43. Defendant Verizon is a wireless operator that makes, sells, offers for sale, or imports subscriber units embodying one or more claims of the '757 Patent. For example, Verizon sells V CAST Mobile TV to its customers who use subscriber units (*e.g.*, models Samsung Mobi, Samsung SCH-U620, Motorola Krave ZN4, LG VX9400, LG Voyager VX10000, and HTC Imagio) embodying one or more claims of the '757 Patent. For example, upon information and belief, Verizon provides multimedia content, associated applications, and interactive features jointly with FLO TV through subscriber units embodying one or more claims of the '757 Patent. Verizon thereby participates in joint infringement, contributory infringement or inducement to infringe with customers, handset manufacturers, Qualcomm, or providers of multimedia content (and associated applications) to make, use, sell, offer for sale, or import subscriber units that embody one or more claims of the '757 Patent.

## INFRINGEMENT OF THE EON PATENT IN SUIT

44. EON repeats and realleges the allegations set forth in Paragraphs 28-43 as if those allegations have been fully set forth herein.

45. Defendants, without authorization or license and in violation of 35 U.S.C. § 271, have been and are infringing the '757 Patent directly, by inducement, or contributorily by, among other things, manufacturing, selling, offering for sale, using, importing and distributing

mobile devices or cellular handsets that deliver interactive television or television-quality entertainment and information services to subscribers, including without limitation MediaFLO or MobiTV services and products including but not limited to those named in paragraphs 28-43.

46. EON has no adequate remedy at law against Defendants' acts of infringement and Defendants' infringement will continue unless enjoined by this Court.

47. EON has suffered, and will continue to suffer, irreparable injury as a result of Defendants' infringement.

48. EON is in compliance with the requirements of 35 U.S.C. §287.

49. EON has been damaged by Defendants' infringement, and will continue to be damaged until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, EON prays for the following relief:

A. That each Defendant be adjudged to have infringed the '757 Patent, directly and indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

B. That each Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the '757 Patent;

C. An award of damages pursuant to 34 U.S.C. §284 sufficient to compensate EON for the Defendants' past infringement and any continuing or future infringement up until the date Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

D. An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

E. That Defendants be directed to pay enhanced damages, including EON's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

F. That EON have such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

EON demands a trial by jury of any and all issues triable of right before a jury.

Dated: October 28, 2010

FOX ROTHSCHILD LLP

*/s/ Gregory B. Williams*
Gregory B. Williams (DE Bar No. 4195)
Email: gwilliams@foxrothschild.com
Citizens Bank Center
919 N. Market Street, Suite 1300
Wilmington, DE 19899-2323
Tel: (302) 622-4200
Fax: (302) 656-8920

**ATTORNEY FOR PLAINTIFF**
**EON CORP. IP HOLDINGS, LLC**

*Of Counsel:*

Jeffery R. Johnson
Cabrach J. Connor
Daniel R. Scardino
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX 78701
Tel: (512) 474-2449
Fax: (512) 474-2622
jjohnson@reedscardino.com
cconnor@reedscardino.com
dscardino@reedscardino.com