IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-812-SLR |
| | ) | |
| FLO TV INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Gregory Brian Williams, Esquire of Fox Rothschild LLP, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: Cabrach J. Connor, Esquire, Daniel R. Scardino, Esquire and Jeffery R. Johnson, Esquire of Reed & Scardino LLP.

Lauren E. Maguire, Esquire and Andrew Colin Mayo, Esquire of Ashby & Geddes, P.A., Wilmington, Delaware. Counsel for Defendant Cellco Partnership. Of Counsel: Kevin P. Anderson, Esquire and Karin A. Hessler, Esquire of Wiley Rein LLP.

David Ellis Moore, Esquire of Potter Anderson & Corroon, LLP, Wilmington, Delaware. Counsel for Defendant FLO TV Inc.

Karen Jacobs Louden, Esquire of Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware. Counsel for Defendants HTC America Inc. and Sprint Nextel Corp. Of Counsel for Defendant HTC America Inc.: Heidi L. Keefe, Esquire, Mark R. Weinstein, Esquire and Kyle D. Chen, Esquire of Cooley LLP.

Steven J. Balick, Esquire, Lauren E. Maguire, Esquire and Andrew Colin Mayo, Esquire of Ashby & Geddes, P.A., Wilmington, Delaware. Counsel for Defendants Kyocera Communications Inc. and LetsTalk.com Inc. Of Counsel for Defendant Kyocera Communications Inc.: Robert J. Benson, Esquire, Richard de Bodo, Esquire and Patrick Park, Esquire of DLA Piper. Of Counsel for Defendant LetsTalk.com Inc.: Daniel J. Bergeson, Esquire, Mindy M. Morton, Esquire and Jaideep Venkatesan, Esquire of Bergeson, LLP.

Thomas Lee Halkowski, Esquire of Fish & Richardson, P.C., Wilmington, Delaware. Counsel for Defendant LG Electronics MobileComm USA Inc.

Edmond D. Johnson, Esquire of Pepper Hamilton LLP, Wilmington, Delaware. Counsel for Defendant GoTV Networks Inc. Of Counsel: Christopher C. Campbell, Esquire and Nelson Kuan, Esquire of Cooley LLP.

Brian E. Farnan, Esquire of Farnan LLP, Wilmington, Delaware.  Counsel for Defendant MobiTV Inc.  Of Counsel:  Bob Steinberg, Esquire and Ryan E. Hatch, Esquire of Latham & Watkins LLP.

Jack B. Blumenfeld, Esquire of Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware.  Counsel for Defendant Motorola Mobility Inc.  Of Counsel:  Steven D. Moore, Esquire and Bret T. Winterle, Esquire of Kilpatrick Townsend & Stockton LLP.

Francis DiGiovanni, Esquire and Chad S.C. Stover, Esquire of Connolly, Bove, Lodge & Hutz LLP, Wilmington, Delaware.  Counsel for Defendant Palm Inc.  Of Counsel:  David L. Alberti, Esquire, Marc C. Belloli, Esquire and Margaret E. Day, Esquire of Feinberg Day Alberti & Thompson LLP, Palo Alto, California.

Richard K. Herrmann, Esquire of Morris James LLP, Wilmington, Delaware.  Counsel for Defendant Research in Motion Corp.

Adam Wyatt Poff, Esquire and Monte Terrell Squire, Esquire of Young, Conaway, Stargatt & Taylor, LLP, Wilmington, Delaware.  Counsel for Defendant Samsung Telecommunications America LLC.  Of Counsel:  Steven S. Cherensky, Esquire, Amber H. Rovner, Esquire and Aaron Y. Huang, Esquire of Weil, Gotshal & Manges LLP.

John G. Day, Esquire of Ashby & Geddes, P.A., Wilmington, Delaware.  Counsel for Defendant Simplexity, LLP. d/b/a Wirefly.

Brian Michael Gottesman, Esquire of Berger Harris, LLC, Wilmington, Delaware.  Counsel for Defendant SPB Software Inc.  Of Counsel:  Catherine I. Rajwani, Esquire of Harbor Law Group, Northborough, Massachusetts.

Richard L. Horwitz, Esquire, and David Ellis Moore, Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware.  Counsel for Defendant Qualcomm Inc.  Of Counsel:  Harrison J. Frahn, IV, Esquire, Henry B. Gutman, Esquire, Jeffrey E. Ostrow, Esquire, Victor Cole, Esquire, Natasa Pajic, Esquire, Courtney A. Welshimer, Esquire and Sara G. Wilcox, Esquire of Simpson Thacher & Bartlett LLP.

Steven J. Fineman, Esquire of Richards, Layton & Finger, PA, Wilmington, Delaware.  Counsel for Defendant U.S. Cellular Corp.

---

## MEMORANDUM OPINION

Dated:  July ℣, 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Eon Corp. IP Holdings LLC ("plaintiff") filed the present patent litigation against 17 parties on September 23, 2010.[1] (D.I. 1) Plaintiff filed its first amended complaint (D.I. 33) on October 28, 2010, which defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (D.I. 50; D.I. 51 at ¶ 1) Plaintiff then filed a motion for leave to amend (D.I. 73) and, upon the stipulation of the parties (D.I. 76), plaintiff filed its second amended complaint (D.I. 81) on January 4, 2011, seeking damages and injunctive relief for defendants' alleged direct, indirect, and joint infringement of United States Patent No. 5,663,757, entitled "Software Controlled Multi-Mode Interactive TV Systems" ("the '757 patent"). (D.I. 81 at ¶¶ 27, 45-47) The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Presently before the court are motions to dismiss for failure to state a claim filed by defendants FLO TV Inc. ("FLO TV"), MobiTV, Inc. ("MobiTV"), U.S. Cellular Corp. ("U.S. Cellular"), LG Electronics MobileComm USA, Inc. ("LG"), Motorola, Inc. ("Motorola"),[2] Samsung Telecommunications America LLC ("Samsung"), Sprint Nextel Corp. ("Sprint"), Research in Motion Corp. ("RIM"), HTC America Inc. ("HTC"), Palm, Inc. ("Palm"), Kyocera Communications Inc. ("Kyocera"), LetsTalk.com, Inc. ("LetsTalk.com"), Qualcomm, Inc. ("Qualcomm"), GoTV Networks, Inc. ("GoTV"), and Cellco Partnership d/b/a Verizon Wireless ("Verizon"), as well as SPB Software, Inc.

---

[1] The original complaint included Verizon Communications Inc. and Motorola Inc. as defendants. (D.I. 1) Subsequently, Cellco Partnership d/b/a Verizon Wireless was added to the suit (D.I. 33), Verizon Communications Inc. was dismissed (D.I. 38), and Motorola Mobility, Inc. was substituted for Motorola Inc. (D.I. 103)

[2] As discussed *supra*, Motorola Inc. has since been replaced in this suit by Motorola Mobility, Inc. ("Motorola Mobility"). (D.I. 103)

("SPB") and Simplexity, LLC. d/b/a Wirefly ("Wirefly") (collectively, "defendants").[3] (D.I. 84; D.I. 89; D.I. 95) For the reasons that follow, the court grants in part and denies in part defendants' motions to dismiss. Specifically, defendants' motions regarding the joint infringement and indirect infringement claims are granted, but defendants' motions regarding the direct infringement claims are denied.

## II. BACKGROUND

The '757 patent was issued to plaintiff, as assignee of the inventors, on September 2, 1997. (D.I. 1 at ¶ 27) The '757 patent discloses "a data processing station subscriber unit that delivers interactive or television-quality entertainment and informational content to subscribers." (D.I. 90 at 2) Each of the independent claims of the '757 patent include a limitation requiring "a plurality of sources of video text and television program channels available from [a wireless television program communication network]." ('757 patent, col. 6:45)

Defendants argue that plaintiff's second amended complaint fails to satisfy the pleading requirements for direct infringement, indirect infringement, and joint infringement. (D.I. 85) Specifically, defendants argue that plaintiff's allegations fail to allege facts sufficient to establish that: (1) any individual defendant alone directed the production of all of the components of the purportedly infringing system; (2) defendants possessed the requisite knowledge and intent to indirectly infringe the '757 patent at the

---

[3] The motions to dismiss were filed by FLO TV, MobiTV, U.S. Cellular, LG, Motorola, Samsung, Sprint, RIM, HTC, Palm, Kyocera, LetsTalk.com, Qualcomm, GoTV and Verizon (collectively "first moving defendants") on January 20, 2011 (D.I 84), and by SPB on February 7, 2011 (D.I. 89). Wirefly filed a motion for joinder in first moving defendants' motion to dismiss (D.I. 84) on February 22, 2011. (D.I. 95)

time of the alleged infringement; and (3) any individual defendant directed or controlled the actions of other infringing parties. (D.I. 85 at 3, 9, and 12)

## III. STANDARD OF REVIEW

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

3

## IV. DISCUSSION

### A. Direct Infringement

Plaintiff avers that each defendant "has been and is infringing at least one claim of the '757 patent literally, or under the doctrine of equivalents," by "mak[ing], us[ing], sell[ing], offer[ing] for sale, or import[ing]" certain products and applications that infringe the '757 patent. (D.I. at 81 ¶¶ 28-43) Defendants argue that plaintiff's complaint fails to allege that any defendant individually makes, uses, or sells the entire claimed invention and, thus, plaintiff's accusations are insufficient to state a claim of direct infringement. (D.I. 91 at 4)

#### 1. Standard

A cause of action for direct infringement arises under 35 U.S.C. § 271(a), which provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent therefor, infringes the patent." To state a claim of direct infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (citing *Twombly*, 550 U.S. at 565 n.10). The Federal Circuit in *McZeal* held that, for a direct infringement claim, Federal Rules of Civil Procedure Form 18[4] (2009) meets the *Twombly* pleading standard. *See McZeal*, 501 F.3d at 1356-57. That is, only the following is required: "(1) an allegation of jurisdiction; (2) a statement that plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by 'making, selling, and using [the device] embodying the

---

[4] Formerly, Form 16.

4

patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *McZeal*, 501 F.3d at 1357; *see also Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 353 (D. Del. 2009) (interpreting Form 18 to require the same elements); *S.O.I.TEC Silicon on Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*, Civ. No. 08-292-SLR, 2009 WL 423989, at *2 (D. Del. Feb. 20, 2009).

### 2. Discussion

Here, plaintiff has made an allegation of jurisdiction (D.I. 81 at ¶¶ 19-26), stated that it owns the patent (*id.* at ¶ 27), identified the alleged infringement and provided identifying information for specific products accused of infringing the '757 patent (*id.* at ¶¶ 28-43), given defendants notice of their infringement (*id.* at ¶¶ 28-47), and made a demand for injunction and damages (*id.* at 32-33).

Defendants assert that plaintiff's complaint is insufficient because no individual defendant is alleged to infringe each and every element of a claim in the '757 patent. As this court has previously held, however, with respect to a motion to dismiss, a plaintiff is not required to specifically plead "each element of the asserted patent's claims or even identify which claims it is asserting." *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010). Plaintiff's second amended complaint sufficiently meets the five elements required by Form 18. Indeed, the complaint exceeds Form 18's example for the third element, which identifies just a general category of products and provides no further details. Fed. R. Civ. P. Form 18; *see Xpoint Techs.*, 730 F. Supp. 2d at 353. In so doing, plaintiff has fulfilled its minimal requirements for pleading direct infringement without the benefits of discovery. *See*

5

*McZeal*, 501 F.3d at 1357.

## B. Indirect Infringement

In the alternative, plaintiff asserts that each defendant "knowingly and specifically intend[ed] to contribute to or induce infringement." (D.I. 81 at ¶¶ 28-43) Plaintiff alleges that, among other parties, users of defendants' subscription units commit the requisite acts of direct infringement required for indirect infringement liability. (D.I. 81 at ¶ 47) Moreover, plaintiff contends that defendants knew or should have known of the '757 patent before the infringing acts occurred because some defendants entered into licensing agreements with a third party and obtained rights to two patents that cite the '757 patent as prior art, U.S. Patent Nos. 5,988,078 ("the '078 patent") and 6,756,997 ("the '997 patent").[5] (D.I. 81 at ¶¶ 28-29, 43) Plaintiff further alleges that each defendant knew or should have known of the '757 patent as "active and sophisticated participants in the interactive television market." (D.I. 81 at ¶¶ 28-43) Defendants argue that plaintiff's claims as to knowledge of the '757 patent are too speculative and attenuated to establish that defendants possessed the knowledge required for a claim of indirect infringement. (D.I. 85 at 13-15; D.I. 91 at 8-10)

---

[5] Specifically, the second amended complaint pleads that FLO TV, MobiTV, and Verizon each entered into licensing agreements with Gemstar-TV Guide International, Inc., later acquired by Rovi Corporation ("Rovi"). (D.I. 81 at ¶ 28-29, 43) Subsequent to filing the second amended complaint, plaintiff discovered that Samsung had entered into an identical license agreement with Rovi. (D.I. 90 at 16) The Rovi license agreements included granting FLO TV, MobiTV, Verizon and Samsung rights to the '078 and '997 patents. Plaintiff alleges that all other defendants knew or should have known of the '757 patent through agreements with FLO TV and MobiTV, whose accused products, according to plaintiff, likely would have required licenses to the '078 patent.

6

### 1. Standard

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." "To demonstrate inducement of infringement, the patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 647 F. Supp. 2d 323, 335 (D. Del. Aug. 20, 2009) (citing *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008)); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011) (holding that induced infringement requires knowledge that the inducing actions constitute patent infringement); *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). As such, a complaint stating a claim for inducement must allege the requisite knowledge and intent. *Mallinckrodt*, 670 F. Supp. 2d at 354.

In order to be liable for contributory infringement, an infringer must sell, offer to sell or import into the United States a component of an infringing product "knowing [the component] to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use." 37 U.S.C. § 271(c); *see Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009). Therefore, an allegation of contributory infringement must also plead requisite knowledge of the patent-in-suit at the time of infringement. *Mallinckrodt*, 670 F. Supp. 2d at 355.

### 2. Discussion

Plaintiff fails to allege sufficient facts that would allow the court to infer that

7

defendants had any knowledge of the '757 patent at the time they were committing the allegedly infringing activities. Although the court in *Xpoint Techs.* held that a licensing agreement between a plaintiff and a defendant regarding the patent-in-suit was a sufficient basis for an allegation that defendant possessed knowledge of the patent-in-suit to withstand a motion to dismiss, the circumstances here are distinguishable. *Xpoint Techs.*, 730 F. Supp. 2d at 357. In this case, the '757 patent is a step further removed from the subjects of the licensing agreements between certain defendants and a third party. It is just one of fourteen patents cited by the '078 patent and one of ninety-eight cited by the '997 patent. (D.I. 91 at 9) Thus, the link between the '757 patent and defendants involved in the licensing agreements with a third party is too tenuous to sustain an allegation of knowledge. Even more attenuated, plaintiff asserts that defendants knew or should have known of the '757 patent by virtue of their participation in the interactive television market. (D.I. 81 at ¶¶ 28-43) The court declines to embrace this reasoning, particularly given the rapidly changing nature of technologically-based markets such as interactive television.[6] Consequently, plaintiff has failed to assert that defendants had sufficient knowledge of the '757 patent at the time of the alleged infringing actions. Without the requisite knowledge element, plaintiff fails to adequately state a claim of indirect infringement.

---

[6] Plaintiff contends that requisite knowledge standard for contributory infringement is constructive knowledge, and that plaintiff need merely plead that defendants should have known of the '757 patent, not that defendants had actual knowledge. (D.I. 90 at 18-19) Even under a constructive knowledge standard, however, plaintiff's allegations that defendants should have known of the '757 patent lack sufficient factual support to assert such a claim.

8

## C. Joint Infringement

Plaintiff also asserts that it is plausible to infer from various activities of defendants that some defendant exerts control or direction over other parties' allegedly infringing activities and, thus, incurs joint infringement liability. (D.I. 90 at 6, 12-13)

### 1. Standard

In circumstances where one party performs some of the steps of a patent claim, and another entity performs other of the claimed steps, a theory of joint infringement may establish liability. *Muniaction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008); *Leader Techs., Inc. v. Facebook, Inc.*, Civ. No. 08-862, 2011 WL 881862, at *3 (D. Del. Mar. 14, 2011). Joint infringement will only lie, however, "if one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, *i.e.*, the 'mastermind.'" *Muniaction*, 532 F.3d at 1329 (citing *BMC Res. Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Circ. 2007)). This "control or direction" standard is "satisfied in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method." *Id. at 1330* (citation omitted). If such evidence is lacking, the court will not "unilaterally restructure the claim or the standards for joint infringement to remedy [ ] ill-conceived claims" requiring multiple parties to perform different acts within one claim. *BMC Res.*, 498 F.3d at 1381 (citation omitted).

### 2. Discussion

Plaintiff argues that, to satisfy the elements of joint infringement for a motion to dismiss, parties are not required to plead anything more than the standard for direct

9

infringement. (D.I. 90 at 12-13) The court disagrees. For direct infringement liability, plaintiff must prove that defendant "perform[ed] or use[d] each and every step or element or a claimed method or product." *BMC Res.*, 498 F.3d at 1378. In contrast, as discussed *supra*, joint infringement liability not only requires proof that various parties perform all of the claimed steps, but also that one party exercise "control or direction" over the infringing activities of all other parties. In accordance with this distinction, the court finds it appropriate to differentiate the elements required to properly allege joint infringement and direct infringement at the pleading stage as well.

The Federal Circuit has held that, in granting Rule 12(b)(6) motions, district courts may take into consideration the failure of plaintiff's complaint to properly allege that defendant exercised the "control or direction" necessary to satisfy the joint infringement standard. *Desenberg v. Google, Inc.*, 392 F. App'x 868, 871 (Fed. Cir. 2010) (affirming the district court's decision to grant a motion to dismiss because plaintiff failed to allege that defendant acted as a "mastermind" controlling or directing the actions of third party users); *Global Patent Holdings, LLC v. Panthers BRHC LLC.*, 586 F. Supp. 2d 1331, 1335 (S.D. Fla. 2008) (affirming the district court's granting of a motion to dismiss because plaintiff failed to allege that defendant exerted sufficient "control or direction" over third party users).[7]

_____

[7] Plaintiff argues that *Desenberg* and *Global Patent Holdings* are distinguishable because in both *Desenberg* and *Global Patent Holdings*, the patent-in-suit involved a claim that indisputably required the involvement of third parties that plaintiff failed to allege were under the "control or direction" of defendant. (D.I. 90 at 11-12) In contrast, here, the parties disagree as to whether the '757 patent's claims require multiple actors, with plaintiff arguing that multiple actors are not required. (*Id.* at 10, 13) This disagreement, according to plaintiff, precludes the court from dismissing the case before discovery because to do so would require that the court construe the asserted

10

The court notes that, as discussed *supra*, it is this court's practice to require plaintiff's complaint to plead knowledge and intent for indirect infringement claims on motions to dismiss. *E.g., Xpoint Techs.*, 730 F. Supp. 2d at 356 (holding that complaints claiming inducement of infringement must allege "the requisite knowledge and intent" on a motion to dismiss). *Cf. Charles E. Hill & Assocs., Inc. v. ABT Elecs., Inc.*, Civ. No. 2:09-CV-313, 2010 WL 3749514, at *2 (E.D. Tex. 2010) (denying motion to dismiss because plaintiff is not required to plead "each individual element" of an indirect infringement claim). Consistent with this court's heightened pleading requirement for indirect infringement claims, the court will similarly require plaintiff's complaint to satisfy the Federal Circuit's "control or direction" standard for joint infringement claims on motions to dismiss.

In the case at bar, even though plaintiff satisfied the pleading requirements for direct infringement, plaintiff's complaint does not provide specific facts explaining any

claims. (*Id.* at 13) While the court agrees that it is not appropriate to resolve questions of claim construction on a motion to dismiss, *Deston Therapeutics LLC v. Trigen Labs. Inc.*, 723 F. Supp. 3d 665, 670-71 (D. Del. 2010), the court disagrees that claim construction is relevant here. As discussed *supra*, joint infringement liability, by its nature, requires multiple actors – at least one party that performs some of the claimed steps and one party that exercises "control or direction" – regardless of whether or not the patent claim specifically requires multiple actors. Even if the claims at issue are read in the light most favorable to plaintiff and are construed to not require multiple actors, plaintiff's complaint is still insufficient to meet the joint infringement pleading requirement, as discussed *infra*, because plaintiff fails to allege that any one defendant sufficiently controls or directs other parties in performing the infringing acts. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 695 F. Supp. 2d 680, 688-89 (S.D. Ohio 2010) (granting motion to dismiss because plaintiff's complaint insufficiently alleged indirect infringement, and holding that even though the court agreed that it would be inappropriate to address whether a patent requires multiple users on a motion to dismiss, such claim construction was irrelevant for considering plaintiff's allegations). The differences between *Desenberg* and *Global Patent Holdings* and this case are, therefore, not relevant.

11

alleged relationships among defendants. Plaintiff fails to identify any defendant as exercising "control or direction" over the allegedly infringing acts of other parties. Consequently, plaintiff's complaint does not sufficiently state a claim of joint infringement. *See Friday Group v. Ticketmaster*, Civ. No. 08-1203, 2008 WL 5233078, at *3 (E.D. Mo. Dec. 12, 2008) (granting motion to dismiss regarding a method claim because plaintiff failed to identify any single defendant as the "mastermind" or at least vicariously liable for the actions of other defendants).[8]

## V. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part defendants' motions to dismiss for failure to state a claim. An appropriate order shall issue.

---

[8] The court notes that it is questionable whether a theory of joint infringement is even applicable to this case. The '757 patent describes components for a "data processing station subscriber unit" (D.I. 90 at 2) with interactive television capabilities, rather than describing steps, suggesting that the claims at issue are system claims, not method claims. ('757 patent, col. 6:35) This court, however, has previously held that joint infringement liability only applies to method claims, and not to system claims. *Leader Techs, Inc.*, 2011 WL 881862, at *4 (denying in part judgment as matter of law where the jury was instructed to consider joint infringement liability with respect to plaintiff's method claims, but not plaintiff's system claims). Accordingly, it is likely that plaintiff's patent claims here are not eligible for a theory of joint infringement.

12