**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 10-812-SLR |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| FLO TV INCORPORATED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FLO TV, INCORPORATED'S ANSWER AND COUNTERLAIMS TO
PLAINTIFF EON CORP. IP HOLDINGS, LLC'S
SECOND AMENDED COMPLAINT**

Defendant FLO TV Incorporated ("FLO TV"), by and through its undersigned counsel, responds to the Second Amended Complaint ("Complaint" [D.I. 81]) of Plaintiff EON Corp. IP Holdings, LLC ("Plaintiff" or "IP Holdings"), related to United States Patent No. 5,663,757 (the "'757 Patent"), and further counterclaims as follows:

**THE PARTIES**

1.     FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and, on that basis, denies them.

2.     Admitted.

3.     Paragraph 3 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3, and, on that basis, denies them.

4.     Paragraph 4 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, and, on that basis, denies them.

5.      Paragraph 5 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, and, on that basis, denies them.

6.      Paragraph 6 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and, on that basis, denies them.

7.      Paragraph 7 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and, on that basis, denies them.

8.      Paragraph 8 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and, on that basis, denies them.

9.      Paragraph 9 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and, on that basis, denies them.

10.     Paragraph 10 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and, on that basis, denies them.

11.     Paragraph 11 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and, on that basis, denies them.

12.     Paragraph 12 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and, on that basis, denies them.

13.     Paragraph 13 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, and, on that basis, denies them.

14.     Paragraph 14 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and, on that basis, denies them.

15.     Paragraph 15 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV admits that Qualcomm is a corporation organized under the laws of the State of Delaware.

16.     Paragraph 16 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and, on that basis, denies them.

17.     Paragraph 17 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and, on that basis, denies them.

18.     Paragraph 18 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and, on that basis, denies them.

## JURISDICTION AND VENUE

19.     FLO TV admits that IP Holdings purports to bring this action under Title 35 of the United States Code.  FLO TV admits that IP Holdings purports to ground subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  FLO TV admits that IP Holdings purports to base venue in this District upon 28 U.S.C. §§ 1391 and 1400(b).  The remaining allegations set forth in Paragraph 19 state a legal conclusion to which no response is required; to the extent any response is required, FLO TV denies those allegations to the extent they relate to FLO TV.

20.     FLO TV admits that it is subject to personal jurisdiction in the State of Delaware. The remaining allegations set forth in Paragraph 20 state a legal conclusion to which no response is required; to the extent any response is required, FLO TV denies those allegations to the extent they relate to FLO TV.

21.     FLO TV admits that it is subject to personal jurisdiction in this Court.  FLO TV admits that it has conducted business within the State of Delaware.  FLO TV denies that it commits or has committed any act of infringement of the '757 Patent in the State of Delaware or elsewhere.  The remaining allegations set forth in Paragraph 21 state a legal conclusion to which no response is required and/or are directed to entities other than FLO TV, and therefore do not require a response by FLO TV; to the extent any response is required, FLO TV denies those allegations to the extent they relate to FLO TV.

22.     Paragraph 22 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and, on that basis, denies them.

23.     Paragraph 23 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and, on that basis, denies them.

24.     Paragraph 24 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and, on that basis, denies them.

25.     Paragraph 25 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and, on that basis, denies them.

26.     Paragraph 26 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, and, on that basis, denies them.

## THE PATENT-IN-SUIT

27.     FLO TV admits that a document purported to be a copy of U.S. Pat. No. 5,663,757 (the "'757 Patent") with an issue date of September 2, 1997 was attached as Exhibit A to Plaintiff EON Corp. IP Holdings, LLC's Original Complaint, filed on September 23, 2010 [D.I. 1].  FLO TV denies that the '757 Patent was duly and legally issued.  FLO TV denies that IP Holdings is an assignee of all rights, title, and interest in and to the '757 Patent.  FLO TV denies that the '757 Patent is valid.  The remaining allegations set forth in Paragraph 27 state a legal conclusion to which no response is required; to the extent any response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 and, on that basis, denies them.

## GENERAL ALLEGATIONS

28.     FLO TV admits that it entered into a patent license agreement with Gemstar-TV Guide International, Inc. on September 17, 2007.  To the extent any allegations set forth in Paragraph 28 of the Complaint relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to such allegations; to the extent any response is required, FLO TV denies them to the extent they relate to FLO TV.  FLO TV denies the remaining allegations set forth in Paragraph 28.

29.     Paragraph 29 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29, and, on that basis, denies them.

30.     Paragraph 30 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30, and, on that basis, denies them.

31.     To the extent Plaintiff's allegations that "FLO TV possessed knowledge of the '757 Patent from the date of the formation of the FLO TV License" relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106).  No response is therefore required to Plaintiff's allegations that "FLO TV possessed knowledge of the '757 Patent from the date of the formation of the FLO TV License"; to the extent any response is required, FLO TV denies them.  The remaining allegations of Paragraph 31 are directed to entities other than FLO TV, and therefore do not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 31, and, on that basis, denies them.

32.     To the extent Plaintiff's allegations that "FLO TV possessed knowledge of the '757 Patent from the date of the formation of the FLO TV License" relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106).  No

response is therefore required to Plaintiff's allegations that "FLO TV possessed knowledge of the '757 Patent from the date of the formation of the FLO TV License"; to the extent any response is required, FLO TV denies them.  The remaining allegations of Paragraph 32 are directed to entities other than FLO TV, and therefore do not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 32, and, on that basis, denies them.

33.     To the extent Plaintiff's allegations that "FLO TV possessed knowledge of the '757 Patent from the date of the formation of the FLO TV License" relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106).  No response is therefore required to Plaintiff's allegations that "FLO TV possessed knowledge of the '757 Patent from the date of the formation of the FLO TV License"; to the extent any response is required, FLO TV denies them.  The remaining allegations of Paragraph 33 are directed to entities other than FLO TV, and therefore do not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33, and, on that basis, denies them.

34.     Paragraph 34 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34, and, on that basis, denies them.

35.     Paragraph 35 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV

lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35, and, on that basis, denies them.

36.     To the extent Plaintiff's allegations that "FLO TV possessed knowledge of the '757 Patent from the date of the formation of the FLO TV License" relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106).  No response is therefore required to Plaintiff's allegations that "FLO TV possessed knowledge of the '757 Patent from the date of the formation of the FLO TV License"; to the extent any response is required, FLO TV denies them.  The remaining allegations of Paragraph 36 are directed to entities other than FLO TV, and therefore do not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and, on that basis, denies them.

37.     Paragraph 37 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37, and, on that basis, denies them.

38.     Paragraph 38 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38, and, on that basis, denies them.

39.     To the extent Plaintiff's allegations that "FLO TV possessed knowledge of the '757 Patent from the date of the formation of the FLO TV License" relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to

dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to Plaintiff's allegations that "FLO TV possessed knowledge of the '757 Patent from the date of the formation of the FLO TV License"; to the extent any response is required, FLO TV denies them. The remaining allegations of Paragraph 39 are directed to entities other than FLO TV, and therefore do not require a response by FLO TV. To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39, and, on that basis, denies them.

40.     To the extent Plaintiff's allegations that "FLO TV possessed knowledge of the '757 Patent from the date of the formation of the FLO TV License" relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to Plaintiff's allegations that "FLO TV possessed knowledge of the '757 Patent from the date of the formation of the FLO TV License"; to the extent any response is required, FLO TV denies them. The remaining allegations of Paragraph 40 are directed to entities other than FLO TV, and therefore do not require a response by FLO TV. To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40, and, on that basis, denies them.

41.     To the extent Plaintiff's allegations that "FLO TV possessed knowledge of the '757 Patent from the date of the formation of the FLO TV License" relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to Plaintiff's allegations that "FLO TV possessed knowledge of the '757 Patent from the date of the formation of the FLO TV License"; to the extent any

response is required, FLO TV denies them.  The remaining allegations of Paragraph 41 are directed to entities other than FLO TV, and therefore do not require a response by FLO TV.  To the extent a response is required, FLO TV denies the remaining allegations set forth in Paragraph 41.

42.     Paragraph 42 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42, and, on that basis, denies them.

43.     Paragraph 43 of the Complaint contains no allegations as to FLO TV and therefore does not require a response by FLO TV.  To the extent a response is required, FLO TV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 43, and, on that basis, denies them.

## **RESPONSE TO PATENT INFRINGEMENT ALLEGATIONS**

44.     FLO TV repeats and realleges its responses to Plaintiff's allegations set forth in Paragraphs 28 through 43 as if fully set forth herein.

45.     To the extent any allegations set forth in Paragraph 45 of the Complaint relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims.  (D.I. 105, 106). No response is therefore required to such allegations; to the extent any response is required, FLO TV denies them to the extent they relate to FLO TV.  FLO TV denies the remaining allegations set forth in Paragraph 45 to the extent they relate to FLO TV.

46.     To the extent any allegations set forth in Paragraph 46 of the Complaint relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants'

motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to such allegations; to the extent any response is required, FLO TV denies them to the extent they relate to FLO TV.  FLO TV denies the remaining allegations set forth in Paragraph 46 to the extent they relate to FLO TV.

47.     To the extent any allegations set forth in Paragraph 47 of the Complaint relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to such allegations; to the extent any response is required, FLO TV denies them to the extent they relate to FLO TV.  FLO TV denies the remaining allegations set forth in Paragraph 47 to the extent they relate to FLO TV.

48.     The allegations set forth in Paragraph 48 state a legal conclusion to which no response is required.  To the extent any response is required, FLO TV denies the allegations in Paragraph 48 to the extent they relate to FLO TV.

49.     The allegations set forth in Paragraph 49 state a legal conclusion to which no response is required.  To the extent any response is required, FLO TV denies the allegations in Paragraph 49 to the extent they relate to FLO TV.

50.     The allegations set forth in Paragraph 50 state a legal conclusion to which no response is required; to the extent any response is required, FLO TV denies the allegations in Paragraph 50 to the extent they relate to FLO TV.

51.     FLO TV denies the allegations in Paragraph 51 to the extent they relate to FLO TV.

52.     FLO TV denies all allegations not specifically admitted herein.

## RESPONSE TO IP HOLDINGS' PRAYER FOR RELIEF

Paragraphs A through F of the Complaint set forth the statement of relief requested by IP Holdings, to which no response is required. To the extent any response is required, FLO TV denies that IP Holdings is entitled to the requested relief or any other relief, and denies any allegations contained therein as they relate to FLO TV. To the extent Paragraphs A through F of the Complaint contain factual allegations, FLO TV denies them to the extent they relate to FLO TV.

## JURY DEMAND

FLO TV denies that IP Holdings is entitled to a trial by jury except as permitted by law.

## DEFENSES

FLO TV hereby asserts the following further and separate defenses to the Complaint with knowledge as to its own actions and on information and belief with respect to the actions of others, and without undertaking or otherwise shifting any applicable burdens of proof:

### FIRST DEFENSE
### (Lack of Standing)

53.     Upon information and belief, IP Holdings lacks standing to bring this suit.

### SECOND DEFENSE
### (Failure to State a Claim)

54.     Each and every one of IP Holdings' claims for relief and each and every one of its allegations fails to state a claim upon which any relief may be granted against FLO TV.

### THIRD DEFENSE
### (Non-Infringement)

55.     FLO TV has not and does not infringe any valid claim of the '757 Patent.

13

## FOURTH DEFENSE
### (Invalidity)

56.     Each claim of the '757 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116, 120, and 255 and the rules, regulations, and laws pertaining thereto.

## FIFTH DEFENSE
### (Prosecution History Estoppel)

57.     Based on statements, representations, admissions, and/or other conduct during the prosecution of the '757 Patent application and/or related patent applications, and reexaminations of related patents, IP Holdings is estopped from asserting any interpretation of the claims of the '757 Patent that would cover any of FLO TV's allegedly infringing products and/or services.

## SIXTH DEFENSE
### (Claims Barred)

58.     IP Holdings' claims are barred, in whole or in part, due to prosecution history estoppels and/or prosecution history disclaimer.

## SEVENTH DEFENSE
### (Limitations on Damages and Costs)

59.     IP Holdings failed to provide adequate notice to FLO TV of alleged infringement and, thus, is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of this lawsuit.  IP Holdings is precluded from recovering damages from FLO TV for any alleged infringement committed more than six years prior to the filing of this lawsuit under 35 U.S.C. § 286.  IP Holdings is barred by 35 U.S.C. § 288 from recovering any costs associated with its action.

**EIGHTH DEFENSE**
**(Equitable Defenses)**

60.     IP Holdings' claims are barred, in whole or in part, under principles of equity, including laches, prosecution laches, waiver, estoppel, unclean hands, and/or other equitable theories because Plaintiff, the inventors, and/or previous owners or assignees of the '757 Patent knew for many years of the basis for the allegations they now assert but unreasonably delayed in bringing this action, and because Plaintiff had become aware of prior art invalidating the '757 Patent, but nevertheless proceeded to assert the invalid patent in this action.

**NINTH DEFENSE**
**(Adequate Remedy at Law)**

61.     IP Holdings is not entitled to injunctive relief because any alleged injury to IP Holdings is not immediate or irreparable and IP Holdings has an adequate remedy at law.

**TENTH DEFENSE**
**(IP Holdings Cannot Prove Exceptional Case)**

62.     IP Holdings' request for relief for enhanced damages including attorneys' fees fails to state a claim upon which relief can be granted because IP Holdings has failed to allege the requisite facts.

**ELEVENTH DEFENSE**
**(Government Sales)**

63.     To the extent that certain products and/or services accused of infringing the '757 Patent are used by and/or manufactured for the United States Government, IP Holdings' claims against FLO TV with respect to such products and/or services are barred, in whole or in part, under 28 U.S.C. § 1498.

### TWELFTH DEFENSE
### (Dedication to the Public)

64.     IP Holdings' claims are barred, in whole or in part, because embodiments not literally claimed in the '757 Patent were dedicated to the public.

### THIRTEENTH DEFENSE
### (Failure to Join Necessary and/or Indispensable Parties)

65.     Upon information and belief the patent-in-suit is not owned by IP Holdings, which has therefore failed to join necessary and/or indispensable parties in the present action as required by the Federal Rules of Civil Procedure.

### FOURTEENTH DEFENSE
### (Improper Joinder)

66.     Some or all of the defendants have been improperly joined in a single action and FLO TV asserts its right to a separate trial.

### FIFTEENTH DEFENSE
### (Adequate Remedy at Law)

67.     IP Holdings is not entitled to injunctive relief because any alleged injury to IP Holdings is not immediate or irreparable, and IP Holdings has an adequate remedy at law.

### SIXTEENTH DEFENSE
### (Reservation of Additional Defenses)

68.     FLO TV's investigation of its defenses is continuing, and FLO TV reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now exist or that may be available in the future based upon discovery and further investigation of this case.  FLO TV also expressly incorporates by reference herein all defenses pled by other defendants in this action in their respective answers to the Complaint.

## COUNTERCLAIMS

Without waiver of any rights, including the right to seek dismissal and/or transfer of this action, Counterclaim-Plaintiff FLO TV, by and through its undersigned counsel, and by way of Counterclaims against IP Holdings, hereby alleges, with knowledge as to its own actions and on information and belief with respect to the actions of others, the following counterclaims against Counterclaim-Defendant IP Holdings:

### NATURE OF THE ACTION

1.      This is an action by Counterclaim-Plaintiff FLO TV pursuant to Rule 13 of the Federal Rules of Civil Procedure for a declaratory judgment that Counterclaim-Defendant IP Holdings lacks standing and of non-infringement and invalidity of U.S. Patent No. 5,663,757 (the "'757 Patent"), arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

### PARTIES

2.      Counterclaim-Plaintiff FLO TV is a corporation organized under the laws of the State of Delaware with its principle place of business located at 5775 Morehouse Drive, San Diego, CA 92121.

3.      Upon information and belief, Counterclaim-Defendant IP Holdings is a limited liability company organized under the laws of the State of Texas with its principal place of business located at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

### JURISDICTION AND VENUE

4.      These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, *et seq.*, and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6.      IP Holdings has sued FLO TV for patent infringement of the '757 Patent.  FLO TV denies that IP Holdings has standing to bring this action, denies infringement, and denies that the '757 Patent is valid. There is therefore a substantial, actual, and continuing controversy between IP Holdings and FLO TV as to the propriety of this action and as to the infringement, validity, and enforceability of the '757 Patent.

7.      IP Holdings has consented to personal jurisdiction in this District by commencing therein its action for patent infringement against FLO TV.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment That IP Holdings Lacks Standing)**

8.      FLO TV repeats and realleges each allegation set forth in Paragraphs 1 through 7 as though fully set forth herein.

9.      Upon information and belief, IP Holdings is not the assignee of all rights, title, and interest in and to the '757 Patent and does not possess all rights of recovery under the '757 Patent, including the right to recover damages for past infringement, and, therefore, IP Holdings lacks standing to bring this suit.  Thus, an immediate, real, and justiciable controversy exists between FLO TV and IP Holdings with respect to IP Holdings' standing to sue FLO TV for infringement of the '757 Patent.

10.     A judicial declaration that IP Holdings is not the assignee of all rights, title, and interest in and to the '757 Patent and does not possess all rights of recovery under the '757 Patent, including the right to recover damages for past infringement, is necessary and appropriate at this time so that FLO TV can ascertain its rights and duties with respect to the products and/or services that IP Holdings accuses of infringing the '757 Patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

11.     FLO TV repeats and realleges each allegation set forth in Paragraphs 1 through 10 as though fully set forth herein.

12.     IP Holdings has sued FLO TV for patent infringement of the '757 Patent.  Thus, an immediate, real, and justiciable controversy exists between FLO TV and IP Holdings with respect to the alleged infringement of the '757 Patent.

13.     FLO TV has not infringed and does not infringe any valid claim of the '757 Patent.

14.     A judicial declaration that FLO TV has not infringed and does not infringe any claim of the '757 Patent is necessary and appropriate at this time so that FLO TV can ascertain its rights and duties with respect to the products and/or services that IP Holdings accuses of infringing the claims of the '757 Patent.

## THIRD COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

15.     FLO TV repeats and realleges each allegation set forth in Paragraphs 1 through 14 as though fully set forth herein.

16.     An immediate, real and justiciable controversy exists between FLO TV and IP Holdings with respect to the invalidity of the '757 Patent.

17.     The claims of the '757 Patent are invalid for failure to comply with one or more provisions of 35 U.S.C. § 101, *et seq*., including, without limitation, §§ 101, 102, 103, 112, 116, 120, and 255 and the rules, regulations, and laws pertaining thereto.

18.     A judicial declaration that the claims of the '757 Patent are invalid because they fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that FLO TV can ascertain its rights and duties with

respect to the products and/or services that IP Holdings accuses of infringing the claims of the '757 Patent.

## RESERVATION OF ADDITIONAL COUNTERCLAIMS

19.     As discovery in this case has not yet commenced, and as FLO TV continues to investigate the allegations set forth in the Complaint, FLO TV specifically gives notice that it intends to assert additional counterclaims as may become available by law, statute, or upon discovery in this case.  As such, FLO TV hereby reserves the right to amend its Answer and to assert such additional counterclaims as allowed by the Federal and Local Rules.

## PRAYER FOR RELIEF

WHEREFORE, FLO TV respectfully requests judgment granting the following relief:

A.     That IP Holdings take nothing by its Complaint;

B.     That the Court dismiss each and every claim related to FLO TV in IP Holdings' Complaint with prejudice;

C.     That the Court declare that IP Holdings is not the assignee of all rights, title, and interest in and to the '757 Patent and does not possess all rights of recovery under the '757 Patent, including the right to recover damages for past infringement, and, therefore, IP Holdings lacks standing to bring this suit.

D.     That the Court declare that FLO TV has not infringed any claim of the '757 Patent;

E.     That the Court declare each claim of the '757 Patent to be invalid under 35 U.S.C. § 1, *et seq.*;

F.     That the Court enter a permanent injunction restraining IP Holdings and its officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from suing or threatening to sue for

infringement of the '757 Patent on the basis of the making, using, selling, offering for sale, or importing of any FLO TV product or service;

G.      That the Court award FLO TV attorneys' fees and costs against IP Holdings pursuant to 35 U.S.C. § 285; and

H.      That the Court award such other and further relief to FLO TV as the Court may deem just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and L.R. 38.1, FLO TV demands a trial by jury on all issues so triable.

Respectfully submitted,

OF COUNSEL:                                    POTTER ANDERSON & CORROON LLP

Henry Gutman
Victor Cole                                    By:   */s/ Richard L. Horwitz*
SIMPSON THACHER & BARTLETT LLP                       Richard L. Horwitz (#2246)
425 Lexington Avenue                                 David E. Moore (#3983)
New York, New York 10017                             Hercules Plaza, 6th Floor
(212) 455-2000                                       1313 N. Market Street
                                                     Wilmington, DE  19801
Jeffrey Ostrow                                       Tel:  (302) 984-6000
Harrison J. Frahn IV                                 rhorwitz@potteranderson.com
SIMPSON THACHER & BARTLETT LLP                       dmoore@potteranderson.com
2550 Hanover Street
Palo Alto, California 94063                     *Attorneys for Defendants Flo TV Incorporated*
(650) 251-5000

Dated:  July 18, 2011
1020629 / 36087

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### <u>CERTIFICATE OF SERVICE</u>

I, Richard L. Horwitz, hereby certify that on July 18, 2011, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on July 18, 2011, the attached document was Electronically Mailed to the following person(s):

Gregory B. Williams
Fox Rothschild LLP
919 N. Market Street, Suite 1300
Wilmington, DE  19801
gwilliams@foxrothschild.com
*Attorneys for EON Corp. IP Holdings, LLC*

Jeffery R. Johnson
Cabrach J, Connor
Daniel R. Scardino
Reed & Scardino LLP
301 Congress Avenue, Suite 1250
Austin, TX  78701
jjohnson@reedscardino.com
cconnor@reedscardino.com
dscardino@reedscardino.com
*Attorneys for EON Corp. IP Holdings, LLC*

John G. Day
Lauren E. Maguire
Andrew C. Mayo
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899
Tel: (302) 654-1888
jday@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com
*Attorneys for Cellco Partnership*

Edmond D. Johnson
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE  19899-1709
johnsone@pepperlaw.com
*Attorneys for GoTV Networks, Inc.*

Nelson Kuan
Christopher C. Campbell
Cooley LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190-5656
nkuan@cooley.com
ccampbell@cooley.com
*Attorneys for GoTV Networks, Inc.*

Steven J. Balick
Lauren E. Maguire
Andrew C. Mayo
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com
*Attorneys for Kyocera Communications Inc. and LetsTalk.com, Inc.*

Richard de Bodo
Robert J. Benson
Patrick Park
DLA Piper LLP (US)
1999 Avenue of the Stars, Suite 400
Los Angeles, CA  90067-6023
richard.debodo@dlapiper.com
robert.benson@dlapiper.com
Patrick.park@dlapiper.com
*Attorneys for Kyocera Communications Inc.*

Daniel J. Bergeson
Melinda M. Morton
Jaideep Venkatesan
Bergeson, LLP
303 Almaden Blvd., Suite 500
San Jose, CA  95110-2712
dbergeson@be-law.com
mmorton@be-law.com
jvenkatesan@be-law.com
*Attorneys for LetsTalk.com, Inc.*

Thomas Lee Halkowski
Fish & Richardson P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE  19899-1114
halkowski@fr.com
*Attorneys for LG Electronics MobileComm USA, Inc.*

Brian E. Farnan
Farnan LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
bfarnan@farnanlaw.com
*Attorneys for MobiTV, Inc.*

Jack B. Blumenfeld
Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@mnat.com
klouden@mnat.com
*Attorneys for Motorola Mobility, Inc., Sprint Nextel Corporation and HTC America*

Francis DiGiovanni
Chad S.C. Stover
Connolly, Bove, Lodge & Hutz  LLP
The Nemours Building
1007 North Orange Street
Wilmington, DE 19899
fdigiovanni@cblh.com
cstover@cblh.com
*Attorneys for Palm, Inc.*

Richard Herrmann
Morris James, LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19899-2306
rherrmann@morrisjames.com
*Attorneys for Research In Motion Corporation*

Adam Wyatt Poff
Monte Terrell Squire
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
apoff@ycst.com
msquire@ycst.com
*Attorneys for Samsung*
*Telecommunications America LLC*

Luiz Arroyo
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Service.Samsung.DE.EON@weil.com
*Attorneys for Samsung Telecommunications*
*America LLC*

Amber Rovner
Weil, Gotshal & Manges LLP
700 Louisiana Street, Suite 1600
Houston, TX  77002-2784
Service.Samsung.DE.EON@weil.com
*Attorneys for Samsung*
*Telecommunications America LLC*

Steven J. Fineman
Richards, Layton & Finger, PA
One Rodney Square
920 N. King Street
Wilmington, DE  19801
fineman@rlf.com
*Attorneys for U.S. Cellular Corporation*

By:    */s/ Richard L. Horwitz*
      Richard L. Horwitz
      David E. Moore
      POTTER ANDERSON & CORROON LLP
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com

990333/36087