IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-812-SLR |
| | ) | |
| FLO TV INCORPORATED; MOBITV, INC.; U.S. CELLULAR CORPORATION; LG ELECTRONICS MOBILECOMM USA, INC.; MOTOROLA, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA LLC; SPRINT NEXTEL CORPORATION; RESEARCH IN MOTION CORPORATION; HTC AMERICA INC.; PALM, INC.; KYOCERA COMMUNICATIONS INC.; SIMPLEXITY, LLC D/B/A WIREFLY; LETSTALK.COM, INC.; QUALCOMM, INC.; GOTV NETWORKS, INC.; SPB SOFTWARE; and CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL REQUESTED** |
| Defendants. | ) | |

**DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), by way of Answer to Plaintiff Eon Corp. IP Holdings, LLC's ("Eon") Second Amended Complaint, says:

**THE PARTIES[1]**

1. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

---

[1] For ease of reference, Verizon Wireless incorporates the outline headings used in the Second Amended Complaint. To the extent that such headings make factual allegations, Verizon Wireless does not adopt or admit such statements and instead denies them.

2. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Verizon Wireless lacks information sufficient to form a belief as to the truth of the

allegations contained in paragraph 13.

14. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Verizon Wireless admits that it is a general partnership organized and existing under the laws of the State of Delaware and that it has its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920. Verizon Wireless admits that it can be served with process through its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

19. Paragraph 19 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless admits that this action purports to arise under the Patent Laws of the United States, Title 35, United States Code. Verizon Wireless admits that this Court has jurisdiction over the subject matter based upon the Patent Laws of the United States, Title 35, United States Code, and by Title 28, United States Code, § 1331 and § 1338(a). Verizon Wireless admits that venue appears to be proper in this Court under 28 U.S.C. § 1391(c), but specifically denies that it has committed acts of infringement or continues to commit acts of infringement in this District. Verizon Wireless denies any remaining allegations contained in paragraph 19 to the extent they relate to Verizon

Wireless, and lacks information sufficient to form a belief as to the truth of any remaining allegations in paragraph 19 to the extent they relate to other defendants.

20. Paragraph 20 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless admits only that based on the allegations in the Second Amended Complaint, Verizon Wireless provides wireless service in Delaware and is subject to the personal jurisdiction of this Court for this matter. Verizon Wireless denies any remaining allegations contained in paragraph 20 to the extent they relate to Verizon Wireless, and lacks information sufficient to form a belief as to the truth of any remaining allegations in paragraph 20 to the extent they relate to other defendants.

21. Paragraph 21 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless admits only that based on the allegations in the Second Amended Complaint, Verizon Wireless provides wireless service in Delaware and is subject to the personal jurisdiction of this Court for this matter. Verizon Wireless specifically denies that it has committed acts of infringement or continues to commit acts of infringement in this District. Verizon Wireless denies all remaining allegations contained in paragraph 21 to the extent they relate to Verizon Wireless, and lacks information sufficient to form a belief as to the truth of any remaining allegations in paragraph 21 to the extent they relate to other defendants.

22. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Verizon Wireless lacks information sufficient to form a belief as to the truth of the

allegations contained in paragraph 24.

25. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

## THE PATENT IN SUIT

27. Verizon Wireless admits that United States Patent No. 5,663,757 ("the '757 patent") states as its title "SOFTWARE CONTROLLED MULTI-MODE INTERACTIVE TV SYSTEMS" and that Exhibit A to the Second Amended Complaint appears to be a copy of the '757 patent. Verizon Wireless admits that, on its face, the '757 patent lists an issuance date of September 2, 1997. Verizon Wireless denies that the '757 patent was "duly and legally issued . . . after a full and fair examination." Verizon Wireless denies that the '757 patent is valid and enforceable. The remainder of paragraph 27 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

## GENERAL ALLEGATIONS

28. With respect to the joint infringement allegations directed to Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 28.

29. To the extent that this paragraph is interpreted to allege joint infringement by Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the

truth of the remainder of the allegations contained in paragraph 29.

30. To the extent that this paragraph is interpreted to allege joint infringement by Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 30.

31. With respect to the joint infringement allegations directed to Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 31.

32. With respect to the joint infringement allegations directed to Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 32.

33. With respect to the joint infringement allegations directed to Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 33.

34. To the extent that this paragraph is interpreted to allege joint infringement by Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 34.

35. To the extent that this paragraph is interpreted to allege joint infringement by Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been

dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 35.

36. With respect to the joint infringement allegations directed to Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 36.

37. To the extent that this paragraph is interpreted to allege joint infringement by Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 37.

38. To the extent that this paragraph is interpreted to allege joint infringement by Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 38.

39. With respect to the joint infringement allegations directed to Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 39.

40. To the extent that this paragraph is interpreted to allege joint infringement by Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 40.

41. To the extent that this paragraph is interpreted to allege joint infringement by

Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 41.

42. With respect to the joint infringement allegations directed to Verizon Wireless, Verizon Wireless responds that Eon's joint infringement allegations have been dismissed. *See* D.I. 106. Verizon Wireless lacks information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 42.

43. Paragraph 43 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless admits that it resells cellular phones manufactured by Samsung, Motorola, HTC, and LG, and provides V Cast Mobile TV services, but denies that its resale of these cellular phones or provision of these services constitutes infringement of any valid, enforceable claim of the '757 patent. Verizon Wireless denies that it has committed any wrongful acts including infringement of any valid enforceable claim of the '757 patent. Verizon Wireless denies that Eon "pioneered and developed" the interactive television market. Verizon Wireless denies that it gained any knowledge of the '757 patent as a result of any Gemstar litigation or license agreement. With respect to the inducement, contributory infringement, and joint infringement allegations, Verizon Wireless responds that those allegations have been dismissed. *See* D.I. 106. Verizon Wireless denies all remaining allegations contained in paragraph 43.

## INFRINGEMENT OF THE EON PATENT-IN-SUIT

44. Verizon Wireless repeats and re-asserts its responses to paragraphs 28-43 above.

45. Paragraph 45 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies that it has committed any wrongful acts including infringement of any valid enforceable claim of

the '757 patent. With respect to the inducement, contributory infringement, and joint infringement allegations, Verizon Wireless responds that those allegations have been dismissed. *See* D.I. 106. Verizon Wireless denies all remaining allegations contained in paragraph 45 to the extent they relate to Verizon Wireless, and lacks information sufficient to form a belief as to the truth of any remaining allegations in paragraph 45 to the extent they relate to other defendants.

46.   Paragraph 46 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies that it has committed any wrongful acts including infringement of any valid enforceable claim of the '757 patent. With respect to the inducement, contributory infringement, and joint infringement allegations, Verizon Wireless responds that those allegations have been dismissed. *See* D.I. 106. Verizon Wireless denies all remaining allegations contained in paragraph 46 to the extent they relate to Verizon Wireless, and lacks information sufficient to form a belief as to the truth of any remaining allegations in paragraph 46 to the extent they relate to other defendants.

47.   Paragraph 47 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies that it has committed any wrongful acts including infringement of any valid enforceable claim of the '757 patent. With respect to the inducement, contributory infringement, and joint infringement allegations, Verizon Wireless responds that those allegations have been dismissed. *See* D.I. 106. Verizon Wireless denies all remaining allegations contained in paragraph 47 to the extent they relate to Verizon Wireless, and lacks information sufficient to form a belief as to the truth of any remaining allegations in paragraph 47 to the extent they relate to other defendants.

48.   Paragraph 48 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies

that it has committed any wrongful acts including infringement of any valid enforceable claim of the '757 patent. Verizon Wireless denies that Eon does not have an adequate remedy at law. Verizon Wireless denies that Eon is entitled to any injunctive relief against Verizon Wireless from this Court. Verizon Wireless denies all remaining allegations contained in paragraph 48 to the extent they relate to Verizon Wireless, and lacks information sufficient to form a belief as to the truth of the allegations in paragraph 48 to the extent they relate to other defendants.

49. Paragraph 49 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies that it has committed any wrongful acts including infringement of any valid enforceable claim of the '757 patent. Verizon Wireless denies that Eon has suffered and will continue to suffer irreparable injury as a result of any actions by Verizon Wireless. Verizon Wireless denies all remaining allegations contained in paragraph 49 to the extent they relate to Verizon Wireless, and lacks information sufficient to form a belief as to the truth of the allegations in paragraph 49 to the extent they relate to other defendants.

50. Paragraph 50 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Paragraph 51 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies that it has committed any wrongful acts including infringement of any valid enforceable claim of the '757 patent. Verizon Wireless denies that Eon has been damaged or will continue to be damaged as a result of any actions by Verizon Wireless. Verizon Wireless denies all remaining allegations contained in paragraph 51 to the extent they relate to Verizon Wireless, and lacks

information sufficient to form a belief as to the truth of the allegations in paragraph 51 to the extent they relate to other defendants.

## PRAYER FOR RELIEF

52. Verizon Wireless denies that Eon is entitled to any of the relief sought in its request for relief.

## DEMAND FOR JURY TRIAL

53. Verizon Wireless agrees with Eon's demand for a jury trial.

54. To the extent not expressly admitted, Verizon Wireless denies each and every allegation in the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

55. The Second Amended Complaint fails to state a claim upon which relief can be granted.

56. The claims of the '757 patent are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

57. Verizon Wireless' actions with respect to the use, sale or offer for sale of services or products or any other accused activity do not directly or indirectly infringe, contribute to the infringement, or induce the infringement of any properly construed, valid and/or enforceable claims of the '757 patent.

58. As and for a separate affirmative defense, Verizon Wireless alleges on information and belief that any claim for damages for patent infringement by Eon is limited by 35 U.S.C. § 287 to only those damages occurring after proper and sufficient notice of infringement to Verizon Wireless.

59. Eon is not entitled to injunctive relief against Verizon Wireless because any

alleged injury to Eon as a result of Verizon Wireless' alleged activities is not immediate or irreparable, and Eon has an adequate remedy at law.

60. Eon's claims are barred by equitable doctrines including the doctrine of laches.

61. Eon is not entitled to enhanced or increased damages for willful infringement because Verizon Wireless has not engaged in any conduct that meets the applicable standard for willful infringement, and Eon has pled no facts in support thereof.

62. Verizon Wireless reserves the right to assert affirmatively any other matter that constitutes an affirmative defense under applicable laws and rules.

## COUNTERCLAIMS

### The Parties

1. Based on assertions by Eon, Eon is a limited liability company organized and existing under the laws of Texas, with a principal place of business at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

2. Based on assertions by Eon, Eon is the owner of United States Patent No. 5,663,757 ("the '757 patent").

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

4. Eon is subject to the personal jurisdiction of this Court.

5. The minimum requisites for venue under 35 U.S.C. § 1391 exist in this district, but venue is more properly established in a district that would better serve the convenience of the witnesses and parties and the interests of justice.

## COUNTERCLAIM COUNT I
### (Invalidity of U.S. Patent No. 5,663,757)

6. Verizon Wireless realleges and incorporates by reference the allegations in paragraphs 1-5 above.

7. Eon has asserted that Verizon Wireless infringes the '757 patent.

8. An actual controversy exists between Eon and Verizon Wireless regarding the validity of the '757 patent.

9. All claims of the '757 patent are invalid for failing to meet one or more conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNTERCLAIM COUNT II
### (Non-infringement of U.S. Patent Nos. 5,663,757)

10. Verizon Wireless realleges and incorporates by reference the allegations in paragraphs 1-9 above.

11. Eon has asserted that Verizon Wireless infringes the '757 patent.

12. An actual controversy exists between Eon and Verizon Wireless regarding infringement of the '757 patent.

13. Verizon Wireless has not infringed and does not infringe any valid, enforceable claim of the '757 patent literally, directly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

## **PRAYER FOR RELIEF**

WHEREFORE, Verizon Wireless prays that this Court enter judgment:

A. dismissing the Second Amended Complaint with prejudice and denying each and every prayer for relief contained therein;

B. declaring that none of the asserted claims of the '757 patent are directly or indirectly infringed by the use, sale or offer for sale of any of Verizon Wireless' services or

{00538930;v1} 13

products or any other activity attributable to Verizon Wireless, either literally or under the doctrine of equivalents;

    C.    declaring that the asserted claims of the '757 patent are invalid and/or unenforceable;

    D.    declaring that Eon is not entitled to any injunctive relief against Verizon Wireless;

    E.    declaring that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to Verizon Wireless; and

    F.    granting Verizon Wireless such further relief as this Court may deem necessary, just or proper.

## DEMAND FOR JURY TRIAL

In accordance with FED. R. CIV. P. 38(b), Verizon Wireless demands a trial by jury on all issues so triable.

    ASHBY & GEDDES

    */s/ Andrew C. Mayo*
    _____
    John G. Day (I.D. #2403)
    Lauren E. Maguire (I.D. #4261)
    Andrew C. Mayo (I.D. #5207)
    500 Delaware Avenue, 8th Floor
    P.O. Box 1150
    Wilmington, DE  19899
    (302) 654-1888
    jday@ashby-geddes.com
    lmaguire@ashby-geddes.com
    amayo@ashby-geddes.com

    *Attorneys for Cellco Partnership d/b/a Verizon Wireless*

*Of Counsel:*

Kevin P. Anderson
Karin Hessler
WILEY REIN LLP
1776 K Street, NW
Washington, D.C. 20006
(202) 719-7000

Dated: July 21, 2011