IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 10-812 (SLR) |
| | ) |
| FLO TV INCORPORATED, et al., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

**SPRINT NEXTEL CORPORATION'S ANSWER TO
<u>EON CORP. IP HOLDINGS, LLC'S SECOND AMENDED COMPLAINT</u>**

Defendant Sprint Nextel Corporation ("SNC") hereby answers the numbered paragraphs of the Second Amended Complaint (the "Second Amended Complaint") (D.I. 81) of Plaintiff EON Corp. IP Holdings, LLC ("Plaintiff"), related to U.S. Patent No. 5,663,757 (the "'757 Patent"), as follows:

**<u>THE PARTIES</u>**

1.  SNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and denies them on that basis.

2.  Paragraph 2 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and denies them on that basis.

3.  Paragraph 3 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and denies them on that basis.

4. Paragraph 4 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and denies them on that basis.

5. Paragraph 5 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and denies them on that basis.

6. Paragraph 6 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and denies them on that basis.

7. Paragraph 7 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and denies them on that basis.

8. SNC admits that it is a Kansas corporation with its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas, and with a registered agent, Corporation Service Company, at 200 S.W. 30th Street, Topeka, Kansas 66611. SNC denies the remaining allegations in Paragraph 8.

9. Paragraph 9 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and denies them on that basis.

10. Paragraph 10 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and denies them on that basis.

11. Paragraph 11 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and denies them on that basis.

12. Paragraph 12 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and denies them on that basis.

13. Paragraph 13 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and denies them on that basis.

14. Paragraph 14 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and denies them on that basis.

15. Paragraph 15 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and denies them on that basis.

16. Paragraph 16 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and denies them on that basis.

17. Paragraph 17 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and denies them on that basis.

18. Paragraph 18 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and denies them on that basis.

**JURISDICTION AND VENUE**

19. SNC admits that Plaintiff's Second Amended Complaint purports to assert a cause of action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, that it purports to base subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and that it purports to base venue in this district on 28 U.S.C. §§ 1391 and 1400(b). The remaining allegations in Paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, SNC denies that Plaintiff is entitled to the relief requested in the Second Amended Complaint as to SNC. SNC denies the remaining allegations in Paragraph 19

with respect to SNC. SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 with respect to the other defendants, and denies them on that basis.

20. Paragraph 20 states legal conclusions to which no response is required. To the extent a response is required, SNC denies the allegations with respect to SNC. SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 with respect to the other defendants, and denies them on that basis.

21. Paragraph 21 states legal conclusions to which no response is required. No response is required to allegations regarding Plaintiff's joint or indirect infringement claims that have been dismissed from this action pursuant to the Court's July 12, 2011 Order. (D.I. 105, 106). To the extent a response is required, SNC denies the allegations with respect to SNC. SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 with respect to the other defendants, and denies them on that basis.

22. Paragraph 22 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and denies them on that basis.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, SNC denies the allegations of Paragraph 23. SNC further responds that SNC is mainly a holding company that holds stock in operating subsidiaries, and is not licensed to and does not conduct within the State of Delaware. SNC does not itself operate any retail stores, wireless network, sell or offer to sell any wireless products or services, or perform any other relevant act in Delaware.

24. Paragraph 24 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and denies them on that basis.

25. Paragraph 25 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and denies them on that basis.

26. Paragraph 26 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and denies them on that basis.

**THE PATENT IN SUIT**

27. SNC admits that, on its face, the '757 Patent, entitled "Software Controlled Multi-Mode Interactive TV Systems," appears to have issued on September 2, 1997, and that a copy of the '757 Patent was attached as Exhibit A to the Second Amended Complaint. SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of Paragraph 27, and denies them on that basis. SNC denies the remaining allegations of Paragraph 27.

**RESPONSE TO PLAINTIFF'S GENERAL ALLEGATIONS**

28. Paragraph 28 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and denies them on that basis.

29. Paragraph 29 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and denies them on that basis.

30. Paragraph 30 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and denies them on that basis.

31. Paragraph 31 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and denies them on that basis.

32. Paragraph 32 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and denies them on that basis.

33. Paragraph 33 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and denies them on that basis.

34. Paragraph 34 states legal conclusions to which no response is required. To the extent Paragraph 34 contains allegations regarding Plaintiff's claims of joint or indirect infringement, no response is required because those claims have been dismissed from this action pursuant to the Court's July 12, 2011 Order. (D.I. 105, 106). To the extent a response is required, SNC denies the allegations of Paragraph 34 with respect to SNC. SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 with respect to the other defendants, and denies them on that basis.

35. Paragraph 35 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and denies them on that basis.

36. Paragraph 36 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and denies them on that basis.

37. Paragraph 37 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and denies them on that basis.

38. Paragraph 38 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and denies them on that basis.

39. Paragraph 39 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and denies them on that basis.

40. Paragraph 40 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and denies them on that basis.

41. Paragraph 41 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and denies them on that basis.

42. Paragraph 42 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and denies them on that basis.

43. Paragraph 43 is directed to a defendant other than SNC and therefore requires no response from SNC. To the extent a response is required, SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and denies them on that basis.

## **RESPONSE TO PLAINTIFF'S INFRINGEMENT ALLEGATIONS**

44. SNC incorporates by reference its responses to the allegations of Paragraphs 1-43 of the Second Amended Complaint as if fully set forth herein.

45. No response is required to allegations regarding Plaintiff's joint or indirect infringement claims that have been dismissed from this action pursuant to the Court's July 12, 2011 Order. (D.I. 105, 106). To the extent a response is required, SNC denies the allegations in Paragraph 45 with respect to SNC, and specifically denies any wrongdoing or infringement of the '757 Patent. SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 with respect to the other defendants, and denies them on that basis.

46. No response is required to allegations regarding Plaintiff's joint or indirect infringement claims that have been dismissed from this action pursuant to the Court's July 12, 2011 Order. (D.I. 105, 106). To the extent a response is required, SNC denies the allegations in Paragraph 46 with respect to SNC, and specifically denies any wrongdoing or infringement of the '757 Patent. SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 with respect to the other defendants, and denies them on that basis.

47. No response is required since Plaintiff's claims joint and indirect infringement claims have been dismissed from this action pursuant to the Court's July 12, 2011 Order. (D.I. 105, 106). Paragraph 47 further states legal conclusions to which no response is required. To the extent a response is required, SNC denies the allegations with respect to SNC. SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 with respect to the other defendants, and denies them on that basis.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, SNC denies the allegations with respect to SNC. SNC lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 with respect to the other defendants, and denies them on that basis.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent a response is required, SNC denies the allegations with respect to SNC. SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 with respect to the other defendants, and denies them on that basis.

50. Paragraph 50 states legal conclusions to which no response is required. To the extent a response is required, SNC denies the allegations with respect to SNC. SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 with respect to the other defendants, and denies them on that basis.

51. Paragraph 51 states legal conclusions to which no response is required. To the extent a response is required, SNC denies the allegations with respect to SNC. SNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 with respect to the other defendants, and denies them on that basis.

52. SNC denies any allegation in the Second Amended Complaint with respect to SNC not specifically admitted herein.

## PLAINTIFF'S PRAYER FOR RELIEF

SNC denies that Plaintiff is entitled to any relief whatsoever.

## PLAINTIFF'S JURY DEMAND

SNC denies that Plaintiff is entitled to a trial by jury except as permitted by law.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
(Lack of Standing)

Upon information and belief, Plaintiff lacks standing to bring this action.

### SECOND DEFENSE
(Failure to Join Necessary Parties)

Upon information and belief, Plaintiff does not own all right, title and interest in the '757 Patent and, therefore, has failed to join one or more necessary parties in this action.

### THIRD DEFENSE
(Non-Infringement)

SNC has not infringed, and currently does not infringe, any valid claim of the '757 Patent.

### FOURTH DEFENSE
(Invalidity)

One or more claims of the '757 Patent is invalid for failure to comply with one or more of the requirements of the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### FIFTH DEFENSE
(Prosecution History Estoppel)

Plaintiff's claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

### SIXTH DEFENSE
(Failure to State a Claim)

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

### SEVENTH DEFENSE
(Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over SNC.

### EIGHTH DEFENSE
(Improper Joinder)

Some or all of the defendants have been improperly joined in a single action and SNC asserts its right to a separate trial.

### NINTH DEFENSE
(Adequate Remedy at Law)

Plaintiff is not entitled to injunctive relief because any alleged injury is not irreparable, Plaintiff has an adequate remedy at law for any claims it can prove, and the balance of hardships and the public interest do not favor injunctive relief.

### TENTH DEFENSE
(Limitations on Damages and Costs)

Upon information and belief, Plaintiff's claims for damages, if any, are limited and/or barred by 35 U.S.C. §§ 286, 287 and/or 288, and 28 U.S.C. § 1498.

### ELEVENTH DEFENSE
(Equitable Doctrines)

Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, and/or estoppel.

### TWELFTH DEFENSE
(Reservation of Additional Defenses)

SNC reserves all defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or equity that may exist now or that may be available in the future.

### **JURY DEMAND**

SNC demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, SNC respectfully requests the following relief:

A. That the Court enter judgment in favor of SNC;

B. That Plaintiff's Second Amended Complaint be dismissed with prejudice with respect to SNC;

C. That the Court determine that this is an exceptional case and award SNC all its costs and disbursements in this action, together with its attorneys' fees incurred herein pursuant to 35 U.S.C. § 285; and

D. That this Court order such other and further relief to SNC as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer*

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
  *Attorneys for Sprint Nextel Corporation*

July 22, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2011 I electronically filed the foregoing document, which will send notification of such filing(s) to all registered participants.

I also certify that copies were caused to be served on July 22, 2011 upon the following in the manner indicated:

| | |
|---|---|
| Gregory B. Williams, Esquire<br>FOX ROTHSCHILD LLP<br>919 North Market Street<br>Suite 1300<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Jeffery R. Johnson, Esquire<br>Cabrach J. Connor, Esquire<br>Daniel R. Scardino, Esquire<br>REED & SCARDINO LLP<br>301 Congress Avenue<br>Suite 1250<br>Austin, TX 78701<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Richard L. Horwitz, Esquire<br>David E. Moore, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza – 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>*Attorneys forFLO TV Incorporated and Qualcomm, Inc.* | *VIA ELECTRONIC MAIL* |
| Harrison J. Frahn, Esquire<br>Jeffrey E. Ostrow, Esquire<br>Natasa Pajic, Esquire<br>Sara G. Wilcox, Esquire<br>SIMPSON THACHER & BARTLETT LLP<br>2550 Hanover Street<br>Palo Alto, CA 94063<br>*Attorneys for FLO TV Incorporated and Qualcomm, Inc.* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Henry B. Gutman, Esquire<br>Victor Cole, Esquire<br>Courtney A. Welshimer, Esquire<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, NY  10017<br>*Attorneys for FLO TV Incorporated and Qualcomm, Inc.* | *VIA ELECTRONIC MAIL* |
| Brian E. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street<br>Wilmington, DE  19801<br>*Attorneys for MobiTV, Inc.* | *VIA ELECTRONIC MAIL* |
| Steven J. Balick, Esquire<br>ASHBY & GEDDES<br>500 Delaware Avenue – 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Kyocera Communications Inc. and LetsTalk.com, Inc.* | *VIA ELECTRONIC MAIL* |
| Richard de Bodo, Esquire<br>Robert Benson, Esquire<br>Patrick Park, Esquire<br>DLA PIPER LLP (US)<br>1999 Avenue of the Stars<br>Suite 400<br>Los Angeles, CA  90067-6023<br>*Attorneys for Kyocera Communications Inc.* | *VIA ELECTRONIC MAIL* |
| Daniel J. Bergeson, Esquire<br>Melinda M. Morton, Esquire<br>Jaideep Venkatesan, Esquire<br>BERGESON, LLP<br>303 Almaden Boulevard<br>Suite 500<br>San Jose, CA  95110-2712<br>*Attorneys for LetsTalk.com, Inc.* | *VIA ELECTRONIC MAIL* |

Gregory P. Williams, Esquire                                    *VIA ELECTRONIC MAIL*
Steven J. Fineman, Esquire
R<small>ICHARDS</small>, L<small>AYTON</small> & F<small>INGER</small>, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for U.S. Cellular Corporation*

Richard J. O'Brien, Esquire                                     *VIA ELECTRONIC MAIL*
Justin B. Weiner, Esquire
SIDLEY AUSTIN, LLP
One South Dearborn
Chicago, IL  60606
*Attorneys for U.S. Cellular Corporation*

Adam W. Poff, Esquire                                           *VIA ELECTRONIC MAIL*
Monté T. Squire, Esquire
Y<small>OUNG</small> C<small>ONAWAY</small> S<small>TARGATT</small> & T<small>AYLOR</small>, LLP
The Brandywine Building
1000 West Street – 17th Floor
Wilmington, DE  19801
*Attorneys for Samsung Telecommunications
America LLC*

Jared Bobrow, Esquire                                           *VIA ELECTRONIC MAIL*
Luiz Arroyo, Esquire
W<small>EIL</small>, G<small>OTSHAL</small> & M<small>ANGES</small> LLP
201 Redwood Shore Parkway
Redwood Shores, CA  94065
*Attorneys for Samsung Telecommunications
America LLC*

Amber Rovner, Esquire                                           *VIA ELECTRONIC MAIL*
W<small>EIL</small>, G<small>OTSHAL</small> & M<small>ANGES</small> LLP
700 Louisiana Street
Suite 1600
Houston, TX  77002-2784
*Attorneys for Samsung Telecommunications
America LLC*

| | |
|---|---|
| Richard K. Herrmann, Esquire<br>Mary B. Matterer, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue<br>Suite 1500<br>Wilmington, DE  19801<br>*Attorneys for Research in Motion Corporation* | *VIA ELECTRONIC MAIL* |
| Brian R. Nester<br>SIDLEY AUSTIN LLP<br>1501 K. Street, N.W.<br>Washington, DC  20005<br>*Attorneys for Research in Motion Corporation* | *VIA ELECTRONIC MAIL* |
| Thomas L. Halkowski, Esquire<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue<br>17th Floor<br>Wilmington, DE  19801<br>*Attorneys for LG Electronics MobileComm USA, Inc.* | *VIA ELECTRONIC MAIL* |
| Jack B. Blumenfeld, Esquire<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>Wilmington, DE  19801<br>*Attorneys for Motorola, Inc.* | *VIA ELECTRONIC MAIL* |
| Edmond D. Johnson, Esquire<br>PEPPER HAMILTON LLP<br>1313 North Market Street<br>Suite 5100<br>Wilmington, DE  19801<br>*Attorneys for GoTV Networks, Inc.* | *VIA ELECTRONIC MAIL* |
| Christopher C. Campbell, Esquire<br>COOLEY LLP<br>One Freedom Square<br>11951 Freedom Square<br>Reston, VA  20190-5656<br>*Attorneys for GoTV Networks, Inc.* | *VIA ELECTRONIC MAIL* |

Francis DiGiovanni, Esquire                                        VIA ELECTRONIC MAIL
Chad C. Stover, Esquire
CONNOLLY BOVE LODGE & HUTZ, LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899-2207
*Attorneys for Palm, Inc.*

M. Elizabeth Day, Esquire                                          VIA ELECTRONIC MAIL
David Alberti, Esquire
Marc Belloli, Esquire
FEINBERG DAY ALBERTI & THOMPSON LLP
401 Florence Street, Ste. 200
Palo Alto, CA  94301
*Attorneys for Palm, Inc.*

Catherine Rajwani, Esquire                                         VIA ELECTRONIC MAIL
The Harbor Law Group
300 West Main Street
Building A – Unit 1
Northborough, MA  01532
*Attorneys for SPB Software*

Brian M. Gottesman                                                 VIA ELECTRONIC MAIL
BERGER HARRIS
1201 N. Orange St.
One Commerce Center, 3rd Floor
Wilmington, DE  19801
*Attorneys for SPB Software*

John G. Day, Esquire                                               VIA ELECTRONIC MAIL
Lauren E. Maguire, Esquire
Andrew C. Mayo, Esquire
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
*Attorneys for Simplexity, LLC (d/b/a Wirefly)*

                                                    */s/ Richard J. Bauer*
                                                    _____
                                                    Richard J. Bauer (#4828)