UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>              Plaintiff,<br>v.<br><br>FLO TV INC., ET AL.,<br><br>              Defendants. | CIV. NO. 10-cv-00812-SLR<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT MOBITV, INC.'S ANSWER AND COUNTERLAIMS TO PLAINTIFF EON CORP. IP HOLDINGS, LLC'S <u>SECOND AMENDED COMPLAINT</u>

Defendant MobiTV Inc. ("MobiTV"), by and through its undersigned counsel, responds to the Second Amended Complaint ("Complaint" [D.I. 81]) of Plaintiff EON Corp. IP Holdings, LLC ("Plaintiff" or "IP Holdings"), related to United States Patent No. 5,663,757 (the "'757 Patent"), and further counterclaims as follows:

### THE PARTIES

1.    MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and, on that basis, denies them.

2.    MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, and, on that basis, denies them.

3.    Admitted.

4.    MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, and, on that basis, denies them.

5. MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, and, on that basis, denies them.

6. MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and, on that basis, denies them.

7. MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and, on that basis, denies them.

8. MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and, on that basis, denies them.

9. MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and, on that basis, denies them.

10. MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and, on that basis, denies them.

11. MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and, on that basis, denies them.

12. MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and, on that basis, denies them.

13. MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, and, on that basis, denies them.

14. MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and, on that basis, denies them.

15. MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and, on that basis, denies them.

16. MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and, on that basis, denies them.

17. MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and, on that basis, denies them.

18. MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and, on that basis, denies them.

## JURISDICTION AND VENUE

19. MobiTV admits that IP Holdings purports to bring this action under Title 35 of the United States Code. MobiTV admits that IP Holdings purports to ground subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). MobiTV admits that IP Holdings purports to base venue in this District upon 28 U.S.C. §§ 1391 and 1400(b). The remaining allegations set forth in Paragraph 19 state a legal conclusion to which no response is required; to the extent any response is required, MobiTV denies those allegations to the extent they relate to MobiTV.

20. MobiTV admits that it is subject to personal jurisdiction in the State of Delaware. The remaining allegations set forth in Paragraph 20 state a legal conclusion to which no response is required; to the extent any response is required, MobiTV denies those allegations to the extent they relate to MobiTV.

21. MobiTV admits that it is subject to personal jurisdiction in this Court. MobiTV admits that it has conducted business within the State of Delaware. MobiTV denies that it commits or has committed any act of infringement of the '757 Patent in the State of Delaware or elsewhere. The remaining allegations set forth in Paragraph 21 state a legal conclusion to which no response is required and/or are directed to entities other than MobiTV, and therefore do not

require a response by MobiTV; to the extent any response is required, MobiTV denies those allegations to the extent they relate to MobiTV.

22. Paragraph 22 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. To the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and, on that basis, denies them.

23. Paragraph 23 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. To the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and, on that basis, denies them.

24. Paragraph 24 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. To the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and, on that basis, denies them.

25. Paragraph 25 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. To the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and, on that basis, denies them.

26. Paragraph 26 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. To the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, and, on that basis, denies them.

## THE PATENT-IN-SUIT

27. MobiTV admits that a document purported to be a copy of U.S. Pat. No. 5,663,757 (the "'757 Patent") with an issue date of September 2, 1997 was attached as Exhibit A to Plaintiff EON Corp. IP Holdings, LLC's Original Complaint, filed on September 23, 2010 [D.I. 1]. MobiTV denies that the '757 Patent was duly and legally issued. MobiTV denies that IP Holdings is an assignee of all rights, title, and interest in and to the '757 Patent. MobiTV denies that the '757 Patent is valid and/or enforceable. The remaining allegations set forth in Paragraph 27 state a legal conclusion to which no response is required; to the extent any response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 and, on that basis, denies them.

## GENERAL ALLEGATIONS

28. Paragraph 28 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. To the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28, and, on that basis, denies them.

29. MobiTV admits that it provides software applications to enable users to access and view multimedia content. MobiTV admits that it entered into a patent license agreement with Gemstar in 2007, but denies that it was aware of the '757 Patent prior to the filing of this action, including as a result of any license with Gemstar, any litigation involving the Gemstar patents, or through any market participation. To the extent any allegations set forth in Paragraph 29 of the Complaint relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to such allegations; to the

extent any response is required, MobiTV denies them to the extent they relate to MobiTV. MobiTV denies the remaining allegations set forth in Paragraph 29.

30. To the extent Plaintiff's allegations that "MobiTV possessed knowledge of the '757 Patent from the date of the formation of the MobiTV License" relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to Plaintiff's allegations that "MobiTV possessed knowledge of the '757 Patent from the date of the formation of the MobiTV License"; to the extent any response is required, MobiTV denies them. MobiTV denies that it was aware of the '757 Patent prior to the filing of this action, including as a result of any license with Gemstar, any litigation involving the Gemstar patents, or through any market participation. MobiTV also denies any allegation that it has infringed the '757 Patent. The remaining allegations of Paragraph 30 are directed to entities other than MobiTV, and therefore do not require a response by MobiTV. To the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 30, and, on that basis, denies them.

31. Paragraph 31 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. In the event Paragraph 31 is construed to contain infringement allegations against MobiTV, MobiTV denies all such allegations. Otherwise, to the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31, and, on that basis, denies them.

32. Paragraph 32 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. In the event Paragraph 32 is construed to contain infringement allegations against MobiTV, MobiTV denies all such allegations. Otherwise, to the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32, and, on that basis, denies them.

33. Paragraph 33 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. In the event Paragraph 33 is construed to contain infringement allegations against MobiTV, MobiTV denies all such allegations. Otherwise, to the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33, and, on that basis, denies them.

34. To the extent Plaintiff's allegations that "MobiTV possessed knowledge of the '757 Patent from the date of the formation of the MobiTV License" relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to Plaintiff's allegations that "MobiTV possessed knowledge of the '757 Patent from the date of the formation of the MobiTV License"; to the extent any response is required, MobiTV denies them. MobiTV denies that it was aware of the '757 Patent prior to the filing of this action, including as a result of any license with Gemstar, any litigation involving the Gemstar patents, or through any market participation. MobiTV also denies any allegation that it has infringed the '757 Patent. The remaining allegations of Paragraph 34 are directed to entities other than MobiTV, and therefore do not require a response by MobiTV. To

the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 34, and, on that basis, denies them.

35. To the extent Plaintiff's allegations that "MobiTV possessed knowledge of the '757 Patent from the date of the formation of the MobiTV License" relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to Plaintiff's allegations that "MobiTV possessed knowledge of the '757 Patent from the date of the formation of the MobiTV License"; to the extent any response is required, MobiTV denies them. MobiTV denies that it was aware of the '757 Patent prior to the filing of this action, including as a result of any license with Gemstar, any litigation involving the Gemstar patents, or through any market participation. MobiTV also denies any allegation that it has infringed the '757 Patent. The remaining allegations of Paragraph 35 are directed to entities other than MobiTV, and therefore do not require a response by MobiTV. To the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 35, and, on that basis, denies them.

36. Paragraph 36 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. In the event Paragraph 36 is construed to contain infringement allegations against MobiTV, MobiTV denies all such allegations. Otherwise, to the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36, and, on that basis, denies them.

37. To the extent Plaintiff's allegations that "MobiTV possessed knowledge of the '757 Patent from the date of the formation of the MobiTV License" relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to Plaintiff's allegations that "MobiTV possessed knowledge of the '757 Patent from the date of the formation of the MobiTV License"; to the extent any response is required, MobiTV denies them. MobiTV denies that it was aware of the '757 Patent prior to the filing of this action, including as a result of any license with Gemstar, any litigation involving the Gemstar patents, or through any market participation. MobiTV also denies any allegation that it has infringed the '757 Patent. The remaining allegations of Paragraph 37 are directed to entities other than MobiTV, and therefore do not require a response by MobiTV. To the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 37, and, on that basis, denies them.

38. To the extent Plaintiff's allegations that "MobiTV possessed knowledge of the '757 Patent from the date of the formation of the MobiTV License" relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to Plaintiff's allegations that "MobiTV possessed knowledge of the '757 Patent from the date of the formation of the MobiTV License"; to the extent any response is required, MobiTV denies them. MobiTV denies that it was aware of the '757 Patent prior to the filing of this action, including as a result of any license with Gemstar, any litigation involving the Gemstar patents, or through any market participation. MobiTV also denies any

allegation that it has infringed the '757 Patent. The remaining allegations of Paragraph 38 are directed to entities other than MobiTV, and therefore do not require a response by MobiTV. To the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 38, and, on that basis, denies them.

39. Paragraph 39 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. In the event Paragraph 39 is construed to contain infringement allegations against MobiTV, MobiTV denies all such allegations. Otherwise, to the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39, and, on that basis, denies them.

40. Paragraph 40 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. In the event Paragraph 40 is construed to contain infringement allegations against MobiTV, MobiTV denies all such allegations. Otherwise, to the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40, and, on that basis, denies them.

41. Paragraph 41 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. In the event Paragraph 41 is construed to contain infringement allegations against MobiTV, MobiTV denies all such allegations. Otherwise, to the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41, and, on that basis, denies them.

42. Paragraph 42 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. To the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42, and, on that basis, denies them.

43. Paragraph 43 of the Complaint contains no allegations as to MobiTV and therefore does not require a response by MobiTV. In the event Paragraph 43 is construed to contain infringement allegations against MobiTV, MobiTV denies all such allegations. Otherwise, to the extent a response is required, MobiTV lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43, and, on that basis, denies them.

## RESPONSE TO PATENT INFRINGEMENT ALLEGATIONS

44. MobiTV repeats and realleges its responses to Plaintiff's allegations set forth in Paragraphs 28 through 43 as if fully set forth herein.

45. To the extent any allegations set forth in Paragraph 45 of the Complaint relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to such allegations; to the extent any response is required, MobiTV denies them to the extent they relate to MobiTV. MobiTV denies the remaining allegations set forth in Paragraph 45 to the extent they relate to MobiTV.

46. To the extent any allegations set forth in Paragraph 46 of the Complaint relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to such allegations; to the extent any response is

required, MobiTV denies them to the extent they relate to MobiTV. MobiTV denies that it infringes, either directly or indirectly, any valid claim of the '757 Patent. MobiTV denies the remaining allegations set forth in Paragraph 46 to the extent they relate to MobiTV.

47. To the extent any allegations set forth in Paragraph 47 of the Complaint relate to Plaintiff's allegations of joint or indirect infringement, the Court has granted Defendants' motions to dismiss Plaintiff's joint infringement and indirect infringement claims. (D.I. 105, 106). No response is therefore required to such allegations; to the extent any response is required, MobiTV denies them to the extent they relate to MobiTV. MobiTV denies that it infringes, either directly or indirectly, any valid claim of the '757 Patent. MobiTV denies the remaining allegations set forth in Paragraph 47 to the extent they relate to MobiTV.

48. The allegations set forth in Paragraph 48 state a legal conclusion to which no response is required. To the extent any response is required, MobiTV denies the allegations in Paragraph 48 to the extent they relate to MobiTV.

49. The allegations set forth in Paragraph 49 state a legal conclusion to which no response is required. To the extent any response is required, MobiTV denies the allegations in Paragraph 49 to the extent they relate to MobiTV.

50. The allegations set forth in Paragraph 50 state a legal conclusion to which no response is required; to the extent any response is required, MobiTV denies the allegations in Paragraph 50 to the extent they relate to MobiTV.

51. MobiTV denies the allegations in Paragraph 51 to the extent they relate to MobiTV.

52. MobiTV denies all allegations not specifically admitted herein.

### RESPONSE TO IP HOLDINGS' PRAYER FOR RELIEF

Paragraphs A through F of the Complaint set forth the statement of relief requested by IP Holdings, to which no response is required. To the extent any response is required, MobiTV denies that IP Holdings is entitled to the requested relief or any other relief, and denies any allegations contained therein as they relate to MobiTV. To the extent Paragraphs A through F of the Complaint contain factual allegations, MobiTV denies them to the extent they relate to MobiTV.

### JURY DEMAND

MobiTV denies that IP Holdings is entitled to a trial by jury except as permitted by law.

### DEFENSES

MobiTV hereby asserts the following further and separate defenses to the Complaint with knowledge as to its own actions and on information and belief with respect to the actions of others, and without undertaking or otherwise shifting any applicable burdens of proof:

### FIRST DEFENSE
### (Lack of Standing)

53. Upon information and belief, IP Holdings lacks standing to bring this suit.

### SECOND DEFENSE
### (Failure to State a Claim)

54. Each and every one of IP Holdings' claims for relief and each and every one of its allegations fails to state a claim upon which any relief may be granted against MobiTV.

### THIRD DEFENSE
### (Non-Infringement)

55. MobiTV has not and does not infringe any valid claim of the '757 Patent.

## FOURTH DEFENSE
### (Invalidity)

56. Each claim of the '757 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116, 120, and 255 and the rules, regulations, and laws pertaining thereto.

## FIFTH DEFENSE
### (Prosecution History Estoppel)

57. Based on statements, representations, admissions, and/or other conduct during the prosecution of the '757 Patent application and/or related patent applications, and reexaminations of related patents, IP Holdings is estopped from asserting any interpretation of the claims of the '757 Patent that would cover any of MobiTV's allegedly infringing products and/or services.

## SIXTH DEFENSE
### (Claims Barred)

58. IP Holdings' claims are barred, in whole or in part, due to prosecution history estoppel and/or prosecution history disclaimer.

## SEVENTH DEFENSE
### (Limitations on Damages and Costs)

59. IP Holdings failed to provide adequate notice to MobiTV of alleged infringement and, thus, is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of this lawsuit. IP Holdings is precluded from recovering damages from MobiTV for any alleged infringement committed more than six years prior to the filing of this lawsuit under 35 U.S.C. § 286. IP Holdings is barred by 35 U.S.C. § 288 from recovering any costs associated with its action.

### EIGHTH DEFENSE
### (Equitable Defenses)

60. IP Holdings' claims are barred, in whole or in part, under principles of equity, including laches, prosecution laches, waiver, estoppel, unclean hands, and/or other equitable theories because Plaintiff, the inventors, and/or previous owners or assignees of the '757 Patent knew of the basis for the allegations they now assert but unreasonably delayed in bringing this action, and because Plaintiff had become aware of prior art invalidating the '757 Patent, but nevertheless proceeded to assert the invalid patent in this action.

### NINTH DEFENSE
### (Adequate Remedy at Law)

61. IP Holdings is not entitled to injunctive relief because any alleged injury to IP Holdings is not immediate or irreparable and IP Holdings has an adequate remedy at law.

### TENTH DEFENSE
### (IP Holdings Cannot Prove Exceptional Case)

62. IP Holdings' request for relief for enhanced damages including attorneys' fees fails to state a claim upon which relief can be granted because IP Holdings has failed to allege the requisite facts.

### ELEVENTH DEFENSE
### (Dedication to the Public)

63. IP Holdings' claims are barred, in whole or in part, because embodiments not literally claimed in the '757 Patent were dedicated to the public.

### TWELFTH DEFENSE
### (Failure to Join Necessary and/or Indispensable Parties)

64. Upon information and belief the patent-in-suit is not owned by IP Holdings, which has therefore failed to join necessary and/or indispensable parties in the present action as required by the Federal Rules of Civil Procedure.

## THIRTEENTH DEFENSE
### (Improper Joinder)

65. Some or all of the defendants have been improperly joined in a single action and MobiTV asserts its right to a separate trial.

## FOURTEENTH DEFENSE
### (Reservation of Additional Defenses)

66. MobiTV's investigation of its defenses is continuing, and MobiTV reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based upon discovery and further investigation of this case. MobiTV also expressly incorporates by reference herein all defenses pled by other defendants in this action in their respective answers to the Complaint.

## COUNTERCLAIMS

Without waiver of any rights, including the right to seek dismissal and/or transfer of this action, Counterclaim-Plaintiff MobiTV, by and through its undersigned counsel, and by way of Counterclaims against IP Holdings, hereby alleges, with knowledge as to its own actions and on information and belief with respect to the actions of others, the following counterclaims against Counterclaim-Defendant IP Holdings:

### NATURE OF THE ACTION

1. This is an action by Counterclaim-Plaintiff MobiTV pursuant to Rule 13 of the Federal Rules of Civil Procedure for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 5,663,757 (the "'757 Patent"), arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

## PARTIES

2.  Counterclaim-Plaintiff MobiTV is a corporation organized under the laws of the State of Delaware with its principle place of business located at 6425 Christie Ave, 5th Floor Emeryville, CA 94608.

3.  Upon information and belief, Counterclaim-Defendant IP Holdings is a limited liability company organized under the laws of the State of Texas with its principal place of business located at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

## JURISDICTION AND VENUE

4.  These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, *et seq.*, and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6.  IP Holdings has sued MobiTV for patent infringement of the '757 Patent. MobiTV denies that the '757 Patent is valid, enforceable or infringed by MobiTV. There is therefore a substantial, actual, and continuing controversy between IP Holdings and MobiTV as to the propriety of this action and as to the infringement, validity, and enforceability of the '757 Patent.

7.  IP Holdings has consented to personal jurisdiction in this District by commencing therein its action for patent infringement against MobiTV.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

8.  MobiTV repeats and realleges each allegation set forth in Paragraphs 1 through 7 as though fully set forth herein.

9. IP Holdings has sued MobiTV for patent infringement of the '757 Patent. Thus, an immediate, real, and justiciable controversy exists between MobiTV and IP Holdings with respect to the alleged infringement of the '757 Patent.

10. MobiTV has not infringed and does not infringe any valid claim of the '757 Patent.

11. A judicial declaration that MobiTV has not infringed and does not infringe any claim of the '757 Patent is necessary and appropriate at this time so that MobiTV can ascertain its rights and duties with respect to the products and/or services that IP Holdings accuses of infringing the claims of the '757 Patent.

## SECOND COUNTERCLAIM
(Declaratory Judgment of Invalidity)

12. MobiTV repeats and realleges each allegation set forth in Paragraphs 1 through 11 as though fully set forth herein.

13. An immediate, real and justiciable controversy exists between MobiTV and IP Holdings with respect to the invalidity of the '757 Patent.

14. The claims of the '757 Patent are invalid for failure to comply with one or more provisions of 35 U.S.C. § 101, *et seq.*, including, without limitation, §§ 101, 102, 103, 112, 116, 120, and 255 and the rules, regulations, and laws pertaining thereto.

15. A judicial declaration that the claims of the '757 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that MobiTV can ascertain its rights and duties with respect to the products and/or services that IP Holdings accuses of infringing the claims of the '757 Patent.

## RESERVATION OF ADDITIONAL COUNTERCLAIMS

16. As discovery in this case has not yet commenced, and as MobiTV continues to investigate the allegations set forth in the Complaint, MobiTV specifically gives notice that it intends to assert additional counterclaims as may become available by law, statute, or upon discovery in this case. As such, MobiTV hereby reserves the right to amend its Answer and to assert such additional counterclaims as allowed by the Federal and Local Rules.

## PRAYER FOR RELIEF

WHEREFORE, MobiTV respectfully requests judgment granting the following relief:

A. That the Court dismiss each and every claim related to MobiTV in IP Holdings' Complaint with prejudice and deny each and every prayer for relief contained therein;

B. That the Court declare that none of the asserted claims of the '757 Patent are directly or indirectly infringed by the use, sale or offer for sale of any MobiTV service or product or any other activity attributable to MobiTV, either literally or under the doctrine of equivalents;

C. That the Court declare each claim of the '757 Patent to be invalid and/or unenforceable;

D. That the Court declare that IP Holdings is not entitled to any injunctive relief against MobiTV;

E. That the Court declare this case "exceptional" within the meaning of 35 U.S.C. § 285, and that all costs and expenses of this action, including reasonable attorneys' fees, be awarded to MobiTV; and

F. That the Court award such other and further relief to MobiTV as the Court may deem just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and L.R. 38.1, MobiTV demands a trial by jury on all issues so triable.

DATED: July 25, 2011

Respectfully submitted,

FARNAN LLP

By: /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market St.
12th Floor
Wilmington, DE 19801
302- 302-777-0300
bfarnan@farnanlaw.com

Bob Steinberg (Admitted *pro hac vice*)
Ryan E. Hatch (Admitted *pro hac vice*)
LATHAM & WATKINS LLP
355 S. Grand Ave.
Los Angeles, CA 90071
(213) 485-1234

*Attorneys for Defendant MOBITV, INC.*