IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>         Plaintiff,<br><br>  v.<br><br>FLO TV INCORPORATED, et al.,<br><br>         Defendants. | Civil Action No. 10-812 SLR |

**SCHEDULING ORDER**

At Wilmington this \_\_7th\_\_ day of ~~August~~ September, 2011, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties will exchange by September 13, 2011 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

 (a) The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

 (b) Discovery will be needed on the following subjects: patent infringement/non-infringement; patent validity/invalidity; patent enforceability/unenforceability; and any defense and/or counterclaim asserted by any defendant.

 (c) Plaintiff will serve on each Defendant, by September 23, 2011, an initial identification of asserted claims and an identification of each accused product that is made, used, sold, offered for sale or imported by that Defendant, together with an identification of the elements within in each accused product (e.g., components or software) that are relevant to Plaintiff's claims of infringement.

(d) By November 7, 2011, Defendants will produce core technical documents pertaining to each accused product identified by Plaintiff, sufficient to show the structure and operation of the relevant elements of each accused product.

(e) By December 30, 2011, Plaintiff will serve preliminary infringement contentions identifying separately for each accused product where each limitation of each asserted claim is found within each accused product, including for each limitation governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s) or material(s) in the accused product that performs the claimed function.

(f) By February 22, 2012, Defendants will serve preliminary invalidity contentions identifying each item of prior art that allegedly anticipates or renders obvious each asserted claim of the patent-in-suit, including any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1).

(g) All fact discovery shall be commenced in time to be completed by September 3, 2012.

(1) Maximum of twenty-five (25) common interrogatories by Plaintiff to Defendants. Maximum of twelve (12) individual interrogatories by Plaintiff to each Defendant. Maximum of twenty-five (25) common interrogatories by Defendants collectively to Plaintiff. Maximum of twelve (12) individual interrogatories by each Defendant to Plaintiff.

(2) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Maximum of twenty-five (25) requests for admission by each party to any other party. There shall be no limit on the number of requests for admission used to establish the authenticity of documents and things.

(4) Discovery of paper and electronic documents shall be completed on or before June 29, 2012. The scope of e-discovery, if any, will be addressed with the Special Master.

(5) Maximum of 260 hours of deposition time per side, except that Plaintiff shall not be entitled to more than 28 hours of deposition for any one Defendant pursuant to Fed. R. Civ. P. 30(b)(6) or employees of parties pursuant to Fed. R. Civ. P. 30(a)(1). Each fact deposition taken pursuant to Fed. R. Civ. P. 30(a)(1) shall be limited to a maximum of seven (7) hours unless extended by agreement of parties. The deposition of the inventor taken in his individual capacity pursuant to Fed. R. Civ. P. 30(a)(1) shall be limited to a maximum of fourteen (14) hours.

(h) Expert discovery shall be commenced in time to be completed by February 1, 2013.

(1) Expert reports on issues for which the parties have the burden of proof due November 16, 2012. Rebuttal expert reports due December 14, 2012.

(2) The parties will negotiate and agree upon time limits for expert depositions after expert reports have been served.

(3) All Daubert motions shall be filed on or before April 5, 2013.

(i) Supplementations under Rule 26(e) due September 3, 2012.

(j) **Discovery Disputes**. Pursuant to 28 U.S.C. § 636, this matter is referred to a Special Master to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Special Master may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement and/or discovery on the issues related to secondary considerations of obviousness.

(k) **Fact Witnesses to be Called at Trial**. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of

each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before April 13, 2012.

4. **Settlement Conference and Status Conference**.

(a) Pursuant to 28 U.S.C. § 636, this matter is referred to a Special Master for the purposes of exploring ADR.

(b) Within 30 days after [~~PLAINTIFF PROPOSES FEBRUARY 22, 2012~~/DEFENDANTS PROPOSE DECEMBER 30, 2011], the parties will meet and confer regarding the structure and schedule for remaining discovery in this action, including procedures to facilitate early resolution.

5. **Claim Construction Issue Identification**. If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on July 27, 2012. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6. **Claim Construction**. Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on August 15, 2012, with the claim chart separately docketed. Plaintiff shall serve and file its opening brief on claim construction on or before September 10, 2012. Defendants shall serve and file their answering claim construction brief on or before October 5,

4

2012. Plaintiff shall serve and file its reply brief on or before October 24, 2012. Defendants shall serve and file their surreply brief on or before November 9, 2012.

7. **Summary Judgment Motions**

(a) All summary judgment motions shall be served and filed on or before February 22, 2013. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

(b) Opening briefs on infringement and invalidity shall be served on or before February 22, 2013.

(c) Answering briefs on infringement and invalidity, and/or, if cross-motions are presented, opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on or before March 15, 2013.

(d) Reply briefs on infringement and invalidity, and/or, if cross-motions are presented, answering briefs or combined answering-reply briefs on noninfringement and validity shall be served and filed on or before March 29, 2013.

(e) Where cross-motions are presented, a surreply brief will be permitted. Surreply briefs on infringement and invalidity, and/or, if cross-motions are presented, reply briefs or combined reply-surreply briefs on noninfringement and validity shall be served and filed on or before April 5, 2013.

(f) The hearing on the claim construction and motion(s) for summary judgment will be heard on May 3, 2013, at 9:30 a.m.

8. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short

statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

    9. **Motions in Limine**. No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

    10. **Pretrial Conference**. A pretrial conference will be held on July 25, 2013, at 4:00 p.m., in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

    11. **Trial**. This matter is scheduled for a three-week jury trial commencing on August 12, 2013, in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

                                                         _____
                                                            United States District Judge