# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 10-812-SLR |
| | ) |
| FLO TV INCORPORATED; et al. | ) |
| | ) |
| Defendants. | ) |

## MOVING DEFENDANTS' OPENING BRIEF
## IN SUPPORT OF THEIR MOTION TO STAY

*Of Counsel:*

Richard de Bodo
Robert J. Benson
Patrick Park
DLA Piper LLP (US)
1999 Avenue of the Stars, Suite 400
Los Angeles, CA  90067-6023
(310) 595-3000
*Attorneys for Kyocera Communications Inc.*

Jaideep Venkatesan
Daniel J. Bergeson
Mindy M. Morton
BERGESON, LLP
303 Almaden Blvd., Suite 500
San Jose, CA  95110-2712
(408) 291-6200
*Attorneys for LetsTalk.com, Inc.*

Dated:  February 1, 2012

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
Lauren E. Maguire (I.D. #4261)
Andrew C. Mayo (I.D. #5207)
500 Delaware Avenue, 8th floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Defendants*
*Kyocera Communications Inc. and*
*LetsTalk.com, Inc.*

*(but filed on behalf of all Moving*
*Defendants, with their consent)*

{00599482;v1}

## **TABLE OF CONTENTS**

PAGE(S)

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. NATURE AND STAGE OF THE PROCEEDINGS................................................................. 1

III. SUMMARY OF ARGUMENT ................................................................................................ 2

IV. STATEMENT OF FACTS ...................................................................................................... 3

    A.    Claims 1-8 of the '757 Patent Have Been Finally Rejected In Reexamination ........................................................................................................ 3

    B.    Plaintiff Has Amended Claims 9 and 10 of the '757 Patent ................................. 3

V. UNDER THE UNIQUE FACTS OF THIS CASE, A STAY IS WARRANTED PENDING CONCLUSION OF THE REEXAMINATION ............................................. 5

    A.    Factors That Govern Whether to Stay an Action Pending Reexamination ........... 5

    B.    No Discovery Has Commenced, Other Than Early Mandated Disclosures .......... 5

    C.    Since Plaintiff Has Already Narrowed Its Claims in Reexamination, a Stay Would Simplify Issues of Invalidity, Infringement and Damages ........................ 6

        1.    When Claims Are Narrowed During Reexamination, Absolute Intervening Rights Bar Infringement Claims For All Products Made or Sold Before the Reexamination Certificate Issues ...................... 7

        2.    The Potential for Intervening Rights and for Avoiding Wasteful Claim Construction Proceedings, When Claims Have Already Been Finally Rejected or Amended During Reexamination, Weighs in Favor of a Stay ........................................................................... 9

    D.    Factors Relating to Prejudice Weigh in Favor of a Stay..................................... 12

        1.    Defendants Would be Severely Prejudiced in the Absence of a Stay Because All Upcoming Fact Discovery May Be Rendered Moot ........... 12

        2.    The Request for Reexamination and Motion to Stay Were Brought as Early as Practicable .......................................................................... 12

        3.    The Status of the Reexamination Proceeding Favors a Stay Where a Final Office Action Has Issued and the Only Claims Allowed Have Already Been Amended ................................................................ 14

        4.    Plaintiff EON is a Licensing Entity and Does Not Compete With Defendants ............................................................................................. 15

VI. CONCLUSION ...................................................................................................................... 15

# TABLE OF AUTHORITIES

**CASES**                                                **PAGE(S)**

*Atlantic Const. Fabrics, Inc. v. Metrochem, Inc.*,
 2008 WL 4414763 (W.D. Wash. Sept. 24, 2008) ................................................................. 8, 10

*BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*,
 1 F.3d 1214 (Fed. Cir. 1993) .......................................................................................................8

*Cerner Corp. v. Visicu, Inc.*,
 667 F. Supp. 2d 1062 (W.D. Mo. 2009) .....................................................................................8

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*,
 734 F. Supp. 656 (D. Del. 1990) ..................................................................................................5

*eBay Inc. v. PartsRiver, Inc.*,
 2011 WL 1754083 (N.D. Cal. May 9, 2011) ...............................................................................8

*Eberle v. Harris*,
 2010 WL 6281563 (D.N.J. June 30, 2010) ..................................................................................8

*Helicos Biosciences Corp. v. Pac, Biosciences of Cal.*,
 2011 WL 6299761 (D. Del. Dec. 16, 2011) .................................................................... 6, 11, 14

*Ho Keung Tse v. eBay, Inc.*,
 2011 WL 3566437 (N.D.Cal. Aug. 12, 2011) ................................................................. 9, 10, 11

*Intest Corp. v. Reid-Ashman Mfg., Inc.*,
 66 F. Supp. 2d 576 (D. Del. 1999) ..............................................................................................8

*Laitram Corp. v. NEC Corp.*,
 163 F.3d 1342 (Fed.Cir.1998) .................................................................................................7, 8

*LifeScan, Inc. v. Roche Diagnostics Corp.*,
 2007 WL 1615372 (N.D. Cal. June 4, 2007) ..............................................................................8

*Oracle Corp. v. Parallel Networks, LLP*,
 2010 WL 3613851 (D. Del. Sept. 8, 2010) ..................................................................... 6, 13, 14

*Vehicle IP, LLC v. Wal-Mart Stores, Inc.*,
 2010 WL 4823393 (D. Del. Nov. 22, 2010) ........................................................................passim

*Yoon Ja Kim v. Earthgrains Co.*,
 2011 WL 6118496 (Fed. Cir. Dec. 9, 2011) ............................................................................8, 9

**STATUTES**

35 U.S.C. §§ 252, 307(b) ................................................................................................................7

Rule 12(b)(6).............................................................................................................................1, 13

## I.  PRELIMINARY STATEMENT

This case presents unique circumstances that warrant a stay pending reexamination. All but two claims of the patent-in-suit have been finally rejected by the Patent Office, and the remaining two claims have been narrowed by amendment. As a result, intervening rights will bar Plaintiff's infringement claims for Defendants' actions prior to issuance of a Reexamination Certificate, which will render much (and possibly all) of the upcoming discovery moot. Moreover, because the patent-in-suit expires in 2014, Defendants' intervening rights may result in a very limited damages period (if any), thereby greatly reducing any potential damages award and promoting the prospect of settlement. Meanwhile, the litigation remains in its early stages: no discovery has been conducted other than early mandated disclosures, what little has been done may no longer be applicable, and the trial date is still 18 months away.

Accordingly, a stay is warranted because the reexamination will simplify issues of invalidity, infringement *and* damages. Enormous resources would otherwise be wasted, given the change in the remaining two patent claims and the likelihood that intervening rights would render moot much (if not all) of the discovery that would otherwise be required from Defendants during this coming year. Because a stay will promote the most economic use of resources and the efficient resolution of this case, Defendants' motion should be granted.

## II.  NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff EON Corp. IP Holdings, LLC ("EON") filed this action against 17 different Defendants on September 23, 2010, alleging infringement of U.S. Patent No. 5,663,757 (the "'757 Patent"). (D.I. 1.) Defendants moved to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6). (D.I. 84.) On July 12, 2011, the Court granted Defendants' motion in part and dismissed Plaintiff's claims for joint infringement and indirect infringement. (D.I. 105, 106.) Plaintiff subsequently sought leave to add claims of indirect infringement back into the

case, which Defendants opposed. (D.I. 177.) Following the entry of the Court's Scheduling Order on September 7, 2011 (D.I. 152), the Defendants were to produce "core technical documents" on November 7, 2011, and Plaintiff was to serve preliminary infringement contentions on January 6, 2012.

Other than these early mandated disclosures, no discovery has taken place. Under the Court's Scheduling Order, the Parties were then obligated to "meet and confer regarding the structure and schedule for remaining discovery in this action" by January 30, 2012. (D.I. 152 at Sec. 4(b).) The Parties agreed that no discovery other than the early mandated disclosures would commence before that date. The trial has been set for August 12, 2013.

### III. SUMMARY OF ARGUMENT

1. The factors applied by this Court when determining whether to grant a stay pending reexamination weigh in favor of a stay:

- **Stage of the litigation:** The early stage of this litigation favors a stay. Other than exchanging early mandated disclosures, which may no longer be applicable, no fact discovery has occurred. Trial is more than a year and a half away, beginning on August 12, 2013.

- **Simplification of issues for trial:** Most of the claims of the patent-in-suit have been finally rejected by the Patent Office, and Plaintiff has narrowed the remaining two claims by amendment. Intervening rights will therefore apply, barring claims for infringement prior to the issuance of the Reexamination Certificate. Accordingly, the reexamination will simplify issues of invalidity, infringement *and* damages. This factor therefore favors a stay.

- **Timing of request for reexamination and motion to stay:** The request for reexamination and motion to stay were filed as early as practicable. Although the reexamination was initiated after the filing of this lawsuit, reexamination could not have been sought at an earlier time because, as the Court has already acknowledged, Defendants lacked pre-filing knowledge of the patent-in-suit. Moreover, Defendants did not file their motion to stay prematurely during the early stages of the reexamination, but brought the motion promptly after the Patent Office issued its final office action on January 25, 2012. Because Defendants acted promptly after learning of the patent and following the final office action in the reexamination, this factor is neutral or weighs in favor of a stay.

- **Status of reexamination:** In its final office action, the Patent Office finally rejected claims 1-8 of the patent-in-suit, and allowed claims 9 and 10 because Plaintiff had narrowed those claims by amendment. Because the Patent Office has issued its final office action and the only claims allowed were modified during the reexamination, this factor weighs in favor of a stay.

- **Relationship of the parties:** Plaintiff is a non-practicing licensing entity and does not compete with the Defendants. As a result, Plaintiff can only recover a reasonable royalty, which is compensable with monetary damages, and any delay in judgment will have no impact on Plaintiff's market position. This factor favors a stay.

Accordingly, applying all of the relevant factors, the Court should grant Defendants' motion to stay.

### IV. STATEMENT OF FACTS

**A.     Claims 1-8 of the '757 Patent Have Been Finally Rejected In Reexamination**

Defendant Kyocera Communications, Inc. ("Kyocera") filed a request for *ex parte* reexamination of all ten claims of the '757 Patent on May 17, 2011 (attached in relevant part as Exh. A). The U.S. Patent and Trademark Office ("PTO") granted the request for reexamination on June 17, 2011. (Exh. B.) The PTO issued a non-final office action on September 29, 2011, rejecting all claims of the '757 Patent over multiple combinations of prior art. (Exh. C.)

Plaintiff filed its response to the initial office action on November 29, 2011. (Exh. D.) Plaintiff amended three of the four independent claims of the '757 Patent—claims 8, 9 and 10— and traversed the Examiner's rejections of claims 1-7 by arguing that certain limitations were not disclosed by the prior art. (*Id.*) In its final office action, the PTO finally rejected claims 1-8 of the '757 Patent and allowed claims 9 and 10 as amended. (Exh. E.)

**B.     Plaintiff Has Amended Claims 9 and 10 of the '757 Patent**

In its response to the initial office action on November 29, 2011, Plaintiff narrowed claims 9 and 10 by adding additional limitations to each of those claims:

**Claim 9 (Amended)**

> … means controlled by replaceable software means operable with said operation control system for establishing and controlling a mode of operation that records historical operating data of the local subscriber's data processing station<u>, and reconfiguring the operating modes by adding or changing features and introducing new menus</u>.

**Claim 10 (Amended)**

> … means controlled by replaceable software means operable with said operator control system for establishing and controlling fiscal transactions with a further local station in said network of interactive communications, and means for establishing an accounting mode of operation for maintaining and reporting fiscal transactions incurred in the operation of the local subscriber's data processing station<u>, and reconfiguring the operating modes by adding or changing features and introducing new menus</u>.

(Exh. D at pp. 4-8 (emphasis in original).)

In its final office action, the PTO allowed claims 9 and 10 as amended. (Exh. E.) The Examiner expressly stated that amended claims 9 and 10 were found to be patentable over the prior art of record because Plaintiff had narrowed those claims by amendment, adding new limitations that the Examiner found sufficient to avoid the prior art:

> In the case of both claims, these limitations now require the contents of the replaceable software means to perform *two additional actions* which the art of record does not teach, "adding or changing features" and "introducing new menus". Thus, amended claims 9 and 10 are patentable over the prior art.

(*Id.* at p. 5, emphasis added.) The Examiner further stated that "contrary to statements made in the arguments this [new] limitation is not present in claim 1." For this reason, the Examiner finally rejected claim 1, which was essentially identical to original claims 9 and 10 except that claim 1 lacked the new limitations that had been added to claims 9 and 10. (*Id.* at pp. 11-12.)

V.    **UNDER THE UNIQUE FACTS OF THIS CASE, A STAY IS WARRANTED PENDING CONCLUSION OF THE REEXAMINATION**

A.    **Factors That Govern Whether to Stay an Action Pending Reexamination**

The determination of whether to stay an action rests within the broad discretionary powers of the Court. *Dentsply Int'l, Inc. v. Kerr Mfg. Co.,* 734 F. Supp. 656, 658 (D. Del. 1990) (*citing Bechtel Corp. v. Laborers' Int'l Union,* 544 F.2d 1207, 1215 (3d Cir. 1976)). Under the jurisprudence of this Court, three general factors inform the decision of whether to grant a stay:

> (1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set.

*Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, 2010 WL 4823393, at *1 (D. Del. Nov. 22, 2010) (*citing Enhanced Sec. Research, LLC v. Cisco Sys., Inc.,* 2010 WL 2573925, at *3 (D. Del. June 25, 2010)). When deciding a motion to stay pending reexamination, this Court has focused on the status of the litigation, whether the reexamination will simplify the issues for trial, the timing of the request for reexamination and motion to stay, the status of the reexamination proceeding, and whether the parties are competitors. *Vehicle IP,* 2010 WL 4823393, at *1-2. As set forth in the following sections, these factors weigh in favor of a stay when applied to the unique circumstances of this case.

B.    **No Discovery Has Commenced, Other Than Early Mandated Disclosures**

The present litigation is still in its early stages. Written discovery has not yet commenced and no depositions have been taken. The parties have engaged only in early mandated disclosures: Defendants' production of "core technical documents" in November 2011 and EON's preliminary infringement contentions, which were served on January 6, 2012. Because EON's infringement contentions were directed to the original claims that have now been either finally rejected or amended, they no longer apply. Fact discovery does not close until September

2012; expert discovery is set to close more than a year from now, on February 1, 2013, and the trial date of August 12, 2013 is still 18 months away.

As in prior decisions of this Court, the early stage of this litigation weighs in favor of a stay. In *Vehicle IP,* this Court granted a motion to stay pending reexamination where discovery had not yet commenced. *Vehicle IP*, 2010 WL 4823393, at *1. By comparison, the status of the litigation was considered a "neutral" factor in *Helicos,* where discovery was far more advanced than in this case. *Helicos Biosciences Corp. v. Pac, Biosciences of Cal.,* 2011 WL 6299761, at *2 (D. Del. Dec. 16, 2011). There, written discovery had commenced ten months earlier, depositions had already been taken, and expert discovery was set to close in four months. *Id.* In cases where this Court has found the stage of litigation to weigh against a stay, discovery was already completed. *See, e.g., Oracle Corp. v. Parallel Networks, LLP,* 2010 WL 3613851, at *2 (D. Del. Sept. 8, 2010) (denying motion to stay where fact and expert discovery had been completed for two years, and claim construction and summary judgment had also been completed). Accordingly, this factor supports a stay.

**C.  Since Plaintiff Has Already Narrowed Its Claims in Reexamination, a Stay Would Simplify Issues of Invalidity, Infringement and Damages**

The present motion is different from other motions to stay ruled upon by this Court, because most claims have been finally rejected, and the only two claims allowed have already been narrowed by amendment during the reexamination proceeding. Unless this result is reversed on appeal, absolute intervening rights will limit Plaintiff's infringement claims to products manufactured *after* the Reexamination Certificate issues. This will substantially narrow issues of infringement and damages as to all Defendants and lead to the *dismissal* of Defendants that no longer make the accused products (*e.g.,* FLO TV and Qualcomm). Moreover, due to the application of intervening rights, most (and perhaps all) of the upcoming discovery from

Defendants will be rendered moot because Plaintiff will be barred from claiming infringement as to all accused products made before the Reexamination Certificate issues.

After the completion of the reexamination, including any appeals, the Court will need to examine the complete history of the reexamination to make a final determination of whether intervening rights apply to any claims that ultimately issue. Based on the current record, however, intervening rights will apply to amended claims 9 and 10, which were the only claims allowed in the final office action. Moreover, because claims 9 and 10 were narrowed by amendment, the additional prosecution history created during the reexamination will necessarily impact the claim construction proceedings in this action. Thus, the reexamination proceeding in this case will simplify issues of invalidity, infringement, *and* damages, weighing in favor of a stay.

### 1. When Claims Are Narrowed During Reexamination, Absolute Intervening Rights Bar Infringement Claims For All Products Made or Sold Before the Reexamination Certificate Issues

A patentee of a reexamined patent is only entitled to infringement damages prior to the issuance of the reexamination certificate if the original and reexamined claims are "identical" or "without substantive change." 35 U.S.C. §§ 252, 307(b); *Laitram Corp. v. NEC Corp.,* 163 F.3d 1342, 1346 (Fed.Cir.1998). "If substantive changes have been made to the original claims, the patentee is entitled to infringement damages only for the period following the issuance of the reexamination certificate." *Id.* Whether claims have been narrowed during reexamination, so as to give rise to absolute intervening rights, is a question of law. *See id.* at 1346-47.

Section 252 thus provides an accused infringer with the absolute right to continue to use or sell a specific product that it made, used, or purchased before the grant of the reexamined patent. *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.,* 1 F.3d 1214, 1220 (Fed. Cir. 1993).

As a result, when claims are narrowed by amendment during reexamination, an accused infringer has a complete defense to infringement for making, using and selling accused products prior to the date the reexamination certificate issues and for the *continued* use or sale of products made before the certificate issues, which occurs after any appeals from the reexamination proceeding have been completed.  *See, e.g., Yoon Ja Kim v. Earthgrains Co.,* 2011 WL 6118496 (Fed. Cir. Dec. 9, 2011) (granting summary judgment of no damages for time period prior to issuance of reexamination certificate, because claim amendments during reexamination gave rise to intervening rights); *eBay Inc. v. PartsRiver, Inc.,* 2011 WL 1754083, at *3-4 (N.D. Cal. May 9, 2011) (same); *Eberle v. Harris,* 2010 WL 6281563, at *13-14 (D.N.J. June 30, 2010) (same); *Cerner Corp. v. Visicu, Inc.,* 667 F. Supp. 2d 1062, 1075-76 (W.D. Mo. 2009) (same); *LifeScan, Inc. v. Roche Diagnostics Corp.,* 2007 WL 1615372, at *1 (N.D. Cal. June 4, 2007) (same); *Intest Corp. v. Reid-Ashman Mfg., Inc.,* 66 F. Supp. 2d 576, 588 (D. Del. 1999) (same).

When a patent examiner, in reexamination, rejects the original claims over the prior art, but then allows the same claims as amended, this is considered "compelling evidence" that the scope of the claims substantively changed as a result of the amendments.  *Atlantic Const. Fabrics, Inc. v. Metrochem, Inc.,* 2008 WL 4414763, at *4 (W.D. Wash. Sept. 24, 2008).  As the Federal Circuit has observed, "it is difficult to conceive of many situations in which the scope of a rejected claim that became allowable when amended is not substantively changed by the amendment."  *Laitram,* 163 F.3d at 1348.

Based on the current record in the reexamination of the '757 Patent, intervening rights will bar Plaintiff's infringement claims for products made before the issuance of the Reexamination Certificate.  Claims 1-8 of the '757 Patent have been finally rejected, and the only claims allowed, claims 9 and 10, were narrowed by Plaintiff's amendments during the

reexamination.  In response to the Examiner's initial office action rejecting all of the claims, Plaintiff amended claims 9 and 10 by adding a limitation requiring that the "replaceable software means" perform *two additional functions* that were not required by original claims 9 and 10: "reconfiguring the operating modes by adding or changing features and introducing new menus." The Examiner then confirmed the patentability of claims 9 and 10 based on those amendments, because they added new limitations that the Examiner found sufficient to avoid the prior art:

> In the case of both claims, these limitations now require the contents of the replaceable software means to perform *two additional actions* which the art of record does not teach, "adding or changing features" and "introducing new menus".  Thus, amended claims 9 and 10 are patentable over the prior art.

(*Id.* at p. 5, emphasis added.)  The Examiner also finally rejected claim 1, which was essentially identical to original claims 9 and 10 except that claim 1 lacked the new limitations that had been added to (and narrowed) claims 9 and 10.  (*Id.* at pp. 11-12.)

There can be no legitimate dispute, on this record, that claims 9 and 10 were narrowed in scope by Plaintiff's amendments and that intervening rights will apply as a matter of law.  *See, e.g., Yoon Ja Kim*, 2011 WL 6118496 (affirming summary judgment of no damages for time period prior to issuance of reexamination certificate, where examiner indicated that added limitation was necessary for the claims to overcome the prior art).

### 2. The Potential for Intervening Rights and for Avoiding Wasteful Claim Construction Proceedings, When Claims Have Already Been Finally Rejected or Amended During Reexamination, Weighs in Favor of a Stay

This Court has not directly addressed the impact of a potential intervening rights defense on a motion to stay pending reexamination, but when considered in other jurisdictions, this factor has been found to weigh in favor of a stay.  For example, in *Ho Keung Tse v. eBay, Inc.,* 2011 WL 3566437 (N.D. Cal. Aug. 12, 2011), the claim asserted in the action had been amended during a pending reexamination proceeding.  Because the plaintiff's amendment added

limitations, thereby narrowing the scope of the claim, the Court found that intervening rights would apply, and "plaintiff may not recover damages for infringement occurring before the reexamination certificate is issued." *Id.* at *3.

> Moreover, eBay cannot be held liable for any infringement taking place before a reexamination certificate issues, which will not happen until the appeals process concludes. [citations omitted.] In light of the uncertainty as to what accused products might exist and what claim 21 might mean after the appeal is resolved, ***attempting to litigate this action now would be futile.***

*Id.* (emphasis added). In addition, noting that there was no way to know whether the claim would issue and in what form, the Court observed that "the prosecution history of the patent is still being developed," and depending on how the claims were ultimately amended, "claim construction proceedings will likely be different as a result, and this action will be shaped by the richer prosecution history available to inform the claim construction process." *Id.* In view of these factors, the Court found a stay pending reexamination was warranted.

The manner in which efficiency can be gained by staying a case under the present circumstances is illustrated by *Atlantic,* 2008 WL 4414763. In that case, the court stayed the action pending the completion of reexamination. During the reexamination, the plaintiff amended the asserted claims of the patent-in-suit. *Id.* at *2-3. Less than one month after the reexamination certificate issued, the court granted summary judgment of non-infringement as to all products made or sold prior to the issuance of the reexamination certificate, based on absolute intervening rights. *Id.* at *6-7.

In *Vehicle IP,* under much less persuasive facts where the claims had *not* yet been amended during reexamination, this Court found that the factor regarding simplification of issues neither favored nor disfavored a stay. The Court observed that the issues for trial did not completely overlap with those that would be resolved upon reexamination, but that the PTO had

decided to review all of the asserted claims and there was no allegation of inequitable conduct. The Court in *Vehicle IP* further observed:

> In the case at bar, there is **a possibility** that a substantial number of the claims may be modified or canceled by the PTO during the pendency of the case. If the PTO were to remove or modify claims, it would simplify issues pending before the court, since all of the issues are directly linked to the asserted claims.

*Vehicle IP,* 2010 WL 4823393, at *2 (granting motion to stay) (emphasis added).

The present facts are analogous to *Ho Keung Tse* and much stronger than those in *Vehicle IP*. In the reexamination of the '757 Patent, the modification of the claims is not a mere "possibility" as in *Vehicle* IP—claims 9 and 10 have *already been amended,* and all other claims have been *finally rejected.* Moreover, because intervening rights will preclude EON from claiming infringement based on any products sold prior to the issuance of the Reexamination Certificate, the pending reexamination will impact not only invalidity issues, but also the issues of infringement and damages. Even if EON were to appeal the rejection of claims 1-8, it makes no sense to continue proceedings in the interim based on patent claims that stand finally rejected.

The current reexamination proceedings will also have a significant impact on claim construction, because "if valid claims do emerge from this process, they will necessarily be different from those at issue in this litigation." *Helicos,* 2011 WL 6299761, at *3. Thus, "claim construction proceedings will likely be different as a result, and this action will be shaped by the richer prosecution history available to inform the claim construction process." *Ho Keung Tse,* 2011 WL 3566437, at *3.

Accordingly, as this Court stated in *Vehicle IP,* the removal or modification of claims will "simplify the issues pending before the court, since all of the issues are directly linked to the asserted claims." *Vehicle IP*, 2010 WL 4823393, at *2. This factor weighs in favor of a stay.

**D. Factors Relating to Prejudice Weigh in Favor of a Stay**

**1. Defendants Would be Severely Prejudiced in the Absence of a Stay Because All Upcoming Fact Discovery May Be Rendered Moot**

As outlined in the preceding sections, *supra* at pp. 8-13, intervening rights are likely to apply to the only two claims that have been allowed in the reexamination, barring Plaintiff's infringement claims for all products made prior to the issuance of the Reexamination Certificate. Under the Court's Scheduling Order, all of the fact discovery in this case is likely to occur between January 30, 2012 (when the parties complete their meet-and-confer regarding the sequencing and structure of discovery) and September 3, 2012, when fact discovery closes. If Plaintiff appeals the final rejection of claims 1-8, the reexamination proceeding will last well beyond September 3, 2012. As to the accused products made or sold only prior to issuance of the Reexamination Certificate, the fact discovery obtained from all 15 Defendants will be rendered moot, which represents an enormous waste of resources for both the parties and the Court, whose involvement may be needed to resolve discovery disputes. This factor weighs in favor of a stay.

**2. The Request for Reexamination and Motion to Stay Were Brought as Early as Practicable**

Defendant Kyocera filed the request for reexamination of the '757 Patent soon after Plaintiff filed this action. However, this Court has already dismissed Plaintiff's indirect infringement claims on the basis that Defendants lacked any pre-filing knowledge of the '757 Patent.[1] It cannot fairly be suggested that any Defendant should have filed a request for reexamination during a period of time when it had no knowledge of the patent.

---

[1] "Plaintiff fails to allege sufficient facts that would allow the Court to infer that Defendants had any knowledge of the '757 patent at the time they were committing the allegedly infringing activities. … Without the requisite knowledge element, plaintiff fails to adequately state a claim for indirect infringement." (D.I. 105 at p. 8.)

The request for reexamination was filed early in the litigation, while Defendants' Rule 12(b)(6) motion to dismiss was still pending. (Exh. A.) Moreover, the present motion to stay was filed within a week after the PTO issued its final office action and shortly after EON amended its claims during the reexamination. Under the jurisprudence of this Court, a stay may not have been warranted during the earlier stages of the reexamination proceeding, but clearly became appropriate once Plaintiff amended its claims on November 29, 2011 and after the PTO finally rejected all non-amended claims on January 25, 2012. There are no facts in this case that would imply that Defendants filed the request for reexamination or the motion to stay to obtain an inappropriate tactical advantage. *Cf. Oracle,* 2010 WL 3613851 at *2 (motion to stay denied where moving party delayed in bringing the motion more than a year after the PTO had finally rejected the claims in reexamination and after the Federal Circuit reversed this Court's summary judgment ruling of non-infringement). Indeed, the PTO's final rejection of all non-amended claims further validates the merit of the request for reexamination.

Finally, this Court has sometimes commented on the length of time it takes for a reexamination proceeding to be completed (including appeals) as a factor that weighs against a stay. In the present case, however, this factor cuts in the opposite direction. The '757 patent expires on September 2, 2014, and intervening rights will limit Plaintiff's infringement claims to the time period *after* the Reexamination Certificate is issued. The longer it takes for the reexamination proceeding to conclude, the more it will simplify the issues in this litigation. Accordingly, this factor weighs in favor of a stay.

### 3. The Status of the Reexamination Proceeding Favors a Stay Where a Final Office Action Has Issued and the Only Claims Allowed Have Already Been Amended

In the PTO's final office action, claims 1-8 were finally rejected and the only claims allowed—claims 9 and 10—have been narrowed by amendment. Based on these facts, the status of the reexamination weighs in favor of a stay.

Once claims have been finally rejected and the reexamination is moving into the appellate phase, this Court has held that the status of the reexamination proceeding favors a stay. *Oracle,* 2010 WL 3613851, at *3. This Court has also held that a stay is favored once some claims have been amended during reexamination. In *Helicos,* a non-final office action rejected claims 1-32 of the '400 patent, and in response, the patentee amended independent claims 1 and 30. The Court held that under these facts, the "status of reexamination proceedings" favored a stay:

> With respect to the '400 patent, a stay is slightly favored in the view of the fact that, if valid claims do emerge from this process, they will necessarily be different from those at issue in this litigation.

*Helicos,* 2011 WL 6299761, at *3.

The same situation is presented here. Plaintiff has expressly amended claims 9 and 10, which were the only claims allowed in the final office action. All of the other claims have been finally rejected. Accordingly, "if valid claims do emerge from this process, they will necessarily be different from those at issue in this litigation." *Helicos*, 2011 WL 6299761, at *3. Thus, this factor weighs in favor of a stay.[2]

---

[2] The Court ultimately denied the motion to stay in *Helicos,* but the '400 patent was only one of four asserted patents, and the patentee had not amended its claims in the other three patents. The situation is different here, where the '757 Patent is the only patent asserted. Other factors in *Helicos* also weighed against a stay (*e.g.,* discovery was far more advanced and the plaintiff was a competitor of the defendants).

### 4. Plaintiff EON is a Licensing Entity and Does Not Compete With Defendants

Where the Plaintiff does not develop or sell any products of its own and is not a competitor of Defendants, this factor favors a stay. *Vehicle IP,* 2010 WL 4823393 at *2 (granting motion to stay); a*ccord Oracle,* 2010 WL 3613851 at *3 (factor favors stay where patentee is not a competitor of the accused infringer).

Plaintiff EON Corp. IP Holdings LLC is a licensing entity. Plaintiff does not practice the '757 patent, nor does it compete with the Defendants. Plaintiff does not sell cellular phones, operate cellular networks, or provide television programming content—i.e., the types of products accused of infringement in this case. Plaintiff therefore will not suffer any lost profits or market share and can at most recover a reasonable royalty, which is compensable by monetary damages. Accordingly, this factor weighs in favor of a stay.

## VI. CONCLUSION

For all the foregoing reasons, the Moving Defendants respectfully request that the Court stay the pending litigation until after the reexamination proceeding has concluded and the PTO issues a Reexamination Certificate.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  |  |
|  | */s/ Andrew C. Mayo* |
| *Of Counsel:* | _____ |
|  | Steven J. Balick (I.D. #2114) |
| Richard de Bodo | Lauren E. Maguire (I.D. #4261) |
| Robert J. Benson | Andrew C. Mayo (I.D. #5207) |
| Patrick Park | 500 Delaware Avenue, 8th floor |
| DLA Piper LLP (US) | P.O. Box 1150 |
| 2000 Avenue of the Stars, Suite 400 | Wilmington, DE  19899 |
| Los Angeles, CA  90067-6023 | (302) 654-1888 |
| (310) 595-3000 | sbalick@ashby-geddes.com |
| *Attorneys for Kyocera Communications Inc.* | lmaguire@ashby-geddes.com |
|  | amayo@ashby-geddes.com |
| Jaideep Venkatesan |  |
| Daniel J. Bergeson | *Attorneys for Defendants* |
| Mindy M. Morton | *Kyocera Communications Inc. and* |
| BERGESON, LLP | *LetsTalk.com, Inc.* |
| 303 Almaden Blvd., Suite 500 |  |
| San Jose, CA  95110-2712 | *(but filed on behalf of all Moving Defendants,* |
| (408) 291-6200 | *with their consent)* |
| *Attorneys for LetsTalk.com, Inc.* |  |

Dated:  February 1, 2012