## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § § § | |
| Plaintiff, | § § § | Civil Action No. 1:10-cv-00812 |
| v. | § § | |
| FLO TV INCORPORATED; MOBITV, INC.; U.S. CELLULAR CORPORATION; LG ELECTRONICS MOBILECOMM USA, INC.; MOTOROLA MOBILITY, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA LLC; SPRINT NEXTEL CORPORATION; RESEARCH IN MOTION CORPORATION; HTC AMERICA INC.; PALM, INC; KYOCERA COMMUNICATIONS INC.; WIREFLY, CORP.; LETSTALK.COM, INC.; QUALCOMM, INC.; GOTV NETWORKS, INC.; SPB SOFTWARE; and CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | § § § § § § § § § § § § § § § § § § § | JURY TRIAL REQUESTED |
| Defendants. | § | |

## PLAINTIFF EON CORP. IP HOLDINGS, LLC'S THIRD AMENDED COMPLAINT

Plaintiff EON Corp. IP Holdings, LLC ("EON") by and for its Complaint against FLO TV Incorporated ("FLO TV"); MobiTV, Inc. ("MobiTV"); U.S. Cellular Corporation ("U.S. Cellular"); LG Electronics MobileComm USA, Inc. ("LG"); Motorola Mobility, Inc. ("Motorola"); Samsung Telecommunications America LLC ("Samsung"); Sprint Nextel Corporation ("Sprint"); Research in Motion Corporation ("RIM"); HTC America Inc. ("HTC"); Palm, Inc. ("Palm"); Kyocera Communications Inc. ("Kyocera"); Simplexity, LLC d/b/a Wirefly ("Wirefly"); LetsTalk.com, Inc. ("LetsTalk.com"); Qualcomm, Inc. ("Qualcomm"); GoTV Networks, Inc. ("GoTV"); SPB Software, Inc. ("SPB"); and Cellco Partnership D/B/A Verizon

Wireless ("Verizon") (collectively "Defendants") for infringement of U.S. Patent No. 5,663,757 (the "'757 Patent") pursuant to 35 U.S.C. § 271 alleges as follows:

## THE PARTIES

1.     Plaintiff EON Corp. IP Holdings, LLC is a Texas limited liability company with its principal place of business located at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

2.     Defendant FLO TV is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3.     Defendant MobiTV is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.     Defendant U.S. Cellular is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Rd, Suite 400, Wilmington, Delaware 19808.

5.     Defendant LG is a corporation organized under the laws of the State of California with its corporate headquarters located at 10101 Old Grove Road, San Diego, California 92131. In addition to LG's continuous and systematic conduct of business in Delaware, the causes of action against LG in this Complaint arose from or are connected with LG's purposeful acts committed in Delaware, including LG's selling, offering to sell, and using and inducing others to use, cellular handsets containing interactive television programming which embody one or more claims of the '757 Patent. LG may be served with process through its registered agent, Alan K. Tse, 10101 Old Grove Road, San Diego, California 92131.

2

6.      Defendant Motorola is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7.      Defendant Samsung is a limited liability company organized under the laws of the State of Delaware and may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8.      Defendant Sprint is a Kansas corporation with its corporate headquarters located at 6500 Sprint Prkwy HL- 5A STX, Overland Park, Kansas 66251. In addition to Sprint's continuous and systematic conduct of business in Delaware, the causes of action against Sprint arose from or are connected with Sprint's purposeful acts committed in Delaware, including Sprint's selling, offering to sell, using and inducing others to use, cellular handsets containing interactive television programming which embody one or more claims of the '757 Patent. Sprint may be served with process through its registered agent, Corporation Service Company, 200 S.W. 30th Street, Topeka, Kansas 66611.

9.      Defendant RIM is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

10.     Defendant HTC is a U.S. subsidiary of HTC Corporation, a Taiwanese corporation, and is incorporated in the State of Texas with its principal place of business located at 13290 SE. Eastgate Way, Suite 400, Bellevue, Washington 98005. In addition to HTC's continuous and systematic conduct of business in Delaware, the causes of action against HTC arose from or are connected with HTC's purposeful acts committed in Delaware, including HTC's selling, offering to sell, using and inducing others to use, cellular handsets containing

interactive television programming which embody one or more claims of the '757 Patent. HTC may be served with process through its registered agent, the Law Offices of Christina C. Hsu, 25224 Interlachen Drive, Austin, Texas 78717.

11. Defendant Palm is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Rd, Suite 400, Wilmington, Delaware 19808.

12. Defendant Kyocera is a subsidiary of Kyocera Corporation, a Japanese corporation, and is incorporated under the laws of the State of Delaware. Kyocera may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

13. Defendant Simplexity, LLC d/b/a Wirefly is a corporation organized under the laws of the State of Delaware with its corporate headquarters located at 10790 Parkridge Blvd, Suite 200, Reston, Virginia 20191. In addition to Wirefly's continuous and systematic conduct of business in Delaware, the causes of action against Wirefly arose from or are connected with Wirefly's purposeful acts committed in Delaware, including Wirefly's selling, offering to sell, using and inducing others to use, cellular handsets containing interactive television programming which embody one or more claims of the '757 Patent. Wirefly may be served with process at 10790 Parkridge Blvd., Suite 200, Reston, Virginia 20191.

14. Defendant LetsTalk.com is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, Incorporating Services, Ltd. 3500 South Dupont Highway, Dover, Delaware 19901.

4

15.     Defendant Qualcomm is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc. 2711 Centerville Rd, Suite 400, Wilmington, Delaware 19808.

16.     Defendant GoTV is a corporation organized under the laws of the State of California with its corporate headquarters located at 14144 Ventura Blvd, Suite 300, Sherman Oaks, California, 91423. In addition to GoTV's continuous and systematic conduct of business in Delaware, the causes of action against GoTV arose from or are connected with GoTV's purposeful acts committed in Delaware, including GoTV's selling, offering to sell, using and inducing others to use, cellular handsets containing interactive television programming which embody one or more claims of the '757 Patent. GoTV may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

17.     Defendant SPB is a corporation organized under the laws of the State of Nevada with its corporate headquarters located at 502 East John Street, Carson City, Nevada 89706. In addition to SPB's continuous and systematic conduct of business in Delaware, the causes of action against SPB arose from or are connected with its purposeful acts committed in Delaware including SPB's selling, offering to sell, using and inducing others to use, interactive television programming for mobile devices branded "SPB TV" which embody one or more claims of the '757 Patent. SPB may be served with process through its registered agent, CSC Services of Nevada, Inc., 502 East John Street, Carson City, Nevada 89706.

18.     Defendant Verizon is a partnership organized and existing under the laws of the State of Delaware with its principal place of business at One Verizon Way, Basking Ridge, New

5

Jersey 07920. Verizon may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

19.     This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code ("U.S.C."). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

20.     This Court has personal jurisdiction over the Defendants under the laws of the State of Delaware, including the Delaware long-arm statute, 10 Del. Code § 3104.

21.     This Court has personal jurisdiction over each Defendant. Plaintiff incorporates all statements of jurisdiction in the preceding paragraphs. Each Defendant has conducted and does conduct business within the State of Delaware, directly or through intermediaries or agents, or offers for sale, sells, advertises (including through the provision of interactive web pages) products or services, or uses or induces others to use services or products in Delaware that infringe the '757 Patent, or knowingly contributes to infringement of the asserted patent.

22.     In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over LG because it is, upon information and belief, wholly owned by LG Electronics USA, Inc., a corporation organized under the laws of the State of Delaware, which has availed itself of the laws of the State of Delaware by filing suit in a separate patent action, Case No. 1:08-cv-00234 in the United States District Court for the District of Delaware. LG is a manufacturer of, among other things, mobile telephone devices, and ships devices for sale within established distribution networks within the State of Delaware, and derives substantial revenue therefrom. LG has had purposeful continuous and systematic contacts with the State of

6

Delaware, evidenced by, upon information and belief, a market share of approximately 20% of mobile telephone devices and being the third largest mobile telephone device manufacturer within the State of Delaware.

23. In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over Sprint because of Sprint's purposeful continuous and systematic contacts with this jurisdiction, including, but not limited to, upon information and belief, Sprint's operation of two (2) separate stores in Delaware, including stores in Middleton, Delaware and Lewes, Delaware.

24. In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over Wirefly because it is, upon information and belief, wholly owned by Simplexity, Inc., a corporation organized under the laws of the State of Delaware. Wirefly has had purposeful continuous and systematic contacts with the State of Delaware, evidenced by, upon information and belief, being the largest online retailer of mobile telephone devices within the State of Delaware. Wirefly promotes contests specifically incorporating the laws of the State of Delaware. Wirefly generates substantial revenue from sales within the State of Delaware.

25. In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over GoTV because of GoTV's purposeful continuous and systematic contacts with this jurisdiction through, upon information and belief, GoTV's ongoing relationship with others in the stream of commerce facilitating the distribution of its services throughout the United States, including the District of Delaware. GoTV maintains purposeful continuous and systematic contacts with this jurisdiction, including relationships with mobile service carriers in Delaware and consequent receipt of substantial revenue.

7

26.	In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over SPB because of SPB's relationships with mobile operators, manufacturers, and media companies including but not limited to Defendants Palm and Motorola, within the United States including the District of Delaware and consequent receipt of substantial revenue.

## THE PATENT IN SUIT

27.	On September 2, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,663,757, entitled "Software Controlled Multi-Mode Interactive TV Systems," after a full and fair examination. A true and correct copy of the '757 Patent is attached hereto as Exhibit A. EON is the assignee through an exclusive license of all right, title, and interest in and to the '757 Patent and possesses all rights of recovery under the '757 Patent, including the exclusive right to recover for infringement. The '757 Patent is valid and enforceable.

## GENERAL ALLEGATIONS

28.	Defendant FLO TV makes, uses, sells, offers for sale, or imports MediaFLO systems in the United States. FLO TV MediaFLO systems provide interactive multimedia content and data ("MediaFLO multimedia products") that are specially configured for use with and constitute material portions of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, FLO TV makes, uses, sells, offers for sale, or imports Media FLO systems in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. FLO TV operates on the MediaFLO platform to deliver live mobile TV (live sports, breaking news), on-demand entertainment

8

programs and information services to subscribers units through wireless communication networks. FLO TV MediaFLO multimedia products are not staple articles or commodities of commerce suitable for substantial noninfringing use. FLO TV is an active and sophisticated participant in the interactive television market, which EON, formerly known as TV Answer, pioneered and developed in the 1980s and 1990s. TV Answer patents, including the '757 Patent, are often cited prior art in connection with prosecution and litigation concerning interactive television technology and wireless communication networks and systems. In 2007, FLO TV entered into a license agreement with Gemstar (the "FLO TV License"), which granted to FLO TV rights in certain Gemstar interactive television and program guide patents, including patents citing to the '757 Patent as prior art considered by the Patent Office during examination. FLO TV was aware of the '757 Patent, at the latest, upon service of EON's Original Complaint on September 28, 2010. FLO TV has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, FLO TV has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Verizon), wireless customers, subscriber unit manufacturers (e.g., Motorola, Samsung, HTC), and/or end users.

29. Defendant MobiTV makes, uses, sells, offers for sale, or imports interactive multimedia content and associated applications that are specially configured for use in and constitute material portions of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). For example, MobiTV delivers television, video-on-demand and other multimedia content to subscribers units. MobiTV also provides software applications to enable

9

users to access and view television channels. Upon information and belief, MobiTV makes, uses, sells, offers for sale, or imports multimedia content and associated applications in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. The multimedia content and associated applications are not staple articles or commodities of commerce suitable for substantial noninfringing use. MobiTV is an active and sophisticated participant in the interactive television market, which EON, formerly known as TV Answer, pioneered and developed in the 1980s and 1990s. TV Answer patents, including the '757 Patent, are often cited prior art in connection with prosecution and litigation concerning interactive television technology and wireless communication networks and systems. In 2008, MobiTV entered into a license agreement with Gemstar (the "MobiTV License"), which granted to MobiTV rights in certain Gemstar interactive television and program guide patents, including patents citing to the '757 Patent as prior art considered by the Patent Office during examination. MobiTV was aware of the '757 Patent, at the latest, upon service of EON's Original Complaint on September 28, 2010. MobiTV has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, MobiTV has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., U.S. Cellular, Sprint), wireless customers, subscriber unit manufacturers (e.g., LG, Samsung, RIM, HTC, Palm, Kyocera), and/or end users.

30. Defendant U.S. Cellular is a wireless operator and subscriber unit retailer that makes, uses, sells, offers for sale, or imports subscriber units embodying one or more claims of the '757 Patent. For example, U.S. Cellular sells and offers for sale EasyEdge to its customers

who use subscriber units (e.g., models LG Bliss UX700, LG Tritan UX840, Samsung Caliber R850, and Motorola Hint QA30) embodying one or more claims of the '757 Patent. U.S. Cellular also provides multimedia content, associated applications, and interactive features through subscriber units embodying one or more claims of the '757 Patent. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, U.S. Cellular makes, uses, sells, offers for sale, or imports subscriber units, multimedia content, associated applications, and interactive features in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. U.S. Cellular's subscriber units that are equipped or compatible with MobiTV or EasyEdge data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, U.S. Cellular became aware of the '757 Patent when it was served with EON's Original Complaint on September 28, 2010. U.S. Cellular has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, U.S. Cellular has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators, wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV) and/or end users.

31.     Defendant LG makes, uses, sells, offers for sale, or imports subscriber units (e.g., models Bliss UX700 and LX-600) embodying one or more claims of the '757 Patent. For

11

example, upon information and belief, LG provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive services. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, LG makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. LG's subscriber units that are equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, LG became aware of the '757 Patent when it was served with EON's Original Complaint on October 4, 2010. LG has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on October 4, 2010, LG has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., U.S. Cellular, Sprint, Verizon), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., FLO TV, MobiTV) and/or end users.

32.     Defendant Motorola makes, uses, sells, offers for sale, or imports subscriber units (e.g., models MOTORIZR Z6tv, Krave ZN4, MOTORAZR V3m, MOTORAZR V9m, ic902, and MOTOKRZR K1m) embodying one or more claims of the '757 Patent. For example, upon information and belief, Motorola provides subscriber units embodying one or more claims of the

'757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive services. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, Motorola makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. Motorola's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, Motorola became aware of the '757 Patent when it was served with EON's Original Complaint on September 28, 2010. Motorola has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, Motorola has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Verizon), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., FLO TV), and/or end users.

33. Defendant Samsung makes, uses, sells, offers for sale, or imports subscriber units (e.g., models ACE i325, Exclaim M550, Highnote M630, SCH-U620, Caliber R850, Delve R800, and SCH-U520) embodying one or more claims of the '757 Patent. For example, upon information and belief, Samsung provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive services. These subscriber units embody the patented

13

invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, Samsung makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. Samsung's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, Samsung became aware of the '757 Patent when it was served with EON's Original Complaint on September 28, 2010. Samsung has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, Samsung has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Verizon, U.S. Cellular), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., FLO TV, MobiTV), and/or end users.

34. Defendant Sprint is a wireless operator that makes, uses, sells, offers for sale, or imports subscriber units embodying one or more claims of the '757 Patent. For example, Sprint sells Sprint TV to its customers who use subscriber units (e.g., models BlackBerry 8130, BlackBerry 8330, BlackBerry 8530, BlackBerry 9630, HTC Hero, HTC Mogul PPC-6800, Samsung ACE i325, Samsung Exclaim M550, Samsung Instinct M800, MOTOKRZR K1m, Motorola Q9c, Palm Centro 690p, Sanyo Incognito (SCP6760), Sanyo Katana DLX (SCP-8500), Sanyo Katana Eclipse (SCP-6750), Sanyo M1, Sanyo MM-5600, Sanyo MM-7400, Sanyo MM-

7500, Sanyo MM-8300, Katana 8400, Katana 8500, Katana 9000) embodying one or more claims of the '757 Patent. For example, upon information and belief, Sprint provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive services. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, Sprint makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. Sprint's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, Sprint became aware of the '757 Patent when it was served with EON's Original Complaint on October 4, 2010. Sprint has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on October 4, 2010, Sprint has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators, wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV), and/or end users.

35.    Defendant RIM makes, uses, sells, offers for sale, or imports subscriber units (e.g., models BlackBerry Bold 9650 and Pearl 8130) embodying one or more claims of the '757 Patent. For example, upon information and belief, RIM provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive

15

interactive multimedia content, associated applications, and interactive services. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, RIM makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. RIM's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, RIM became aware of the '757 Patent when it was served with EON's Original Complaint on September 28, 2010. RIM has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, RIM has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Sprint), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV), and/or end users.

36.     Defendant HTC makes, uses, sells, offers for sale, or imports subscriber units (e.g., models Imagio, Hero, Touch Diamond MP6950SP, Snap SPS511BK, Touch MP6900SP, Touch Pro PPC6850SP and Touch Pro2(PPCT7380SP) embodying one or more claims of the '757 Patent. For example, upon information and belief, HTC provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive services. These

16

subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, HTC makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. HTC's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, HTC became aware of the '757 Patent when it was served with EON's Original Complaint on October 7, 2010. HTC has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on October 7, 2010, HTC has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Sprint, Verizon), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV, FLO TV), and/or end users.

37. Defendant Palm makes, uses, sells, offers for sale, or imports subscriber units (e.g., models Centro 690p, Pixi PALM120HK, Pre PTR100HK, Treo 700p, Treo 700wx, Treo 755p, Treo 800w, Treo PTR850HK and Treo Pro) embodying one or more claims of the '757 Patent. For example, upon information and belief, Palm provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive services. These subscriber units embody the patented invention or are specially configured for use in and

constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, Palm makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. Palm's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, Palm became aware of the '757 Patent when it was served with EON's Original Complaint on September 28, 2010. Palm has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, Palm has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Sprint), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV), and/or end users.

38.     Defendant Kyocera makes, uses, sells, offers for sale, or imports subscriber units (e.g., models Sanyo Incognito SCP6760, Sanyo Katana DLX SCP-8500, Sanyo Katana Eclipse SCP-6750, Sanyo M1, Sanyo MM-5600, Sanyo MM-7400, Sanyo MM-7500, Sanyo MM-8300, Sanyo Katana 8400, Sanyo Katana 8500, Sanyo Katana 9000) embodying one or more claims of the '757 Patent. For example, upon information and belief, Kyocera provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive services. These subscriber units embody the patented invention or are specially configured for use in and

18

constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, Kyocera makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. Kyocera's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, Kyocera became aware of the '757 Patent when it was served with EON's Original Complaint on September 28, 2010. Kyocera has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, Kyocera has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Sprint), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV), and/or end users.

39. Defendant Wirefly makes, uses, sells, offers for sale, or imports subscriber units that embody one or more claims of the '757 Patent. For example, Wirefly sells or offers for sale subscriber units (e.g., BlackBerry Curve 8530, LG Chocolate TOUCH, LG enV3 VX9200, Motorola Barrage, Samsung Convoy u640, Samsung Reality City, Samsung Reality Piano, LG enV Touch VX11000) for use, for example, on Verizon's wireless network that provide customers interactive multimedia content and interactivity as claimed in one or more claims of the '757 Patent. Wirefly sells or offers for sale subscriber units, (e.g., Samsung Instinct S30, Samsung Intercept, LG Lotus Elite LX610, Palm Pixi, LG Rumor Touch, Palm Pre, BlackBerry

19

Bold 9650, Samsung Epic 4G and Samsung Intrepid) for use, for example, on Sprint's network that provide customers interactive multimedia content and interactivity as claimed in one or more claims of the '757 Patent. The subscriber units are enabled with MobiTV service. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, Wirefly makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. Wirefly's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, Wirefly became aware of the '757 Patent when it was served with EON's Original Complaint on December 6, 2010. Wirefly has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on December 6, 2010, Wirefly has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Sprint, Verizon), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV, FLO TV), and/or end users.

40. Defendant LetsTalk.com makes, uses, sells, offers for sale, or imports subscriber units embodying one or more claims of the '757 Patent. LetsTalk.com sells or offers for sale subscriber units (e.g., HTC EVO 4G, Samsung Moment, LG Rumor Touch, Samsung Instinct S30, Samsung Restore, HTC Snap, LG LX370, LG Lotus Elite, Samsung Reclaim, BlackBerry

20

Curve 8350i, BlackBerry Bold 9650, Samsung Intercept, Palm Pixi and HTC Hero) for use, for example, on Sprint's network that provide customers interactive multimedia content and interactivity as claimed in one or more claims of the '757 Patent. The subscriber units are enabled with MobiTV service. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, LetsTalk.com makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. LetsTalk.com's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, LetsTalk.com became aware of the '757 Patent when it was served with EON's Original Complaint on October 1, 2010. LetsTalk.com has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on October 1, 2010, LetsTalk.com has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Sprint), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV, FLO TV), and/or end users.

41. Defendant Qualcomm makes, uses, sells, offers for sale, or imports electronic chips that are specially configured for integration in and constitute material portions of the patented invention (e.g., data processing station subscriber units that deliver interactive television

21

or television-quality entertainment and informational content to subscribers). The electronic chips enable customers to use the subscriber units to interactively receive interactive multimedia content and data from the MediaFLO network as claimed in the '757 Patent. Upon information and belief, Qualcomm makes, uses, sells, offers for sale, or imports electronic chips in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. Qualcomm's electronic chips are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, Qualcomm became aware of the '757 Patent when it was served with EON's Original Complaint on September 28, 2010. Qualcomm has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, Qualcomm has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators, wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., FLO TV), and/or end users.

42. Defendants GoTV and SPB make, use, sell, offer for sale, or import content and content management software and systems that are specially configured for use in and constitute material portions of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). These subscriber units are used by customers to receive interactive television and television-quality media from GoTV and SPB as claimed in the '757 Patent. Upon information and belief, GoTV and SPB make, use, sell, offer for sale, or import content and content management software systems in the United States knowing that they will become a material part

22

of a product or process that infringes the '757 Patent. GoTV and SPB's content and content management software are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, GoTV and SPB became aware of the '757 Patent when they were served with EON's Original Complaint on October 6, 2010 and October 5, 2010 respectively. GoTV and SPB have been and are directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on October 5, 2010 (SPB) and October 6, 2010 (GoTV), GoTV and SPB have been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Verizon, Sprint), wireless customers, subscriber unit manufacturers, and/or end users.

43. Defendant Verizon is a wireless operator that makes, uses, sells, offers for sale, or imports subscriber units embodying one or more claims of the '757 Patent. For example, Verizon sells V CAST Mobile TV to its customers who use subscriber units (e.g., models Samsung Mobi, Samsung SCH-U620, Motorola Krave ZN4, LG VX9400, LG Voyager VX10000, and HTC Imagio) embodying one or more claims of the '757 Patent. Upon information and belief, Verizon provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive services. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, Verizon makes, uses, sells, offers for sale, or imports subscriber units in the United

23

States knowing that they will become a material part of a product or process that infringes the '757 Patent. Verizon's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. Verizon is an active and sophisticated participant in the interactive television market, which EON, formerly known as TV Answer, pioneered and developed in the 1980s and 1990s. TV Answer patents, including the '757 Patent, are often cited prior art in connection with prosecution and litigation concerning interactive television technology and wireless communication networks and systems. Verizon was aware of the '757 Patent, at the latest, upon service of EON's Original Complaint on September 28, 2010. Verizon has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, Verizon has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators, wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., FLO TV), and/or end users.

## INFRINGEMENT OF THE EON PATENT IN SUIT

44. EON repeats and realleges the allegations set forth in paragraphs 28-43 as if those allegations have been fully set forth herein.

45. Defendants, without authorization or license and in violation of 35 U.S.C. § 271, have been and are directly infringing at least one claim of the '757 Patent by making, using, selling, offering for sale, or importing data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers, including without limitation subscriber units equipped or compatible with

24

MediaFLO or MobiTV products and the products named in paragraphs 28-43, literally or under the doctrine of equivalents.

46.     Following service of the Original Complaint, Defendants have acted in the manners described above in paragraphs 28-43 with knowledge of the '757 Patent, that their respective product or component directly infringes and/or would be used in a product or process that infringes the '757 Patent, that their respective product or component is especially made or adapted for use in a product or process that infringes the '757 Patent and is not a staple article or commodity suitable for substantial noninfringing use, and their product or component would constitute a material part of a product or process (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers) that infringes the '757 Patent.  Defendants acted in the manners described above knowing that their acts would induce infringement by others.

47.     In addition to the allegations of direct infringement alleged in the preceding paragraphs, EON also alleges that following service of the Original Complaint, Defendants have been and continue to commit acts of indirect infringement under 35 U.S.C. §§ 271(b) and (c).  In relation to EON's indirect infringement claims, the corresponding direct infringers are those people or entities, including but not limited to the entities listed in paragraphs 28-43, that are induced by or receive contributions from the indirect infringers and directly, either literally or under the doctrine of equivalents, infringe the '757 Patent.  These direct infringers include but are not limited to the literal direct infringers, for example subscriber unit manufacturers which make wireless devices that deliver interactive television or television-quality entertainment and informational content to subscribers that embody at least one claim of the '757 Patent, wireless

25

operators, retailers and resellers who sell or offer for sale such wireless devices together with a cellular subscription for same, and end users of such wireless devices.

48.     EON has no adequate remedy at law against Defendants' acts of infringement and Defendants' infringement will continue unless enjoined by this Court.

49.     EON has suffered, and will continue to suffer, irreparable injury as a result of Defendants' infringement.

50.     EON is in compliance with the requirements of 35 U.S.C. §287.

51.     EON has been damaged by Defendants' infringement, and will continue to be damaged until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, EON prays for the following relief:

A.     That each Defendant be adjudged to have infringed the '757 Patent, directly and indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

B.     That each Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly and/or indirectly infringing the '757 Patent;

C.     An award of damages pursuant to 34 U.S.C. § 284 sufficient to compensate EON for the Defendants' past infringement and any continuing or future infringement up until the date Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

D.     An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

E.     That Defendants be directed to pay enhanced damages, including EON's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

F.     That EON have such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

EON demands a trial by jury of any and all issues triable of right before a jury.

FOX ROTHSCHILD LLP

*/s/ Gregory B. Williams*
Gregory B. Williams (DE Bar No. 4195)
Citizens Bank Center
919 N. Market Street, Suite 1300
Wilmington, DE 19899-2323
Tel:  (302) 622-4200
Fax:  (302) 656-8920
gwilliams@foxrothschild.com

**ATTORNEY FOR PLAINTIFF**
**EON CORP. IP HOLDINGS, LLC**

*Of Counsel:*

Jeffery R. Johnson
Daniel R. Scardino
Jeff W. Moles
Steven Tepera
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX 78701
Tel: (512) 474-2449
Fax: (512) 474-2622
jjohnson@reedscardino.com
dscardino@reedscardino.com
jmoles@reedscardino.com
stepera@reedscardino.com

27

Dated: September __, 2011