## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-812-RGA |
| | ) | |
| FLO TV INCORPORATED; MOBITV, INC.; | ) | |
| U.S. CELLULAR CORPORATION; LG | ) | |
| ELECTRONICS MOBILECOMM USA, INC.; | ) | |
| MOTOROLA MOBILITY, INC.; SAMSUNG | ) | |
| TELECOMMUNICATIONS AMERICA LLC; | ) | **JURY TRIAL DEMANDED** |
| SPRINT NEXTEL CORPORATION; | ) | |
| RESEARCH IN MOTION | ) | |
| CORPORATION; HTC AMERICA INC.; | ) | |
| PALM, INC; KYOCERA COMMUNICATIONS | ) | |
| INC.; WIREFLY, CORP.; LETSTALK.COM, | ) | |
| INC.; QUALCOMM, INC.; GOTV | ) | |
| NETWORKS, INC.; SPB SOFTWARE; and | ) | |
| CELLCO PARTNERSHIP D/B/A VERIZON | ) | |
| WIRELESS, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES CELLULAR CORPORATION'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant United States Cellular Corporation ("U.S. Cellular"), for its answer to Eon

Corp. IP Holdings, LLC's ("Eon Corp.") Third Amended Complaint ("Complaint"), states as

follows:

### THE PARTIES

__Complaint, ¶ 1:__      Plaintiff EON Corp. IP Holdings, LLC is a Texas limited liability

company with its principal place of business located at 719 W. Front Street, Suite 108, Tyler,

Texas 75702.

__ANSWER:__     U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 1 of the Complaint.

<u>Complaint, ¶ 2:</u>     Defendant FLO TV is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

<u>ANSWER:</u>     U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 2 of the Complaint.

<u>Complaint, ¶ 3:</u>     Defendant MobiTV is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

<u>ANSWER:</u>     U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 3 of the Complaint.

<u>Complaint, ¶ 4:</u>     Defendant U.S. Cellular is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Rd, Suite 400, Wilmington, Delaware 19808.

<u>ANSWER:</u>     U.S. Cellular admits the allegations of paragraph 4 of the Complaint.

<u>Complaint, ¶ 5:</u>     Defendant LG is a corporation organized under the laws of the State of California with its corporate headquarters located at 10101 Old Grove Road, San Diego, California 92131.  In addition to LG's continuous and systematic conduct of business in Delaware, the causes of action against LG in this Complaint arose from or are connected with LG's purposeful acts committed in Delaware, including LG's selling, offering to sell, and using and inducing others to use, cellular handsets containing interactive television programming which embody one or more claims of the '757 Patent.  LG may be served with process through its registered agent, Alan K. Tse, 10101 Old Grove Road, San Diego, California 92131.

<u>ANSWER:</u>     U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 5 of the Complaint.

<u>Complaint, ¶ 6:</u>     Defendant Motorola is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

<u>ANSWER:</u>     U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 6 of the Complaint.

RLF1 6334956v.1

<u>Complaint, ¶ 7</u>:      Defendant Samsung is a limited liability company organized under the laws of the State of Delaware and may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

<u>ANSWER</u>:      U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 7 of the Complaint.

<u>Complaint, ¶ 8</u>:      Defendant Sprint is a Kansas corporation with its corporate headquarters located at 6500 Sprint Prkwy HL- 5A STX, Overland Park, Kansas 66251.  In addition to Sprint's continuous and systematic conduct of business in Delaware, the causes of action against Sprint arose from or are connected with Sprint's purposeful acts committed in Delaware, including Sprint's selling, offering to sell, using and inducing others to use, cellular handsets containing interactive television programming which embody one or more claims of the '757 Patent.  Sprint may be served with process through its registered agent, Corporation Service Company, 200 S.W. 30th Street, Topeka, Kansas 66611.

<u>ANSWER</u>:      U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 8 of the Complaint.

<u>Complaint, ¶ 9</u>:      Defendant RIM is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

<u>ANSWER</u>:      U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 9 of the Complaint.

<u>Complaint, ¶ 10</u>:      Defendant HTC is a U.S. subsidiary of HTC Corporation, a Taiwanese corporation, and is incorporated in the State of Texas with its principal place of business located at 13290 SE. Eastgate Way, Suite 400, Bellevue, Washington 98005.  In addition to HTC's continuous and systematic conduct of business in Delaware, the causes of action against HTC arose from or are connected with HTC's purposeful acts committed in Delaware, including HTC's selling, offering to sell, using and inducing others to use, cellular handsets containing interactive television programming which embody one or more claims of the '757 Patent.  HTC may be served with process through its registered agent, the Law Offices of Christina C. Hsu, 25224 Interlachen Drive, Austin, Texas 78717.

<u>ANSWER</u>:      U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 10 of the Complaint.

<u>Complaint, ¶ 11</u>:      Defendant Palm is a corporation organized under the laws of the State of Delaware and may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Rd, Suite 400, Wilmington, Delaware 19808.

ANSWER:     U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 11 of the Complaint.

Complaint, ¶ 12:     Defendant Kyocera is a subsidiary of Kyocera Corporation, a
Japanese corporation, and is incorporated under the laws of the State of Delaware.  Kyocera may
be served with process through its registered agent, Corporation Service Company, 2711
Centerville Road, Suite 400, Wilmington, Delaware 19808.

ANSWER:     U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 12 of the Complaint.

Complaint, ¶ 13:     Defendant Simplexity, LLC d/b/a Wirefly is a corporation
organized under the laws of the State of Delaware with its corporate headquarters located at
10790 Parkridge Blvd, Suite 200, Reston, Virginia 20191.  In addition to Wirefly's continuous
and systematic conduct of business in Delaware, the causes of action against Wirefly arose from
or are connected with Wirefly's purposeful acts committed in Delaware, including Wirefly's
selling, offering to sell, using and inducing others to use, cellular handsets containing interactive
television programming which embody one or more claims of the '757 Patent.  Wirefly may be
served with process at 10790 Parkridge Blvd., Suite 200, Reston, Virginia 20191.

ANSWER:     U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 13 of the Complaint.

Complaint, ¶ 14:     Defendant LetsTalk.com is a corporation organized under the laws
of the State of Delaware and may be served with process through its registered agent,
Incorporating Services, Ltd. 3500 South Dupont Highway, Dover, Delaware 19901.

ANSWER:     U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 14 of the Complaint.

Complaint, ¶ 15:     Defendant Qualcomm is a corporation organized under the laws of
the State of Delaware and may be served with process through its registered agent, The Prentice-
Hall Corporation System, Inc. 2711 Centerville Rd, Suite 400, Wilmington, Delaware 19808.

ANSWER:     U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 15 of the Complaint.

Complaint, ¶ 16:     Defendant GoTV is a corporation organized under the laws of the
State of California with its corporate headquarters located at 14144 Ventura Blvd, Suite 300,
Sherman Oaks, California, 91423.  In addition to GoTV's continuous and systematic conduct of
business in Delaware, the causes of action against GoTV arose from or are connected with
GoTV's purposeful acts committed in Delaware, including GoTV's selling, offering to sell,

4

using and inducing others to use, cellular handsets containing interactive television programming which embody one or more claims of the '757 Patent. GoTV may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

ANSWER:    U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 16 of the Complaint.

Complaint, ¶ 17:    Defendant SPB is a corporation organized under the laws of the State of Nevada with its corporate headquarters located at 502 East John Street, Carson City, Nevada 89706. In addition to SPB's continuous and systematic conduct of business in Delaware, the causes of action against SPB arose from or are connected with its purposeful acts committed in Delaware including SPB's selling, offering to sell, using and inducing others to use, interactive television '757 Patent. SPB may be served with process through its registered agent, CSC Services of programming for mobile devices branded "SPB TV" which embody one or more claims of the Nevada, Inc., 502 East John Street, Carson City, Nevada 89706.

ANSWER:    U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 17 of the Complaint.

Complaint, ¶ 18:    Defendant Verizon is a partnership organized and existing under the laws of the State of Delaware with its principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920. Verizon may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

ANSWER:    U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 18 of the Complaint.

## JURISDICTION AND VENUE

Complaint, ¶ 19:    This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code ("U.S.C."). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

ANSWER:    U.S. Cellular admits that Eon Corp. has alleged patent infringement and

invoked the cited statute, but U.S. Cellular denies any allegations of patent infringement and

denies any liability to Eon Corp. U.S. Cellular admits that this Court has subject matter

jurisdiction over this matter, but denies committing any infringement or unlawful act. U.S.

Cellular admits that venue lies in this judicial district.

Complaint, ¶ 20:      This Court has personal jurisdiction over the Defendants under the laws of the State of Delaware, including the Delaware long-arm statute, 10 Del. Code § 3104.

ANSWER:      U.S. Cellular admits that it is subject to personal jurisdiction in this Court,

but is without knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 20 as they relate to other defendants.

Complaint, ¶ 21:      This Court has personal jurisdiction over each Defendant. Plaintiff incorporates all statements of jurisdiction in the preceding paragraphs. Each Defendant has conducted and does conduct business within the State of Delaware, directly or through intermediaries or agents, or offers for sale, sells, advertises (including through the provision of interactive web pages) products or services, or uses or induces others to use services or products in Delaware that infringe the '757 Patent, or knowingly contributes to infringement of the asserted patent.

ANSWER:      U.S. Cellular admits that this Court has personal jurisdiction over it. U.S.

Cellular is without knowledge or information sufficient to form a belief as to the truth of the

allegation that this Court has personal jurisdiction over the other defendants. U.S. Cellular

incorporates its answers regarding jurisdiction in the preceding paragraphs. U.S. Cellular denies

that it conducts business within the State of Delaware. U.S. Cellular denies that it infringes the

'757 Patent, induces infringement of the '757 Patent, or contributes to infringement of the '757

Patent. U.S. Cellular is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 21 as they relate to the other defendants.

Complaint, ¶ 22:      In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over LG because it is, upon information and belief, wholly owned by LG Electronics USA, Inc., a corporation organized under the laws of the State of Delaware, which has availed itself of the laws of the State of Delaware by filing suit in a separate patent action, Case No. 1:08-cv-00234 in the United States District Court for the District of Delaware. LG is a manufacturer of, among other things, mobile telephone devices, and ships devices for sale within established distribution networks within the State of Delaware, and derives substantial revenue therefrom. LG has had purposeful continuous and systematic contacts with the State of Delaware, evidenced by, upon information and belief, a market share

of approximately 20% of mobile telephone devices and being the third largest mobile telephone device manufacturer within the State of Delaware.

ANSWER:    U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 22 of the Complaint.

Complaint, ¶ 23:    In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over Sprint because of Sprint's purposeful continuous and systematic contacts with this jurisdiction, including, but not limited to, upon information and belief, Sprint's operation of two (2) separate stores in Delaware, including stores in Middleton, Delaware and Lewes, Delaware.

ANSWER:    U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 23 of the Complaint.

Complaint, ¶ 24:    In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over Wirefly because it is, upon information and belief, wholly owned by Simplexity, Inc., a corporation organized under the laws of the State of Delaware.  Wirefly has had purposeful continuous and systematic contacts with the State of Delaware, evidenced by, upon information and belief, being the largest online retailer of mobile telephone devices within the State of Delaware.  Wirefly promotes contests specifically incorporating the laws of the State of Delaware.  Wirefly generates substantial revenue from sales within the State of Delaware.

ANSWER:    U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 24 of the Complaint.

Complaint, ¶ 25:    In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over GoTV because of GoTV's purposeful continuous and systematic contacts with this jurisdiction through, upon information and belief, GoTV's ongoing relationship with others in the stream of commerce facilitating the distribution of its services throughout the United States, including the District of Delaware.  GoTV maintains purposeful continuous and systematic contacts with this jurisdiction, including relationships with mobile service carriers in Delaware and consequent receipt of substantial revenue.

ANSWER:    U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 25 of the Complaint.

Complaint, ¶ 26:    In addition to the specific and general jurisdiction alleged above, this Court has personal jurisdiction over SPB because of SPB's relationships with mobile operators, manufacturers, and media companies including but not limited to Defendants Palm and Motorola, within the United States including the District of Delaware and consequent receipt of substantial revenue.

7

ANSWER:     U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 26 of the Complaint.

## THE PATENT IN SUIT

Complaint, ¶ 27:       On September 2, 1997, the United States Patent and Trademark
Office duly and legally issued United States Patent No. 5,663,757, entitled "Software Controlled
Multi-Mode Interactive TV Systems," after a full and fair examination.  A true and correct copy
of the '757 Patent is attached hereto as Exhibit A.  EON is the assignee through an exclusive
license of all right, title, and interest in and to the '757 Patent and possesses all rights of recovery
under the '757 Patent, including the exclusive right to recover for infringement.  The '757 Patent
is valid and enforceable.

ANSWER:     U.S. Cellular admits that the United States Patent and Trademark Office

issued United States Patent No. 5,663,757, entitled "Software Controlled Multi-Mode Interactive

TV Systems," on September 2, 1997.  U.S. Cellular admits that a copy of the '757 Patent is

attached to Plaintiff's Complaint as Exhibit A.  U.S. Cellular is without knowledge or

information sufficient to form a belief as to the truth of whether EON is the assignee through an

exclusive license of all right, title, and interest in and to the '757 Patent.  U.S. Cellular denies

that the '757 Patent is valid and enforceable.  U.S. Cellular denies the remaining allegations in

paragraph 27 of the Complaint.

## GENERAL ALLEGATIONS

Complaint, ¶ 28:       Defendant FLO TV makes, uses, sells, offers for sale, or imports
MediaFLO systems in the United States.  FLO TV MediaFLO systems provide interactive
multimedia content and data ("MediaFLO multimedia products") that are specially configured
for use with and constitute material portions of the patented invention (e.g., data processing
station subscriber units that deliver interactive television or television-quality entertainment and
informational content to subscribers).  Upon information and belief, FLO TV makes, uses, sells,
offers for sale, or imports Media FLO systems in the United States knowing that they will
become a material part of a product or process that infringes the '757 Patent.  FLO TV operates
on the MediaFLO platform to deliver live mobile TV (live sports, breaking news), on-demand
programs and information services to subscribers units through wireless communication
networks.  FLO TV MediaFLO multimedia products are not staple articles or commodities of
commerce suitable for substantial noninfringing use.  FLO TV is an active and sophisticated
participant in the interactive television market, which EON, formerly known as TV Answer,
pioneered and developed in the 1980s and 1990s.  TV Answer patents, including the '757 Patent,
are often cited prior art in connection with prosecution and litigation concerning interactive

television technology and wireless communication networks and systems. In 2007, FLO TV entered into a license agreement with Gemstar (the "FLO TV License"), which granted to FLO TV rights in certain Gemstar interactive television and program guide patents, including patents citing to the '757 Patent as prior art considered by the Patent Office during examination. FLO TV was aware of the '757 Patent, at the latest, upon service of EON's Original Complaint on September 28, 2010. FLO TV has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, FLO TV has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Verizon), wireless customers, subscriber unit manufacturers (e.g., Motorola, Samsung, HTC), and/or end users.

ANSWER:   U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

Complaint, ¶ 29:   Defendant MobiTV makes, uses, sells, offers for sale, or imports interactive multimedia content and associated applications that are specially configured for use in and constitute material portions of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). For example, MobiTV delivers television, video-on-demand and other multimedia content to subscribers units. MobiTV also provides software applications to enable users to access and view television channels. Upon information and belief, MobiTV makes, uses, sells, offers for sale, or imports multimedia content and associated applications in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. The multimedia content and associated applications are not staple articles or commodities of commerce suitable for substantial noninfringing use. MobiTV is an active and sophisticated participant in the interactive television market, which EON, formerly known as TV Answer, pioneered and developed in the 1980s and 1990s. TV Answer patents, including the '757 Patent, are often cited prior art in connection with prosecution and litigation concerning interactive television technology and wireless communication networks and systems. In 2008, MobiTV entered into a license agreement with Gemstar (the "MobiTV License"), which granted to MobiTV rights in certain Gemstar interactive television and program guide patents, including patents citing to the '757 Patent as prior art considered by the Patent Office during examination. MobiTV was aware of the '757 Patent, at the latest, upon service of EON's Original Complaint on September 28, 2010. MobiTV has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, MobiTV has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., U.S. Cellular, Sprint), wireless customers, subscriber unit manufacturers (e.g., LG, Samsung, RIM, HTC, Palm, Kyocera), and/or end users.

ANSWER:   U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

Complaint, ¶ 30:     Defendant U.S. Cellular is a wireless operator and subscriber unit retailer that makes, uses, sells, offers for sale, or imports subscriber units embodying one or more claims of the '757 Patent. For example, U.S. Cellular sells and offers for sale EasyEdge to its customers who use subscriber units (e.g., models LG Bliss UX700, LG Tritan UX840, Samsung Caliber R850, and Motorola Hint QA30) embodying one or more claims of the '757 Patent. U.S. Cellular also provides multimedia content, associated applications, and interactive features through subscriber units embodying one or more claims of the '757 Patent. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, U.S. Cellular makes, uses, sells, offers for sale, or imports subscriber units, multimedia content, associated applications, and interactive features in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. U.S. Cellular's subscriber units that are equipped or compatible with MobiTV or EasyEdge data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, U.S. Cellular became aware of the '757 Patent when it was served with EON's Original Complaint on September 28, 2010. U.S. Cellular has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, U.S. Cellular has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators, wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV) and/or end users.

ANSWER:     U.S. Cellular admits that it is a wireless carrier, and that it offers wireless services and wireless devices for sale. U.S. Cellular denies that it makes, uses, sells, offers for sale, or imports subscriber units embodying one or more claims of the '757 Patent. U.S. Cellular admits that the EasyEdge service is available to customers who use certain U.S. Cellular service but denies that EasyEdge embodies any claims of the '757 Patent. U.S. Cellular admits that included among the wireless services it offers are certain multimedia content, associated applications, and interactive features. U.S. Cellular denies that this multimedia content, associated applications, and interactive features embody any claims of the '757 Patent. U.S. Cellular denies that any of the wireless devices it offers embody any claims of the '757 Patent.

10

U.S. Cellular denies that the wireless devices it offers are "specially configured for use in and

constitute a material portion of the patented invention (e.g., data processing station subscriber

units that deliver interactive television or television-quality entertainment and informational

content to subscribers)." U.S. Cellular denies that it makes, uses, sells, offers for sale, or imports

subscriber units, multimedia content, associated applications, and interactive features in the

United States knowing that they will become a material part of a product or process that infringes

the '757 Patent. U.S. Cellular denies that U.S. Cellular's subscriber units that are equipped or

compatible with MobiTV or EasyEdge data and multimedia services are not staple articles or

commodities of commerce suitable for substantial noninfringing use. U.S. Cellular admits that it

became aware of the '757 Patent when it reviewed Eon Corp's complaint. U.S. Cellular denies

directly infringing any claim of the '757 Patent, either literally or under the doctrine of

equivalents. U.S. Cellular denies indirectly infringing any claim of the '757 Patent. The

remaining allegations of paragraph 30 are denied.

Complaint, ¶ 31:      Defendant LG makes, uses, sells, offers for sale, or imports
subscriber units (e.g., models Bliss UX700 and LX-600) embodying one or more claims of the
'757 Patent. For example, upon information and belief, LG provides subscriber units embodying
one or more claims of the '757 Patent to customers who use the subscriber units to receive
interactive multimedia content, associated applications, and interactive services. These
subscriber units embody the patented invention or are specially configured for use in and
constitute a material portion of the patented invention (e.g., data processing station subscriber
units that deliver interactive television or television-quality entertainment and informational
content to subscribers). Upon information and belief, LG makes, uses, sells, offers for sale, or
imports subscriber units in the United States knowing that they will become a material part of a
product or process that infringes the '757 Patent. LG's subscriber units that are equipped or
compatible with such data and multimedia services are not staple articles or commodities of
commerce suitable for substantial noninfringing use. At the latest, LG became aware of the '757
Patent when it was served with EON's Original Complaint on October 4, 2010. LG has been and
is directly infringing at least one claim of the '757 Patent literally or under the doctrine of
equivalents. Following service of the Original Complaint on October 4, 2010, LG has been and
is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically
intending to contribute to or induce infringement by others, including but not limited to retailers,
resellers, wireless operators (e.g., U.S. Cellular, Sprint, Verizon), wireless customers, subscriber

11

unit manufacturers, multimedia content (and associated application) providers (e.g., FLO TV, MobiTV) and/or end users.

ANSWER:   U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 31 of the Complaint.

Complaint, ¶ 32:   Defendant Motorola makes, uses, sells, offers for sale, or imports subscriber units (e.g., models MOTORIZR Z6tv, Krave ZN4, MOTORAZR V3m, MOTORAZR V9m, ic902, and MOTOKRZR K1m) embodying one or more claims of the '757 Patent. For example, upon information and belief, Motorola provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive services. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, Motorola makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. Motorola's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, Motorola became aware of the '757 Patent when it was served with EON's Original Complaint on September 28, 2010. Motorola has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, Motorola has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Verizon), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., FLO TV), and/or end users.

ANSWER:   U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 32 of the Complaint.

Complaint, ¶ 33:   Defendant Samsung makes, uses, sells, offers for sale, or imports subscriber units (e.g., models ACE i325, Exclaim M550, Highnote M630, SCH-U620, Caliber R850, Delve R800, and SCH-U520) embodying one or more claims of the '757 Patent. For example, upon information and belief, Samsung provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive services. These subscriber units embody the invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, Samsung makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. Samsung's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for

substantial noninfringing use. At the latest, Samsung became aware of the '757 Patent when it was served with EON's Original Complaint on September 28, 2010. Samsung has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, Samsung has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Verizon, U.S. Cellular), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., FLO TV, MobiTV), and/or end users.

   ANSWER:   U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 33 of the Complaint.

   Complaint, ¶ 34:   Defendant Sprint is a wireless operator that makes, uses, sells, offers for sale, or imports subscriber units embodying one or more claims of the '757 Patent. For example, Sprint sells Sprint TV to its customers who use subscriber units (e.g., models BlackBerry 8130, BlackBerry 8330, BlackBerry 8530, BlackBerry 9630, HTC Hero, HTC Mogul PPC-6800, Samsung ACE i325, Samsung Exclaim M550, Samsung Instinct M800, MOTOKRZR KIm, Motorola Q9c, Palm Centro 690p, Sanyo Incognito (SCP6760), Sanyo Katana DLX (SCP-8500), Sanyo Katana Eclipse (SCP-6750), Sanyo MI, Sanyo MM-5600, Sanyo MM-7400, Sanyo MM- 7500, Sanyo MM-8300, Katana 8400, Katana 8500, Katana 9000) embodying one or more claims of the '757 Patent. For example, upon information and belief, Sprint provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive services. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, Sprint makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. Sprint's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, Sprint became aware of the '757 Patent when it was served with EON's Original Complaint on October 4, 2010. Sprint has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on October 4, 2010, Sprint has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators, wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV), and/or end users.

   ANSWER:   U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 34 of the Complaint.

13

Complaint, ¶ 35:    Defendant RIM makes, uses, sells, offers for sale, or imports subscriber units (e.g., models BlackBerry Bold 9650 and Pearl 8130) embodying one or more claims of the '757 Patent. For example, upon information and belief, RIM provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive servIces. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, RIM makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. RIM's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, RIM became aware of the '757 Patent when it was served with EON's Original Complaint on September 28, 2010. RIM has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, RIM has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Sprint), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV), and/or end users.

ANSWER:    U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

Complaint, ¶ 36:    Defendant HTC makes, uses, sells, offers for sale, or imports subscriber units (e.g., models Imagio, Hero, Touch Diamond MP6950SP, Snap SPS51IBK, Touch MP6900SP, Touch Pro PPC6850SP and Touch Pro2(PPCT7380SP) embodying one or more claims of the '757 Patent. For example, upon information and belief, HTC provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive services. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, HTC makes, uses, sells, offers for sale, or imports subscriber units in, the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. HTC's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, HTC became aware of the '757 Patent when it was served with EON's Original Complaint on October 7, 2010. HTC has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on October 7, 2010, HTC has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Sprint, Verizon), wireless

14

customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV, FLO TV), and/or end users.

ANSWER:   U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 36 of the Complaint.

Complaint, ¶ 37:   Defendant Palm makes, uses, sells, offers for sale, or imports subscriber units (e.g., models Centro 690p, Pixi PALMI20HK, Pre PTR100HK, Treo 700p, Treo 700wx, Treo 755p, Treo 800w, Treo PTR850HK and Treo Pro) embodying one or more claims of the '757 Patent. For example, upon information and belief, Palm provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive services. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, Palm makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. Palm's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, Palm became aware of the '757 Patent when it was served with EON's Original Complaint on September 28, 2010. Palm has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, Palm has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Sprint), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV), and/or end users.

ANSWER:   U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 37 of the Complaint.

Complaint, ¶ 38:   Defendant Kyocera makes, uses, sells, offers for sale, or imports subscriber units (e.g., models Sanyo Incognito SCP6760, Sanyo Katana DLX SCP-8500, Sanyo Katana Eclipse SCP-6750, Sanyo Ml, Sanyo MM-5600, Sanyo MM-7400, Sanyo MM-7500, Sanyo MM-8300, Sanyo Katana 8400, Sanyo Katana 8500, Sanyo Katana 9000) embodying one or more claims of the '757 Patent. For example, upon information and belief, Kyocera provides subscriber units embodying one or more claims of the '757 Patent to customers who use the subscriber units to receive interactive multimedia content, associated applications, and interactive services. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, Kyocera makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent.

Kyocera's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, Kyocera became aware of the '757 Patent when it was served with EON's Original Complaint on September 28, 2010. Kyocera has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, Kyocera has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Sprint), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV), and/or end users.

     ANSWER:    U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 38 of the Complaint.

     Complaint, ¶ 39:    Defendant Wirefly makes, uses, sells, offers for sale, or imports subscriber units that embody one or more claims of the '757 Patent. For example, Wirefly sells or offers for sale subscriber units (e.g., BlackBerry Curve 8530, LG Chocolate TOUCH, LG enV3 VX9200, Motorola Barrage, Samsung Convoy u640, Samsung Reality City, Samsung Reality Piano, LG enV Touch VX11000) for use, for "example, on Verizon's wireless network that provide customers interactive multimedia content and interactivity as claimed in one or more claims of the '757 Patent. Wirefly sells or offers for sale subscriber units, (e.g., Samsung Instinct S30, Samsung Intercept, LG Lotus Elite LX61O, Palm Pixi, LG Rumor Touch, Palm Pre, Bold 9650, Samsung Epic 4G and Samsung Intrepid) for use, for example, on Sprint's network that provide customers interactive multimedia content and interactivity as claimed in one or more claims of the '757 Patent. The subscriber units are enabled with MobiTV service. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, Wirefly makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. Wirefly's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, Wirefly became aware of the '757 Patent when it was served with EON's Original Complaint on December 6, 2010. Wirefly has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on December 6, 2010, Wirefly has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Sprint, Verizon), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV, FLO TV), and/or end users.

     ANSWER:    U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 39 of the Complaint.

16

Complaint, ¶ 40:     Defendant LetsTalk.com makes, uses, sells, offers for sale, or imports subscriber units embodying one or more claims of the '757 Patent. LetsTalk.com sells or offers for sale subscriber units (e.g., HTC EVO 4G, Samsung Moment, LG Rumor Touch, Samsung Instinct S30, Samsung Restore, HTC Snap, LG LX370, LG Lotus Elite, Samsung Reclaim, BlackBerry 3 Curve 8350i, BlackBerry Bold 9650, Samsung Intercept, Palm Pixi and HTC Hero) for use, for example, on Sprint's network that provide customers interactive multimedia content and interactivity as claimed in one or more claims of the '757 Patent. The subscriber units are enabled with MobiTV service. These subscriber units embody the patented invention or are specially configured for use in and constitute a material portion of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). Upon information and belief, LetsTalkcom makes, uses, sells, offers for sale, or imports subscriber units in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. LetsTalkcom's subscriber units as equipped or compatible with such data and multimedia services are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, LetsTalk.com became aware of the '757 Patent when it was served with EON's Original Complaint on October 1, 2010. LetsTalkcom has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on October 1, 2010, LetsTalk.com has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators (e.g., Sprint), wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., MobiTV, FLO TV), and/or end users.

ANSWER:     U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

Complaint, ¶ 41:     Defendant Qualcomm makes, uses, sells, offers for sale, or imports electronic chips that are specially configured for integration in and constitute material portions of the patented invention (e.g., data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers). The electronic chips enable customers to use the subscriber units to interactively receive interactive multimedia content and data from the MediaFLO network as claimed in the '757 Patent. Upon information and belief, Qualcomm makes, uses, sells, offers for sale, or imports electronic chips in the United States knowing that they will become a material part of a product or process that infringes the '757 Patent. Qualcomm's electronic chips are not staple articles or commodities of commerce suitable for substantial noninfringing use. At the latest, Qualcomm became aware of the '757 Patent when it was served with EON's Original Complaint on September 28, 2010. Qualcomm has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, Qualcomm has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators, wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., FLO TV), and/or end users.

ANSWER:    U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 41 of the Complaint.

Complaint, ¶ 42:    Defendants GoTV and SPB make, use, sell, offer for sale, or
import content and content management software and systems that are specially configured for
use in and constitute  material portions of the patented invention (e.g., data processing station
subscriber units that deliver interactive television or television-quality entertainment and
informational content to subscribers).  These subscriber units are used by customers to receive
interactive television and television-quality media from GoTV and SPB as claimed in the '757
Patent.  Upon information and belief, Go TV and SPB make, use, sell, offer for sale, or import
content and content management software systems in the United States knowing that they will
become a material part of a product or process that infringes the '757 Patent.  GoTV and SPB's
content and content management software are not staple articles or commodities of commerce
suitable for substantial noninfringing use.  At the latest, GoTV and SPB became aware of the
'757 Patent when they were served with EON's Original Complaint on October 6, 2010 and
October 5, 2010 respectively.  GoTV and SPB have been and are directly infringing at least one
claim of the '757 Patent literally or under the doctrine of equivalents.  Following service of the
Original Complaint on October 5, 2010 (SPB) and October 6, 2010 (GoTV), GoTV and SPB
have been and is indirectly infringing at least one claim of the '757 Patent by knowingly and
specifically intending to contribute to or induce infringement by others, including but not limited
to retailers, resellers, wireless operators (e.g., Verizon, Sprint), wireless customers, subscriber
unit manufacturers, and/or end users.

ANSWER:    U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 42 of the Complaint.

Complaint, ¶ 43:    Defendant Verizon is a wireless operator that makes, uses, sells,
offers for sale, or imports subscriber units embodying one or more claims of the '757 Patent.  For
example, Verizon sells V CAST Mobile TV to its customers who use subscriber units (e.g.,
models Samsung Mobi, Samsung SCH-U620, Motorola Krave ZN4, LG VX9400, LG Voyager
VX10000, and HTC Imagio) embodying one or more claims of the '757 Patent.  Upon
information and belief, Verizon provides subscriber units embodying one or more claims of the
'757 Patent to customers who use the subscriber units to receive interactive multimedia content,
associated applications, and interactive services.  These subscriber units embody the patented
invention or are specially configured for use in and constitute a material portion of the patented
invention (e.g., data processing station subscriber units that deliver interactive television or
television-quality entertainment and informational content to subscribers).  Upon information
and belief, Verizon makes, uses, sells, offers for sale, or imports subscriber units in the United
States knowing that they will become a material part of a product or process that infringes the
'757 Patent.  Verizon's subscriber units as equipped or compatible with such data and
multimedia services are not staple articles or commodities of commerce suitable for substantial
noninfringing use.  Verizon is an active and sophisticated participant in the interactive television
market, which EON, formerly known as TV Answer, pioneered and developed in the 1980s and
1990s.  TV Answer patents, including the '757 Patent, are often cited prior art in connection with
prosecution and litigation concerning interactive television technology and wireless

communication networks and systems.  Verizon was aware of the '757 Patent, at the latest, upon service of EON's Original Complaint on September 28, 2010.  Verizon has been and is directly infringing at least one claim of the '757 Patent literally or under the doctrine of equivalents. Following service of the Original Complaint on September 28, 2010, Verizon has been and is indirectly infringing at least one claim of the '757 Patent by knowingly and specifically intending to contribute to or induce infringement by others, including but not limited to retailers, resellers, wireless operators, wireless customers, subscriber unit manufacturers, multimedia content (and associated application) providers (e.g., FLO TV), and/or end users.

ANSWER:   U.S. Cellular is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 43 of the Complaint.

## INFRINGEMENT OF THE EON PATENT IN SUIT

Complaint, ¶ 44:   EON repeats and realleges the allegations set forth in paragraphs 28-43 as if those allegations have been fully set forth herein.

ANSWER:   U.S. Cellular repeats and incorporates by reference its answers to

paragraphs 28-43 of the Complaint.

Complaint, ¶ 45:   Defendants, without authorization or license and in violation of 35 U.S.C. § 271, have been and are directly infringing at least one claim of the '757 Patent by making, using, selling, offering for sale, or importing data processing station subscriber units that deliver interactive television or television-quality entertainment and informational content to subscribers, including without limitation subscriber units equipped or compatible MediaFLO or MobiTV products and the products named in paragraphs 28-43, literally or under the doctrine of equivalents.

ANSWER:   U.S. Cellular denies directly or indirectly infringing any claim of the '757

Patent and denies the remaining allegations in Paragraph 45 to the extent that they relate to U.S.

Cellular.  To the extent the allegations of this paragraph relate to the other Defendants, U.S.

Cellular is without knowledge or information sufficient to form a belief as to the truth of the

allegations.

Complaint, ¶ 46:   Following service of the Original Complaint, Defendants have acted in the manners described above in paragraphs 28-43 with knowledge of the '757 Patent, that their respective product or component directly infringes and/or would be used in a product or process that infringes the '757 Patent, that their respective product or component is especially made or adapted for use in a product or process that infringes the '757 Patent and is not a staple article or commodity suitable for substantial noninfringing use, and their product or component would constitute a material part of a product or process (e.g., data processing station subscriber

units that deliver interactive television or television-quality entertainment and informational content to subscribers) that infringes the '757 Patent. Defendants acted in the manners described above knowing that their acts would induce infringement by others.

ANSWER:   U.S. Cellular denies that it has acted in the manners described in

paragraphs 28-43 with knowledge of the '757 Patent, that any product or component that it

provides directly infringes or is used in a product or process that infringes the '757 Patent, that

any product or component that it provides is not a staple article or commodity suitable for

substantial noninfringing use, that any product or component that it provides constitutes a

material part of a product or process that infringes the '757 Patent. U.S. Cellular denies that it

directly or indirectly infringes the '757 Patent and denies the remaining allegations in paragraph

46 to the extent that they relate to U.S. Cellular. To the extent the allegations of this paragraph

relate to the other Defendants, U.S. Cellular is without knowledge or information sufficient to

form a belief as to the truth of the allegations.

Complaint, ¶ 47:   In addition to the allegations of direct infringement alleged in the preceding paragraphs, EON also alleges that following service of the Original Complaint, Defendants have been and continue to commit acts of indirect infringement under 35 U.S.C. §§ 271(b) and (c). In relation to EON's indirect infringement claims, the corresponding direct infringers are those people or entities, including but not limited to the entities listed in paragraphs 28-43, that are induced by or receive contributions from the indirect infringers and directly, either literally or under the doctrine of equivalents, infringe the '757 Patent. These direct infringers include but are not limited to the literal direct infringers, for example subscriber unit manufacturers which make wireless devices that deliver interactive television or television-quality entertainment and informational content to subscribers that embody at least one claim of the '757 Patent, wireless, operators, retailers and resellers who sell or offer for sale such wireless devices together with a cellular subscription for same, and end users of such wireless devices.

ANSWER:   U.S. Cellular denies that it directly or indirectly infringes the '757 Patent

and denies the remaining allegations in paragraph 47 to the extent that they relate to U.S.

Cellular. To the extent the allegations of this paragraph relate to the other Defendants, U.S.

Cellular is without knowledge or information sufficient to form a belief as to the truth of the

allegations.

Complaint, ¶ 48:     EON has no adequate remedy at law against Defendants' acts of infringement and Defendants' infringement will continue unless enjoined by this Court.

ANSWER:     U.S. Cellular denies the allegations in Paragraph 48 to the extent they relate to U.S. Cellular.  To the extent the allegations of this paragraph relate to the other Defendants, U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

Complaint, ¶ 49:     EON has suffered, and will continue to suffer, irreparable injury as a result of Defendants' infringement.

ANSWER:     U.S. Cellular denies the allegations in Paragraph 49 to the extent they relate to U.S. Cellular.  To the extent the allegations of this paragraph relate to the other Defendants, U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

Complaint, ¶ 50:     EON is in compliance with the requirements of 35 U.S.C. §287.

ANSWER:     U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

Complaint, ¶ 51:     EON has been damaged by Defendants' infringement, and will continue to be damaged until enjoined by this Court.

ANSWER:     U.S. Cellular denies that it has infringed EON's patent and therefore denies that EON has been damaged.  To the extent the allegations of this paragraph relate to the other Defendants, U.S. Cellular is without knowledge or information sufficient to form a belief as to the truth of the allegations.

### PRAYER FOR RELIEF

WHEREFORE, U.S. Cellular prays that the Court enter an order:

(A)     Dismissing the complaint with prejudice as against U.S. Cellular;

(B)     Finding this case an exceptional case and awarding U.S. Cellular its attorneys' fees incurred herein;

(C)     Awarding U.S. Cellular its costs; and

(D)     Awarding U.S. Cellular such other and additional relief as the Court deems equitable and just.

## SPECIAL AND AFFIRMATIVE DEFENSES

U.S. Cellular hereby asserts the following further and separate defenses to the Complaint with knowledge as to its own actions and on information and belief with respect to the actions of others, and without undertaking or otherwise shifting any applicable burdens of proof:

### I.
### (Non-Infringement)

1.     U.S. Cellular has not and does not infringe any valid claim of the '757 Patent.

### II.
### (Invalidity)

2.     Each claim of the '757 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116, 120, and 255 and the rules, regulations, and laws pertaining thereto.

### III.
### (Limitations on Damages and Costs)

3.     Eon Corp. is precluded from recovering damages from U.S. Cellular for any alleged infringement committed more than six years prior to the filing of this lawsuit under 35 U.S.C. § 286. Eon Corp. is barred by 35 U.S.C. § 288 from recovering any costs associated with its action.

## IV.
### (Improper Joinder)

4.      Some or all of the defendants have been improperly joined in a single action and U.S. Cellular asserts its right to a separate trial.

## V.
### (Intervening Rights)

5.      Upon issuance of the reexamination certificate for the '757 Patent, Plaintiff's claims for patent infringement will be barred, in whole or in part, by the doctrines of absolute and/or equitable intervening rights under 35 U.S.C. §§ 252 and 307(b).

## COUNTERCLAIMS

Without waiver of any rights, including the right to seek dismissal of this action, Counterclaim-Plaintiff U.S. Cellular, by and through its undersigned counsel, and by way of Counterclaims against Eon Corp., hereby alleges, with knowledge as to its own actions and on information and belief with respect to the actions of others, the following counterclaims against Counterclaim-Defendant Eon Corp.:

### NATURE OF THE ACTION

1.      This is an action by Counterclaim-Plaintiff U.S. Cellular pursuant to Rule 13 of the Federal Rules of Civil Procedure for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 5,663,757 (the "'757 Patent"), arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

### PARTIES

2.      Counterclaim-Plaintiff U.S. Cellular is a corporation organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois.

3.      Upon information and belief, Counterclaim-Defendant Eon Corp. is a limited liability company organized under the laws of the State of Texas with its principal place of business located at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

### JURISDICTION AND VENUE

4.      These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, *et seq*., and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5.      Eon Corp. has sued U.S. Cellular for patent infringement of the '757 Patent. U.S. Cellular denies infringement and denies that the '757 Patent is valid.   There is therefore a

RLF1 6334956v.1

substantial, actual, and continuing controversy between Eon Corp. and U.S. Cellular as to the the alleged infringement, validity, and enforceability of the '757 Patent.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

6.   U.S. Cellular repeats and realleges each allegation set forth in Paragraphs 1 through 5 as though fully set forth herein.

7.   Eon Corp. has sued U.S. Cellular for patent infringement of the '757 Patent. Thus, an immediate, real, and justiciable controversy exists between U.S. Cellular and Eon Corp. with respect to the alleged infringement of the '757 Patent.

8.   U.S. Cellular has not infringed and does not infringe any valid claim of the '757 Patent.

9.   A judicial declaration that U.S. Cellular has not infringed and does not infringe any claim of the '757 Patent is necessary and appropriate at this time so that U.S. Cellular can ascertain its rights and duties with respect to the products and/or services that Eon Corp. accuses of infringing the claims of the '757 Patent.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity)

10.   U.S. Cellular repeats and realleges each allegation set forth in Paragraphs 1 through 9 as though fully set forth herein.

11.   An immediate, real and justiciable controversy exists between U.S. Cellular and Eon Corp. with respect to the invalidity of the '757 Patent.

12.   The claims of the '757 Patent are invalid for failure to comply with one or more provisions of 35 U.S.C. § 101, *et seq.*, including, without limitation, §§ 101, 102, 103, 112, 116, 120, and 255 and the rules, regulations, and laws pertaining thereto.

RLF1 6334956v.1

13.     A judicial declaration that the claims of the '757 Patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that U.S. Cellular can ascertain its rights and duties with respect to the products and/or services that Eon Corp. accuses of infringing the claims of the '757 Patent.

## PRAYER FOR RELIEF

WHEREFORE, U.S. Cellular respectfully requests judgment granting the following relief:

1.     That Eon Corp. take nothing by its Complaint;

2.     That the Court dismiss each and every claim related to U.S. Cellular in Eon Corp.'s Complaint with prejudice;

3.     That the Court declare that U.S. Cellular has not infringed any claim of the '757 Patent;

4.     That the Court declare each claim of the '757 Patent to be invalid under 35 U.S.C. § 1, *et seq.*;

5.     That the Court enter a permanent injunction restraining Eon Corp. and its officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from suing or threatening to sue for infringement of the '757 Patent on the basis of the making, using, selling, offering for sale, or importing of any U.S. Cellular product or service;

6.     That the Court award U.S. Cellular attorneys' fees and costs against Eon Corp. pursuant to 35 U.S.C. § 285; and

7.     That the Court award such other and further relief to U.S. Cellular as the Court may deem just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and L.R. 38.1, U.S. Cellular demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| | _/s/ Steven J. Fineman_ |
| Of Counsel: | Gregory P. Williams (#2168) |
| | Steven J. Fineman (#4025) |
| Richard J. O'Brien | Richards, Layton & Finger, P.A. |
| Robert D. Leighton | One Rodney Square |
| SIDLEY AUSTIN LLP | 920 North King Street |
| One South Dearborn | Wilmington, Delaware  19801 |
| Chicago, IL 60603 | 302-651-7700 |
| 312-853-7000 | Williams@rlf.com |
| | Fineman@rlf.com |
| | _Attorneys for Defendant United States Cellular_ |
| Dated:  July 26, 2012 | _Corporation_ |

27

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been caused to be served by electronic mail:

Gregory Brian Williams
Fox Rothschild LLP
919 North Market Street, Suite 1300
Wilmington, DE 19801

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon, LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801

Richard K. Herrmann
Mary B. Matterer
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

Brian E. Farnan
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801

Thomas Lee Halkowski
Fish & Richardson, P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899-1114

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899

Monte T. Squire
Adam Wyatt Poff
Young, Conaway, Stargatt & Taylor
Rodney Square
1000 N. King Street
Wilmington, DE 19801

Karen Jacobs Louden
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19899

Steven J. Balick
Lauren E. Maguire
Andrew Colin Mayo
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

John G. Day
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

Kevin P. Anderson
Karin A. Hessler
Wiley Rein LLP
1776 K Street, NW
Washington, DC 2006

Richard de Bodo
Patrick Park
Brent K. Yamashita
DLA Piper LLP (US)
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067

Cabrach J. Connor
Daniel R. Scardino
Jeffery R. Johnson
Reed & Scardino LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209

Jared Bobrow
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

Harrison J. Frahn , IV
Jeffrey E. Ostrow
Sara G. Wilcox
Simpson Thacher & Bartlett LLP
2550 Hanover Street
Palo Alto, CA 94063

Bob Steinberg
Ryan E. Hatch
Latham & Watkins LLP
355 South Grand Avenue
Los Angeles CA 90071-1560

Maura L. Rees
Dylan J. Liddiard
Holly B. Baudler
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

Melinda M. Morton
Bergeson, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110

Edmond D. Johnson
Pepper Hamilton LLP
1313 Market Street, Suite 5100
Wilmington, DE 19899-1709

Heidi Keefe
Mark Weinstein
Kyle Chen
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94306

Amber H. Rovner
Weil, Gotshal & Manges LLP
700 Louisiana Street, Suite 1600
Houston, TX 77002

Henry B. Gutman
Victor Cole
Courtney A. Welshimer
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017

William H. Boice
Kilpatrick Stockton, LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309

Brian R. Nester
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C.  20005

Spencer W. Ririe
Sidley Austin LLP
555 West Fifth Street
Los Angeles, CA  90013

David T. Pritikin
Sidley Austin LLP
One South Dearborn
Chicago, IL  60603

Philip W. Woo
Sidley Austin LLP
555 California Street, Suite 2000
San Francisco, CA 94104

Of Counsel:
Richard J. O'Brien
Robert D. Leighton
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603


Dated:  July 26, 2012

_____/s/ Steven J. Fineman_____
Gregory P. Williams (#2168)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware  19801
302-651-7700
Williams@rlf.com
Fineman@rlf.com
Attorneys for Defendant U.S. Cellular
Corporation