IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | : | |
| Plaintiffs, | : | |
| vs. | : | 10-812 (RGA) |
| FLO TV INC., et al. | : | |
| Defendants. | : | |

## RULINGS AND RECOMMENDATIONS IN RESPONSE TO REQUESTS FOR PROTECTIVE ORDERS

The parties have collectively submitted a request for the entry of a comprehensive Protective Order. There are, however, several disputes. They involve (1) the Defendants' application to have the prosecution bar extended to include the reexamination and reissue proceedings; (2) The duration of the prosecution bar[1]; and (3) the Defendants' request for a reduced confidentiality status relative to the settlement agreements entered into with the defendants that have resolved their cases.[2]

It is my understanding that the parties are in agreement as to the entirety of the comprehensive protective order aside from these disagreements. While the Defendants have not captioned their requests for the inclusion of their specific language in the document, I have treated their requests as separate motions for the entry of protective orders pursuant to Federal Rule 26(c).

---

[1] The respective proposals are found in Defendants' Exhibit A at 8.
[2] The proposed language is found at Defendants' Exhibit A at 1.

1. <u>Prosecution Bar</u>

"A party seeking a protective order has the burden of showing good cause for its issuance." <u>Xerox Corp. v. Google, Inc.</u>, 270 F.R.D. 182, 183 (D. Del. 2010)(citing <u>Fed. R. Civ. Pro.</u> 26(c)). "The same is true for a party seeking to include in a protective order a provision effecting a prosecution bar." <u>Id.</u> (citing <u>In re Deutsche Bank Trust Co.</u>, 605 F.3d 1373, 1378 (Fed.Cir.2010)).

The party or parties seeking a patent prosecution bar, or in this case an extension of a prosecution bar, must initially show that there is an unacceptable risk of the disclosure of confidential information. <u>U.S. Steel Corp. v. United States</u>, 730 F.2d 1465 (Fed. Cir. 1984). In evaluating the requested prosecution bar the Court considers this risk and then balances it against the potential harm to the opposing party. <u>Xerox</u>, 270 F.R.D. at 184. "After balancing these competing interests, the court has broad discretion to decide what degree of protection is required." <u>Id.</u>

In requesting its language for the prosecution bar, Defendants submit that there is a significant risk of plaintiff's inadvertent use of defendants' confidential information unless the bar is extended to include the reexamination and reissue proceeding. Problematically, they do not substantiate any actual risk that might be incurred. While it is understandable that the defendants would not want to point out the particular confidential information with which they are concerned, they, nonetheless, have the burden of convincing the Court that their suggested language should be issued.

As noted by the Court in <u>Xerox</u>, "[u]nlike patent prosecution, reexamination is a limited proceeding assessing only the patentability of existing claims against specific prior art references. Defendants' confidential information is 'basically irrelevant' to that particular

2

determination." 270 F.R.D. at 184 (citing Kenexa Brassring Inc. v. Taleo Corp., 2009 WL 393782, at *2 (D.Del. Feb.18, 2009)).

I find that, in this instance, the Defendants have not made a sufficient showing of probable harm. Stated otherwise, they have not presented "cause" which compels the Court to adopt the extended prosecution bar. It is therefore my ruling that the language proposed by the Defendants in subparagraph (2) of Section 11(a) of their submission should not be adopted.

Regarding the proposed language of Defendants' subparagraph (3)[3], I believe the time for bar should exist until the dismissal of the case free of appeal. Stated otherwise, I am satisfied that there is good reason to allow the provision set out in Defendants' proposed paragraph (3). However, the time period following final judgment should be limited to one year following the entry of that judgment, free of appeal.

2. Reduced Confidential Status

Regarding Defendants' request for a lower confidential information designation for the involved settlement agreements (permitting details to be made available to in-house counsel), I am not convinced by Defendants' arguments. Their basic argument, without offering any specific reasoning, is that their clients would benefit from the knowledge of the plaintiff's settlement documents with the earlier settling defendants.[4] While such information may be desirable from the Defendants' point of view, no authority is cited which supports

---

[3] Proposed subparagraph (3) is now subparagraph (2), in light of the fact that Defendants' proposed subparagraph (2) has now been disallowed.
[4] Defendants argue that they are entitled to "settlement and licensing information" without specifying what, specifically, interests them. I can only assume that what they want to disclose are the specifics, and particularly the amounts, of the settlements with the dismissed defendants, as well as the monetary terms of the licenses, should such exist.

3

their right to distribute this information. As the moving party Defendants must offer a legally cognizable right in order to prevail.

This is not a situation where specific damages and/or settlement details in one case would affect the damages in other cases. Essentially each cause of action stands on its own and, as such, is subject to independent appraisal.[5] In any event, no authority has been provided and no valid explanation has been offered which demonstrates good cause for a reduced designation of the settlement documents. It is my ruling that the language proposed by the Defendants concerning a lower confidential information designation should not be adopted.

The Special Master herein so rules.

                                      _____
                                      B. WILSON REDFEARN, ESQUIRE
                                      Special Master
                                      United States District Court for the District of Delaware

Dated: 7.10.13

---

[5] Further, the issue of damages has been bifurcated.