IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EON CORP. IP HOLDINGS, LLC, :
:
          Plaintiffs, :
:
  vs. :   10-812 (RGA)
:
FLO TV INC., et al. :
:
          Defendants. :

## RULING AND RECOMMENDATION RELATING TO PLAINTIFF'S MOTION TO COMPEL SPRINT PRODUCTION (DISCOVERY ISSUES 1, 3, 4 AND 5[1]

The Plaintiff has submitted a Motion to Compel the production of the following items from Sprint ("Defendant"):

1. Documents concerning the operation and functionality of the operating systems (Android, iOS, and Windows Mobile/Phone) of the accused devices including documents (such as requirements documents and contracts) showing the division between Sprint and the operating system manufacturers that show which party controls the features and functionality.

2. Documents showing the operation and functionality of applications accused of providing the functionality required by the claims of the patent. These applications include Sprint TV, Sprint TV Premium Packages, Sprint Movies, Sprint Football Live, Netflix, ABC Mobile, CBS Mobile, USA, SyFy, Cinemax, DirecTV, FOX, HBO, YouTube, Hulu, MLB At Bat, NBC, NBC Sports, ESPN Mobile, The Weather Channel, NFL, The CW TV, Google, TV, and NASCAR Sprint Cub Mobile.

3. Documents in response to the other requests listed below (RFPs 26-28, 34, 36, and 43-46).

---

[1] The issue numbers are taken from the Status Chart utilized during the Special Master Conference of June 19, 2013.

The issues raised herein have been briefed by EON and Sprint. While neither party has stated the Federal Rule under which it is moving, I am treating this as a motion requesting the Court to compel production under Rule 34.

## I. THE PARTIES' POSITIONS

### 1. Operating System Discovery

It is EON's position that Sprint has not produced the documents which relate to the operating systems of Sprint phones in response to its Request for Production #63.[2] It argues that this discovery is necessary in that it relates to the manner in which the Sprint phones infringe the patent in suit. Plaintiff states: "The information sought is highly relevant to show how the accused devices running, for example Android, meet this element," referring to the "operating system functionality" described in RFP #63. Plaintiff also seeks documents concerning the relationship between Defendant and Google (the maker of Android) insofar as they show whose technology controls the functionality of the software provided to Sprint customers.

It is Defendant's position that it should not be compelled to produce documentation concerning operating systems unless it is directly relevant to Plaintiff's case against Sprint. Defendant also asserts that it does not make or manufacture handsets and therefore does not have the operating system documentation sought. Finally, Sprint contends that it has produced the relevant documents in its possession.

---

[2] Request for Production #63 reads as follows:
    Documents sufficient to show the functionality, *e.g.*, Android, iOS, Windows, but not limited to the operating system functionality for mobile devices for controlling video signals, operating system functionality for interactive communications, and operating system functionality for communications with other mobile devices.
(EON Opening Br. at 3)

2. <u>Application Discovery</u>

Plaintiff also seeks production of documents relating to the applications that provide the functionality identified in the patent in suit. EON asserts that the applications cited "are a critical component of the accused devices and are required to meet certain elements of the claims."[3] Because EON alleges infringement on the basis of the functionality of providing interactive video through mobile applications, it seeks discovery on all applications that can be run on smartphones which provide video to consumers.

Defendant responds by arguing, that there is a distinction between Sprint applications and third-party applications. It asserts that only the accused Sprint applications (Sprint TV, Sprint Football Live, and NASCAR Sprint Cup Mobile), are subject to inquiry. As to third-party applications, Defendant contends that it did not develop those applications and a search for those documents would be both non-productive, and, unduly burdensome. Finally, Defendant argues that it should not be compelled to produce the publicly available documents which are equally available to both parties.

3. <u>Other Requests</u>

Plaintiff groups the remaining issues of its motion to compel into a general category titled "Other Requests that Sprint Refuses to Answer." This encompasses Requests 26, 27, 28, 34, 36, 43, 44, 45, and 46.

---

[3] Plaintiff's Opening Br. at 3-4.
The list of applications at issue and provided by Plaintiffs is as follows:
> Sprint TV, Sprint TV Premium Packages, Sprint Movies, Sprint Football Live, Netflix, ABC Mobile, CBS Mobile, USA, SyFy, Cinemax, DirecTV, FOX, HBO, YouTube, Hulu, MLB At Bat, NBC, NBC Sports, ESPN Mobile, The Weather Channel, NFL, The CW TV, Google, TV, and NASCAR Sprint Cub Mobile, among other video applications and Internet web programs that provide video content.

<u>Id.</u>

3

### i. Requests 26, 27 and 28

As to Request 26, Plaintiff seeks all contracts which relate to the streaming of video to customers, including contracts with other defendants and third-parties such as the application producers. It argues this is necessary because it relates to the functionality of providing streaming video. As to Request 27, Plaintiff seeks all contracts between Defendant and any other defendant or third-party relating to a customer's purchase from a mobile device. Plaintiff argues that this is appropriate because the patent in suit claims a means for making purchases through its display screen. As to Request 28, Plaintiff seeks all contracts related to Sprint's providing "Relevant Products or Relevant Services."[4] Plaintiff argues that this request is intended to obtain information regarding what applications are required to be pre-loaded on Sprint devices.

Defendant responds to Requests 26-28 by stating that it has complied with the Requests by providing the relevant contracts between it and defendants MobiTV and GoTV which relate to the accused Sprint application, as well as the contracts with the other defendants.

---

[4] "Relevant Services," are defined by Plaintiff's request for production as:
> any service identified in EON's infringement contentions and any service that allows a customer to purchase applications (*e.g.*, purchasing and downloading from iTunes or GooglePlay), stream video (*e.g.*, Hulu, ESPN), access video on demand (*e.g.*, Netflix, HBO on demand), access and play games (*e.g.*, Monopoly, The Sims), allow channel selection by users (*e.g.*, ABC, NBC, CBS applications), and/or send purchase confirmations to users (*e.g.*, buying music on iTunes and receiving an emailed receipt).

"Relevant Products" are defined by Plaintiff's request for production as:
> any product identified in EON's infringement contentions and any product that EON alleges such as purchasing applications (*e.g.*, purchasing and downloading from iTunes or GooglePlay), streaming videos (*e.g.*, Hulu, ESPN), accessing videos on demand (*e.g.*, Netflix, HBO on demand), playing games (*e.g.*, Monopoly, The Sims), allowing channel selection (*e.g.*, ABC, NBC, CBS applications), and/or sending purchase confirmations to users (*e.g.*, buying music on iTunes and receiving an emailed receipt).

Defendant's Exh. V at 6.

### ii. Requests 34 and 36

As to Request 34, Plaintiff seeks marketing documents relative to streaming video (including accused application SprintTV) and purchases through a mobile device. Plaintiff argues that these documents are necessary relative to its claims of induced infringement including the features that Sprint requires from its suppliers. As to Request 36, Plaintiff seeks documents provided to retailers and customers for advertising and marketing of Relevant Products and Services. Plaintiff again argues that these relate to inducement.

In response to Requests 34 and 36, Defendant asserts that it has produced the external marketing and advertising materials which are related to the accused applications.

### iii. Requests 43, 44, 45 and 46

As to Request 43, Plaintiff seeks operation manuals, owner manuals and the like for each "Relevant Product" or "Relevant Service." Plaintiff asserts that these are relevant in that core technical documents (referring to the Default Standard and Scheduling Order). EON says that it needs those documents because they show the process of updating software on mobile devices. It asserts that the patent in suit claims a means for adding or updating features and related material and they are therefore discoverable. As to Requests 45 and 46, Plaintiff seeks advertising documents which relate to streaming videos and purchases made with mobile devices on the basis that those materials relate to inducement of infringement.

Defendant responds to Requests 43-46 by asserting that it has already produced all end-user manuals for non-licensed handsets contained in the infringement contentions. Otherwise, Defendant maintains that Plaintiff's requests are both unclear and untimely.

## II. <u>Decision</u>

Under Federal Rule of Civil Procedure 26, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.' As long as the information sought is reasonably calculated to lead to the discovery of admissible evidence, it is discoverable, even if it is ultimately not admissible at trial." <u>Leonard v. Stemtech Health Sciences, Inc.</u>, 269 F.R.D. 427, 428 (D. Del. 2010)(citing <u>Fed. R. Civ. P.</u> 26(b)(1)).

In furtherance of discovery permitted by Rule 26, parties are permitted to submit Requests for Production under Federal Rule of Civil Procedure 34. Rule 34 requires a party to produce documents requested which are "items in the responding party's possession, custody, or control." <u>Rule 34</u> (a)(1).

Federal Rule of Civil Procedure 37(a)(3)(b) permits a party to move for an order compelling production of documents. For the purposes of Rule 37 motions, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). Based upon these well known discovery principles, my rulings are as follows:

1. <u>Operating system discovery</u>

Regarding Plaintiff's request for discovery related to the operating systems, including documents concerning iOS, Android, and Windows Phone, I grant-in-part, and deny-in-part, the Plaintiff's request.

Plaintiff initially accused a number of Spring applications in its Initial Identification, as well as the applications of other Defendants, i.e., FLO TV, Verizon, U.S. Cellular MobiTV, GOTV.

It filed two subsequent supplemental identifications which did not add any applications accused.[5] Finally, Plaintiff filed a third supplemental identification entitled "Fourth Supplemental Identification of Accused Products," which attempted to add accused handsets and mobile devises.[6] The Fourth Supplement has been disallowed by previous ruling, and those products are not a part of this case.

The elements relevant to the claims of infringement against Sprint were:

> All networks, hardware, software, mobile applications, application programming interfaces, standards, and specifications used or supported by the Sprint Network and/or Sprint Digital Lounge to provide Sprint customers with access to Sprint TV, Sprint TV Premium Packages, Sprint Movies, Sprint Football Live, NASCAR Sprint Cup Mobile, FLO TV, GoTV, MobiTV, SPB TV, games and other interactive video communications.[7]

I will grant Plaintiff's motion to compel the production of documents related to the operating systems to the extent that they relate to the operation and functionality of the accused applications which used the Sprint operating systems. I find that such documentation may be relevant to Plaintiff's infringement and inducement contentions as related to the application programming interfaces, standards and specifications for the accused applications.

---

[5] These were entitled "Plaintiff's First Supplemental Identification of Accused Products" and "Plaintiff's Third Supplemental Identification of Accused Products" respectively, and were dated December 22, 2011, and June 29, 2012.

[6] The Fourth Supplement added the following:
    Apple iPad with Retina display, Apple iPad mini, Apple iPhone 4, Apple iPhone 4S, Apple iPhone 5, HTC One, Huawei Express, Kyocera DuraPlus, Kyocera Rise, LG Optimus Elite, LG Optimus G, LG Rumor Reflex, LG Mache, Motorola ES4005, Motorola Photon Q 4G, Samsung Reclaim (M560), Samsung Galaxy Note II, Samsung Galaxy Victory, Sprint Express, Sprint Flash, ZTE Fury.

[7] See Plaintiff's Initial Disclosure of Asserted Claims and Products and Identification of Asserted Claims at 4.

If it has not done so already, Defendant should produce the operating system documents in its possession that are related to the accused applications. To the extent that Defendant has already produced such documentation, or does not have same, it should certify that responsive documents are not in its possession or that they have already been provided. The parties are at all times required to supplement under the provisions of Federal Rule 26(e).

I am denying Plaintiff's request for production of documents which relate to the operation and functionality of the operating systems generally, i.e., to the extent that the requested documents do not relate to the accused product the Plaintiff's requests are denied as being overbroad, burdensome and/or not reasonably calculated to lead to the discovery of relevant evidence

2. <u>Application discovery</u>

Plaintiff does not identify any particular Request as to which it contends deficient responses were provided. As indicated above, at this point the discovery at issue is essentially being limited to that which concerns the accused products.

Plaintiff's argument for discovery on both the Defendants' and third-parties' applications consistently refers to applications running on "accused devices."[8] These Requests, to the extent that they are directed toward unaccused products, will not be allowed. Other than as Plaintiff's discovery is directed to the accused products, the requests are overbroad and unduly burdensome as this case now stands. Stated otherwise, absent some demonstrated interaction between third-party applications and the accused applications, I am not convinced of the need for such discovery.

---

[8] See Plaintiff's Opening Br. at 3.

Thus, I will grant Plaintiff's request that Defendant provide responsive documents limited to the accused applications. If Sprint maintains that no such documentation exists, or that such documentation has been produced, then it may so certify.

3. Other Requests

Plaintiff submitted that Defendant has failed to produce documents responsive to Requests for Production 26, 27, 28, 34, 36, 43, 44, 45 and 46. Plaintiff describes, briefly, the relevance of the documents sought. While most of these requests appear to be ambiguous and/or overbroad, if they are confined to those documents related to the accused applications in this case I believe that they are reasonably calculated to lead to the discovery of relevant evidence and should be allowed.

I therefore grant Plaintiff's motion to compel Requests 26, 27, 28, 34, 26, 43, 44, 45 and 46, limited to documents in its possession which relate to the accused applications. Again, Sprint will not be required to produce documents already produced. It should, however, certify that, as to the documents ordered produced, it does not have any further documents in its possession, custody or control after a diligent search.

The Special Master herein so rules.

_____
B. WILSON REDFEARN, ESQUIRE
Special Master
United States District Court for the District of Delaware

Dated: 7/18/13