IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | 10-812 (RGA) |
| | : | |
| FLO TV INC., et al. | : | |
| | : | |
| Defendants. | : | |

## RULING AND RECOMMENDATION RELATING TO SPRINT AND SIMPLEXITY'S MOTION TO STRIKE PORTIONS OF EON'S EXPERT REPORT

Defendants Sprint and Simplexity have submitted a motion under Rule 37 to strike portions of EON's Opening Expert Report.[1]  In addition, they have requested attorney fees and costs under Rule 37 and/or 28 U.S.C. §1927.

## I.    THE PARTIES' POSITIONS

### A.    Sprint and Simplexity

Defendants filed this motion following the submission of the Plaintiff's Opening Expert Report, which was authored by David Klausner.

Sprint objects to those portions of the report which rely on Apple products for infringement, i.e., the Apple iPhone and iPad, (collectively referenced as "Apple wireless devices").  The primary basis for its position is my June 19, 2013 ruling which disallowed the Plaintiff's Fourth Supplement of Accused Products.

Simplexity, in addition to Sprint, objects to those portions of the report which state that they infringe the '757 patent by selling or offering for sale various wireless devices that contain third party applications which were not properly accused.

---

[1] This case involves U.S. Patent 5,663,757 referred to as the '757 patent.

B.    EON

Plaintiff contends that it sufficiently accused the Apple wireless devices in its October, 2012 Amended Infringement Contentions. In support of this, it points to five incidental references for the iPhone, iPad or iOS which were contained in its infringement contentions. EON essentially argues that the Special Master's June 19, 2013 ruling, which excluded the products listed in its Fourth Supplement, only applies to products if they were never mentioned in its Contentions. It also argues that the third party applications, which were set out in the Contentions as exemplary products, were properly disclosed.[2]

## II.    Decision

A.    Background

Plaintiff filed this suit on September 23, 2010 (D.I. 1) and a Scheduling Order was entered on September 7, 2011 (D.I. 152). The Scheduling Order established deadlines for disclosures, including Plaintiff's identification of accused products (September 23, 2011); Defendants' production of Core Technical Documents (November 7, 2011); and the filing of Preliminary Infringement Contentions (December 30, 2011).[3] Document production was to end on June 29, 2012 and fact discovery was initially required to be completed by September 3, 2012.

On September 23, 2011, Plaintiff served its initial Disclosure of Accused Products. (D.I. 180) Plaintiff supplemented this disclosure on December 22, 2011 and served its Preliminary Infringement Contentions on January 9, 2012. (D.I. 208). On June 29, 2012, Plaintiff again supplemented its accused products ("Third Supplement of Accused Products."

---

[2] No claims charts were provided for any of these products. See Transcript of 8/14/13 at 32 and 36.
[3] The same disclosure structure and timeline were subsequently imposed by the establishment of the Default Standard for Discovery in December 2011.

2

(D.I. 235)).   Neither of the supplements/disclosures was directed to either Sprint or Simplexity.   On September 11, 2012, the Court granted stipulated modifications of the Scheduling Order. (D.I. 303). At that time, the document production deadline was modified to February 28, 2013; the fact discovery completion deadline was moved to June 21, 2013, and Opening Expert Reports were extended to July 12, 2013.  On October 16, 2012, Plaintiff served Amended Infringement Contentions. (D.I. 316).

On February 22, 2013, Plaintiff served a "Fourth Supplement of Accused Products." (D.I. 345).  The defendants objected on the basis of timeliness.  In the Fourth Supplement Plaintiff attempted to add approximately 20 new products.  This supplement, as to Sprint, included the Apple devices addressed in Mr. Klausner's report.[4]   Simplexity was not involved.

On June 19, 2013, I ruled that the Fourth Supplement of Accused Products would be disallowed as untimely because the document production triggered by the product disclosures could not be completed by the Court's deadline.  No exception was taken to the June 19th ruling.  At that hearing, I specifically stated that the products named in the Fourth Supplement were not a part of this case.[5]

Plaintiff served its Opening Expert Report on July 26, 2013.  In this report, David Klausner opined, *inter alia,* that Sprint directly infringed through its sale of the Apple wireless devices (iPhones and iPads).  The report gives a claim-by-claim analysis, including how the Apple wireless devices infringe the '757 patent.

---

[4] At no time did the plaintiff request additional document production from the defendants or amend its discovery responses relative to the products included in the Fourth Supplement. See Transcript of 8/14/15 at 19-20.
[5] In my July 18, 2013 Ruling and Recommendation, I reiterated that the products set out in the Fourth Supplement were not in this case.

Based on the inclusion of the Apple wireless devices in Mr. Klausner's report, Sprint moved, under Rule 37, to strike the expert's conclusions which relied on the allegedly infringing Apple wireless devices. Both Sprint and Simplexity also moved to strike Mr. Klausner's references to unaccused third party applications.

B.   Ruling

For the third time: The products identified in the Fourth Supplement of Accused Products are not a part of this case. Those products were untimely identified and, if they had been allowed, it would have compromised not only document production[6] but fact discovery as well as the dates and deadlines set out in the agreed Amended Scheduling Order. (D.I. 303).

While it is understandable that the Plaintiff might have wanted to add new products as they came to its attention, particularly when considering that this technology sector is continuously bringing new products to market, there comes a time when the parties must move forward with their case and get to trial on the products which have been timely identified. To allow otherwise would permit cases of this nature to slide on indefinitely as new technologies and products are developed by the Defendants. My June 19, 2013 ruling was intended to prevent that from happening by insisting that the deadlines agreed to by the parties and ordered by the Court would be enforced.

The problem here comes about because the Plaintiff contends that, while they were not set out in its disclosures, the Apple products must be considered "accused" because of their incidental mention in infringement contentions.[7] This mention consisted of four

---

[6] The Fourth Supplement was filed on February 22, 2013. The document production deadline was February 28, 2013.

[7] Interestingly in its May 29, 2013 letter to me in advance of the first status conference, Plaintiff referred to iOS as an *unidentified product*. EON's Ltr at p. 4.

references to the iOS operating system and one reference to "iPad and iPhone."[8] I have reviewed the 214 page infringement contentions directed to Sprint. They clearly do not provide the required claim-by-claim contentions against Apple.[9] The mentions of the iPad, iPhone and iOS in the 214 page document are no more than passing references. In no meaningful way do they place the defendants on notice that Sprint is going to be charged in this case with having infringed through Apple devices.[10] "Accused Products" must be limited to those which have been both timely accused and the subject of proper infringement contentions. Succinctly put, in this matter, there was not a proper or timely identification of Apple wireless devices. The report of Mr. Klausner is the first time where the devices received an infringement analysis. Neither were the third party applications referenced by Mr. Klausner[11] ever properly accused.

Having annunciated my ruling excluding the products set out in the Fourth Supplement, as well as the unaccused third party applications, Defendants' submission leaves open the question of what can or should be done about the portions Mr. Klausner's report addressing the alleged infringement by Sprint based on the use of the Apple wireless devices, as well as the mention of the unaccused third party applications. Defendants' request is that I strike the offending portions of the expert report as a discovery sanction under Federal Rule 37(b)(2)(a).

---

[8] The first two pages of the infringement contentions also list over 150 handsets, described as "subscriber units."
[9] See, for example, Round Rock Research v. Lenovo Grp., C.A. No. 11-10 1011-RGA at 1. (D.Del.), Walker Digital LLC v. Google, Inc., C.A. No. 11-309-SLR (D.Del. June 14, 2013)
[10] At the hearing on this motion the parties acknowledged that no discovery responses clearly identifying Apple wireless devices had been supplemented prior to the February 22, 2013 disclosure.
[11] See, for example, Klausner report at 438.

I believe that the case of <u>Wonderland Nurserygoods Co. Ltd. v. Thorley Indus., LLC,</u> 2013 WL 2471801 (W.D.Pa. June 7, 2013) directs my course of action.  Federal Rule of Civil Procedure 12(f) governs the Court's authority to strike items from the record.  It only permits matters to be stricken from the pleadings.  Fed. R. Civ. P. 12(f).  5C <u>Wright and Miller and M. Kane, Federal Practice and Procedure</u> §1380 (3d Ed.).  An expert report is not a pleading.

In point of fact, Mr. Klausner is entitled to set out whatever opinions he has concerning infringement.  His report has no binding effect and Plaintiff is entitled to obtain an expert opinion on any number of matters related to this case.[12]

So, at this point, what remedies are available?  I have ruled that products not properly accused are not a part of the case.  If left at that, the trial court, based on the facts before me, would likely not allow offending testimony relative to unaccused products (where the issue of infringement has not been decided).  Perhaps that's where the matter should stand.

<u>Rule</u> 37 does, however, speak to the early preclusion of inadmissible evidence and in light of plaintiff's persistent attempts to get around my June 19th ruling it should be considered here.   <u>Rule</u> 37(b)(2)(A)(ii) provides for an order prohibiting a party from introducing designated matters into evidence.   Instructive is Judge Farnan's ruling in <u>Bridgestone Sports Co., LTD v. Acushnet Co.</u>, 2007 WL 521894 (D. Del. Feb. 15, 2007).  In that case, the Court utilized Rule 37 to preclude a party from introducing prior art references that were not timely disclosed.  Following that precedent, it is my ruling that, subject to the Judge's discretion, any expert opinion or suggested testimony that assumes or attempts to prove that the Apple wireless devices infringe the '757 patent should not be allowed.

---

[12] As an aside, the judge in <u>Wonderland</u> noted the failure to produce Mr. Klausner's full report and opinions might, in fact, have been a violation of Plaintiff's obligation for disclosures under <u>Rule</u> 26. <u>Id</u>.

The parties have spent a significant amount of time articulating arguments for and against Rule 37 sanctions under the case of Meyers v. Pennypack Woods Home Ownership Assn., 559 F.2d 894 (3d Cir. 1977). Those factors are: (1) the prejudice or surprise to a party against whom the evidence is offered; (2) the ability of the injured party to cure the prejudice; (3) the likelihood of disruption of the trial schedule; (4) bad faith or willfulness involved in not complying with the disclosure rules; and (5) the importance of the evidence to the party offering it. Bridgstone, *supra.* (citing Pennypack, *supra.*). While those factors preponderate in favor of the defendants, and were considered in this ruling, I choose not to impose monetary sanctions and/or make an award of attorney fees here. That will not likely be the case if EON again argues that products not properly accused are in this case.

Finally, EON's report also contained references to ABC Mobile, CBS Mobile, SyFy, Conemax, Direct TV, Fox, Google Play, Windows Store, X-Box Movies, X-Box Live, Facebook, Twitter, iTunes, Youtube, Netflix and other third party video applications. These applications were not listed in the disclosures or accused in the claim-by-claim analysis of the infringement charts. It is possible that reference to these products at trial might be appropriate under some circumstances. Subject to the Court's discretion at trial, Plaintiff's expert might refer to those apps, however, Plaintiff should not be allowed to suggest that they are indirectly infringing devices.

To conclude, it is my ruling that: (1) the Plaintiff is prohibited from presenting evidence at trial which argues or assumes that the Apple devices infringe the '757 patent; (2) Plaintiff's expert may refer to the unaccused third party applications at trial so long as he does not infer or suggest that they indirectly infringe the '757 patent; (3) no monetary sanctions are awarded against Plaintiff.

Such are my Rulings and Recommendations.

_____
B. WILSON REDFEARN, ESQUIRE
Special Master
United States District Court for the District of Delaware

Dated:  August 28, 2013