IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EON CORP. IP HOLDINGS, LLC, :
:
           Plaintiff :
:
vs. : C.A. No. 10-812-RGA
:
FLO TV, INC., et al, :
:
           Defendant :

**RULINGS AND RECOMMENDATIONS RELATIVE TO THE PARTIES' MOTIONS TO EXCLUDE PORTIONS OF THE EXPERTS' REPORTS**

The parties have filed separate Motions to Exclude following their exchange of expert reports.[1] These reports, in accordance with the Amended Scheduling Order, were filed on July 26, 2013 (opening reports) and September 2, 2013 (rebuttal reports). They were preceded by the Plaintiff's preliminary infringement contentions (January 6, 2012), its amended claims charts (October 15, 2012), the Defendants invalidity contentions (December 21, 2012), exchange of claim construction terms (January 15, 2013) and completion of claim construction briefing (April 30, 2013).

I.    **THE PARTIES' POSITIONS**

    **A. MOTION TO EXCLUDE PORTIONS OF THE EXPERT REPORT OF DAVID KLAUSNER**

        **1. Defendants' Position:**

---

[1] This case involves U.S. Patent No. 5,663,757 (as now re-examined, the '757 patent)

Defendants, collectively, filed a motion to exclude portions of the expert report of David Klausner, Plaintiff's infringement expert.[2] More specifically, the moving Defendants have requested the exclusion of those portions of Mr. Klausner's report which discuss infringement under the Doctrine of Equivalents (DOE), as well as his references to various third-party applications.

Defendants essentially argue that EON did not timely and/or properly disclose the infringement theories under the DOE. It also disputes the efficacy of the "boilerplate" language in EON's cover pleading and infringement contentions. Defendants primarily rely on cases, such as Wyeth Holdings Corp. v. Sandoz, C.A. No. 09-955-RGA-CJB, Slip op. (D. Del. March 14, 2012) which exclude theories of infringement based on late disclosure. Finally, they argue that the third-party applications referenced in Mr. Klausner's report were not properly "accused products" and should also be stricken.

### 2. EON's Position:

Plaintiff acknowledges that Mr. Klausner's DOE analysis was not in its infringement contentions, but asserts that the DOE analysis was appropriately provided in response to Defendants' claim construction briefing (citing the same law as it previously set out in its Qualcomm motion briefing). It then points out that the disputed third-party applications are not "accused" products and thus, in accordance

---

[2] The moving defendants are Motorola Mobility LLC, LG Electronics Mobilecomm USA, Inc., HTC America, Inc., United States Cellular Corporation, Sprint Nextel Corporation, MobiTV, Inc., Simplexity, LLC, d/b/a Wirefly, FLO TV, Inc. and Qualcomm, Inc.

with the Special Master's Qualcomm decision, their relevance and admissibility should be left for the trial judge.[3]

### B. MOTION TO EXCLUDE PORTIONS OF THE EXPERT REPORT OF JACK GRIMES

#### 1. EON's Position:

Plaintiff asserts that prior art combinations and extensions referenced by Dr. Grimes in his Invalidity Report should be excluded because it was not timely advised of these combinations (which were not contained in the invalidity contentions). Its position is primarily based on the fact that it is now unable to propound the discovery on those prior art combinations as fact discovery closed on June 21, 2013. Plaintiff relies on cases such as Vehicle IP, LLC v. Werner Enterprises, Inc., 2013 WL 4786119 (D. Del. Sept. 9, 2013) as instances where courts have excluded an expert's reference to prior art based on untimely disclosure. It also asserts that the Defendants have relied on boilerplate language which Courts routinely reject.

#### 2. Defendants' Position:

Defendants deny that there are any new references in their Invalidity Report and call attention to the fact that, in any event, EON was invited to initiate discovery on these issues before the close of discovery and elected not to do so. They also point out that EON's expert acknowledges that he has analyzed the prior art references and combinations which EON seeks to exclude.

---

[3] See ruling on Qualcomm's Motion to Strike dated September 5, 2013 (D.I. #584).

## II. DECISIONAL BACKGROUND

At the first Special Master's Status Conference (June 19, 2013), I considered whether the Plaintiff would be allowed to go forward with a third disclosure[4] of accused products which would have permitted EON to add numerous handsets to the case. At that time, I ruled that this supplement would be disallowed as untimely because the document production which would have been triggered by the new disclosures could not be completed within the Court's production deadline. No exception was taken to the June 19th ruling.

In a later decision I confirmed that ruling, noting that because the Defendants were "continuously bringing new products to market, there comes a time when the parties must move forward with their case and get to trial on the products which have been timely identified."[5] While I concluded that the supplementation of accused products had to end, nonetheless, this case as it stands should be fully litigated, giving due consideration to the asserted contentions which relate to the products that have been properly accused.[6]

---

[4] Titled the "Fourth Supplement."

[5] See Ruling on Sprint and Simplexity's Motion to Strike at 4 (D.I. #579). Plaintiff acknowledged this situation in its letter of April 5, 2013 to defense counsel wherein, on page 2, it stated "handset manufacturers and network operators are releasing new phones in rapid succession that fit within Eon's infringement theories, often weekly…"

[6] I previously adopted the reasoning contained in the decision in Wonderland Nursery Goods, Ltd. v. Thorley Indus. LLC, 2013 WL 2471801 (W.D. Pa. June 7, 2003) which held that a Motion to Strike parts of a report as not the appropriate method to address the issue. In doing this, I a not unmindful of the opinions which have allowed this, e.g., Wyeth Holdings Corporation, et al v. Sandoz, Inc., C.A. No. 09-955-RGA-CJB (Memorandum Order, March 14, 2012) in which the Court concluded that "if an expert report is stricken, that effectively precludes the expert from testifying as to the subject matter and opinions contained in the report. See, e.g., Kenexa Brassring, Inc. v. Taleo Corporation, 751 F.Supp. 2d 735, 759 (D. Del.2010). In most instances, it

The primary issues presented here are (1) whether Plaintiff should be allowed to have its expert opine, in the alternative, that the Defendants have infringed under the Doctrine of Equivalents when it had not, prior to the experts' reports, provided a separate analysis under that doctrine; and (2) whether the Defendants should be permitted, through their expert, to argue for the first time that numerous prior art references can be combined and the extension of two references allowed.[7]

### III. DISCUSSION

#### A. DEFENDANTS' MOTION REGARDING THE KLAUSNER REPORT

Plaintiff served its Preliminary Infringement Contentions on January 6, 2012. At that time it generally alleged alternative infringement on the basis of the Doctrine of Equivalents.[8] Defendants characterize the Plaintiff's initial alternative contention as cursory and boilerplate.[9] In any event, the parties thereafter exchanged discovery by way of Defendants' broad contention interrogatories and Plaintiff's equally broad responses which directed Defendants to its Infringement Contentions and forthcoming expert report. The parties then exchanged claim construction terms on January 18, 2013. The briefing on this was completed on April 30, 2013.[10] The Plaintiff's expert reports were then produced.

---

seems to make no practical difference whether one proceeds under the provision of Fed.R.Civ.P. 26(a)(2)(B)(i) & (a)(2)(D) or Rule 37(b)(2)(A)(ii).
[7] EON's Opening Brief at 2-5.
[8] D.I. #208 at 5. ("EON presently contends that the accused products literally infringe the asserted claims of the '757 Patent. In the alternative, EON contends that the accused products infringe under the Doctrine of Equivalents.")
[9] Defs. Opening Br. on Klausner at 4.
[10] D.I. #330 & 400.

Defendants now argue that EON's expert's DOE references should be excluded along with its references to what Defendants call, "newly-accused software." The Plaintiff asserts that the reference to the DOE was necessitated by the Defendants' invalidity contentions and that the software applications are merely exemplary and, as such, need not be excluded.

It should be noted that the parties' positions on claim construction have not yet been construed by the court. The <u>Markman</u> hearing, which was originally scheduled for May 24, 2013, was postponed and has not been rescheduled.[11] If the Defendants' claim construction is not accepted, the Plaintiff's alternative DOE construction may be moot. Allowing the Plaintiff's experts' alternative theory of infringement under the DOE to remain in his report does not mean that the Court will adopt the Plaintiff's claim construction.

As noted, the defendants also seek to exclude Mr. Klausner's references to third-party software not disclosed in EON's infringement contentions. EON, however, is not contending that these software applications are "accused." I ruled in a similar challenge, that while the Plaintiff and Mr. Klausner cannot suggest that these applications are devices that infringe the '757 patent, "it is possible that reference to these products at trial might be appropriate under some circumstances." I concluded that the relevance and/or admissibility of the references should thus be left to the discretion of the trial judge.[12] The same is true here.

---

[11] D.I. #438.
[12] See Special Master's Ruling on Spring and Simplexity's Motion to Strike dated August 28,

## B. PLAINTIFF'S MOTION REGARDING THE GRIMES' REPORT

The Defendants prepared and filed detailed Invalidity Contention charts.[13] Thereafter, they timely served their expert's reports in support of their positions. Plaintiff now moves to exclude portions of the Grimes Report that deal with what it alleges are previously unidentified combinations of prior art. It asserts that because the Defendants' report was not issued until after the discovery cut-off date, it had no time to take discovery on the prior art combinations now at issue.

Defendants assert that all of the prior art that was utilized in the Grimes Report was previously disclosed. They further assert that, while it might have done so, at no time before the discovery cutoff did EON take discovery concerning any of the Defendants' prior art references.

Plaintiff relies upon cases such as Vehicle IP, LLC v. Werner Enters., Inc., 2013 WL 4786119 (D. Del. Sept. 9, 2013) as instances where courts have excluded expert testimony on previously undisclosed prior art. In Werner, the prior art at issue was included in a large number of prior art references originally asserted and then was among those withdrawn when the Court required the Defendant to reduce the number of references for each claim. Following that abandonment, the Defendant produced an expert report "substantially devoted" to the abandoned prior art references. 2013 WL 4786119 at *2. Unlike Werner, the prior art at issue here is not newly referenced (and

---

2013 at 7 (D.I. #579).
[13] Defendants supplemented the initial Contentions in March and April 2013. Further AT&T served Invalidity Contentions in Puerto Rico on August 6, 2012 and supplemented on December 28, 2012. The AT&T action has been consolidated with this action.


was not previously abandoned) by Defendants. In its motion, Plaintiff provides a litany of combinations of prior art that it contends are new. However, it does not appear that the Invalidity Report introduces new evidence for the combinations discussed or a re-chart of any element of the '757 patent. So far as I can determine, Dr. Grimes did not rely on any evidence not previously disclosed.

### C. RULING:

Both motions argue the applicability of the Pennypack factors.[14] I have considered the parties' contentions, as well as the various analogous and/or dissimilar cases, and conclude that the Pennypack factors do not warrant exclusion under either the Plaintiff's or the Defendants' motions. While both moving parties have declared that they are prejudiced, neither has convinced me that the legal theories cannot still be appropriately addressed by their experts. I do not read any of the issues as requiring additional discovery as neither the DOE nor the prior art combinations disclosed any new facts or data; rather they contained expert's opinions setting forth interpretations of facts based on data previously disclosed. I previously cautioned the parties to undertake expert discovery covering the full scope of the published reports and they have assured me that this is being done.

I do not perceive bad faith on the part of either side in these motions. All of the parties contend that the other side used boilerplate language and that variations from

---

[14] Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904–05 (3d Cir. 1977). Those factors are: (1) the prejudice or surprise to a party against whom the evidence is offered; (2) the ability of the injured party to cure the prejudice; (3) the likelihood of disruption of the trial schedule; (4) bad faith or willfulness involved in not complying with the disclosure rules; and (5) the importance of the evidence to the party offering it. Bridgstone, 2007 WL 521894 (D. Del. Feb. 15, 2007)(citing Pennypack, supra.).

the initial Infringement Contentions or the Invalidity Contentions preclude the other side from changing or amending those positions through their expert reports. While both parties could have acted more diligently in the prosecution of their respective claims, as I said, their conduct does not appear to have been in bad faith. The expert reports were timely produced and it is important that these issues be fully presented and all valid legal theories considered.

"[E]vidence should be excluded sparingly and only in circumstances involving litigation conduct that is clearly unprofessional or inappropriate, and in circumstances creating prejudice to the party against whom the evidence is offered." Bridgestone Sports Co, Ltd. v. Acushnet Co., 2007 WL 521894 (D. Del. Feb. 15, 2007). All of the parties agree that the exclusion of "critical evidence" "such as conclusions on infringement or invalidity, should be considered "an extreme sanction not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." In re. Paoli R.R. Yard PCB Litig., 35 F.3d 717, 791-92 (3d Cir. 1994) (internal quotation marks omitted); See also, Dow Chem. Co. v. Nova Chems. Corp., 2010 WL 2044931, at *1-2, (D. Del. May 20, 2010).

After a review of the evidence, the arguments of the parties and an analysis of the Pennypack factors, I conclude that no portion of the experts' reports should be excluded at this time.[15]

---

[15] This ruling is confined to the portions of the reports which are at issue here. Further, questions of relevance and/or admissibility must be left to the discretion of the trial judge based on the circumstances at the time that the evidence is presented.

Such is the Ruling and Recommendation of the Special Master.

/s/ Wilson Redfearn
B. WILSON REDFEARN, ESQUIRE
Special Master
United States District Court for the District of Delaware

Dated: 10/3/13

10