IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 10-812-RGA |
| FLO TV INCORPORATED, et al., | : | |
| Defendants. | : | |

**ORDER**

Before the Court are objections to two ruling and recommendations (R&R) of the Special Master. The first R&R (D.I. 549) resolved a dispute about Sprint's discovery responses. Briefing relating to these objections has been completed. (D.I. 560, 563, 571-74). The objections are only to a limited portion of the R&R, relating to particular Apple[1] products. (*See* D.I. 560 at 12) ("iOS, Android, and the enumerated video applications"). The second R&R (D.I. 579) resolved a motion to strike portions of Plaintiff's expert report regarding the same subject as the discovery dispute, again limited to particular Apple products. (D.I. 564, 565).[2] Further objections and arguments on the motion to strike have been submitted. (D.I. 587, 596-98, 607).

Both disputes stem from the fact that Plaintiff did not in any meaningful and timely way accuse the Apple products of being infringing products. It is undisputed that in the first three

---

[1] EON refers to "Apple products" but I think Android is a Google product.

[2] Defendants Sprint and Simplexity have filed a limited objection to the second R&R. (D.I. 597). Plaintiff did not respond to it. The substantive relief (in essence) the defendants seek is at D.I. 597, p.10, n.7. Defendants do not want to have to respond to the excluded evidence. EON has not briefed it, which could be considered a waiver. More likely, EON does not want to use up its credibility arguing a nonsensical position. In any event, since the issue does not seem to have been joined, I will decline to enter the requested order.

iterations of accused products, they were not included.³ Plaintiff does not argue that the fourth iteration sufficed to add them in. Rather, Plaintiff argues that reference to iOS and Android in infringement contentions was sufficient to make them accused products. Defendants counter that the references were fleeting and offered nothing in terms of claim analysis that would suggest that they were accused products.

In my opinion, I do not think the passing references to iOS and Android in the infringement contentions, which did not include any charting of how iOS or Android might infringe, suffice under the facts of this case to have made them accused products,⁴ and I do not think that any opinions about them in Plaintiff's expert's report will be admissible at trial, and I therefore exclude them.

In view of the above, and considering the issues *de novo*, the Court **ADOPTS** the two rulings of the Special Master (D.I. 549 & 579), and therefore **RESOLVES** the motion to strike (D.I. 564) as indicated in the Special Master's R&R.

IT IS SO ORDERED this 30th day of October 2013.

*Richard G. Andrews*
United States District Judge

---

³ I gather the accused products for defendant Sprint were described as "Sprint TV, Sprint TV Premium Packages, Sprint Movies, Sprint Football Live, and NASCAR Sprint Cup Mobile." D.I. 571, p. 2).

⁴ I do not think *MobileMedia Ideas LLC v. Apple Inc.*, 2012 WL 123772 (D.Del. Apr. 11, 2012), is to the contrary.