IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-812 (RGA) |
| | ) | |
| FLO TV INCORPORATED, et al., | ) | TGFCEVGF |
| | ) | RWDNKE'XGTUKQP |
| Defendants. | ) | |

## DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO
## EON'S MOTION FOR A SINGLE TRIAL

POTTER ANDERSON & CORROON, LLP
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
1313 N. Market Street, 6th Floor
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com
*Attorneys for Defendants FLO TV*
*Incorporated and Qualcomm Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Jennifer Ying (#5550)
Megan E. Dellinger (#5739)
1201 North Market Street P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@mnat.com
jying@mnat.com
mdellinger@mnat.com
*Attorneys for Defendants Sprint Nextel*
*Corporation, HTC America, Inc., and Simplexity,*
*LLC d/b/a Wirefly*

FARNAN LLP
Brian Farnan (#4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
*Attorneys for Defendant MobiTV Inc.*

RICHARDS, LAYTON & FINGER, P.A.
Steven J. Fineman (#4025)
Katharine Lester (#5629)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
fineman@rlf.com
lester@rlf.com
*Attorneys for Defendant United States Cellular*
*Corporation*

FISH & RICHARDSON, P.C.
Thomas Lee Halkowski (#4099)
222 Delaware Avenue
17th Floor
Wilmington, DE 19801
(302) 652-5070
halkowski@fr.com
*Attorneys for Defendant LG Electronics*
*MobileComm USA Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
*Attorneys for Defendant Motorola Mobility LLC*

Original Filing Date: January 17, 2014
Redacted Filing Date: January 24, 2014

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ iii

NATURE AND STAGE OF THE PROCEEDINGS ....................................................1

SUMMARY OF ARGUMENT ..............................................................................1

STATEMENT OF FACTS ...................................................................................2

ARGUMENT ...................................................................................................5

I.  DEFENDANTS WERE IMPROPERLY JOINED UNDER RULE 20(a)(2) ...................................................................................5

II.  THE TESTS FOR BOTH SEPARATION UNDER RULE 42(b) AND CONSOLIDATION UNDER RULE 42(a) FAVOR SEPARATE TRIALS ..........................................................................8

    A.  Separation Under Rule 42(b) ..........................................................9

        1.  A Single Trial Would Greatly Prejudice Defendants ....................9

            a.  A Single Trial Would Allow EON to Cobble Together Its Proofs for Multiple Defendants to Fill Holes in Its Direct Infringement Theories.................................................................9

            b.  A Single Trial Risks Prejudice from Jurors' Determinations Based on Other, Unrelated Defendants' Products ........................................10

            c.  A Single Trial Prejudices Defendants by Putting Their Competitors in the Courtroom .................12

            d.  There Is No Undue Prejudice to EON from Separate Trials .................................................13

        2.  A Single Trial Will Confuse Jurors ..............................13

        3.  A Single Trial Lumping Together Multiple, Unrelated Defendants Will Not Conserve Judicial Resources ...............................................................15

        4.  Separate Liability Trials Are Most Likely to Result in *Just* Resolution.............................................15

B.   Consolidation Under Rule 42(a) ............................................................16

1.   The Parties and the Court Have Already Realized Substantial Efficiencies; Any Efficiency to Be Gained from a Single Trial is Outweighed by the Risk of Prejudice...........................................................16

2.   EON's Trial Expenses Are Not a Relevant Consideration ...............................................................17

3.   Unfairness to Defendants Counsels Against a Single Trial..................................................................................17

CONCLUSION....................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                 **PAGE(S)**

*Androphy v. Smith & Nephew, Inc.*,
   31 F. Supp. 2d 620 (N.D. Ill. 1998) ....................................................................8

*Ciena Corp. v. Corvis Corp.*,
   210 F.R.D. 519 (D. Del. 2002) ................................................................8, 9, 15

*Clopay Corp. v. Newell Cos.*,
   527 F. Supp. 733 (D. Del. 1981) ....................................................................10, 14

*Eastman Chem. Co. v. AlphaPet Inc.*,
   No. 09-971-LPS-CJB, 2011 WL 7121180 (D. Del. Dec. 29, 2011) ....................10, 17

*eSpeed, Inc. v. BrokerTec USA, L.L.C.*,
   No. 03-612-KAJ, 2004 U.S. Dist. LEXIS 13486 (D. Del. June 15, 2004) ...............8

*Gardco Mfg., Inc. v. Herst Lighting Co.*,
   820 F.2d 1209 (Fed. Cir. 1987) ....................................................................8

*Honeywell Int'l Inc. v. Audiovox Comm'ns Corp.*,
   No. 04-1337-KAJ, 2005 WL 2465898 (D. Del. May 18, 2005) ...........................17

*In re EMC Corp.*,
   677 F.3d 1351 (Fed. Cir. 2012) ................................................................ Passim

*In re Innotron Diagnostics*,
   800 F.2d 1077 (Fed. Cir. 1986) ....................................................................9

*IPVenture, Inc. v. Acer, Inc.*,
   879 F. Supp. 2d 426 (D. Del. 2012) ................................................................6, 7

*Masimo Corp. v. Philips Elecs. N.A. Corp.*,
   No. 11-742-LPS-MPT, 2012 WL 1267979 (D. Del. Apr. 16, 2012) ....................16

*Philips Elecs. N.A. Corp. v. Contec Corp.*,
   220 F.R.D. 415 (D. Del. 2004) ....................................................................8

*Pragmatus Telecom, LLC v. Advanced Store Co.*,
   No. 12-088-RGA, 2012 WL 2803695 (D. Del. July 10, 2012) ...........................13

*SenoRx, Inc. v. Hologic, Inc.*,
   920 F. Supp. 2d 565 (D. Del. 2013) ................................................................13, 17

*Sygenta Seeds, Inc. v. Monsanto Co.*,
   No. 04-908-SLR, 2005 U.S. Dist. LEXIS 4651 (D. Del. March 24, 2005) ...........16

*Temple v. Synthes Corp.*,
  498 U.S. 5 (1990) .................................................................................................7

*Tracinda Corp. v. DaimlerChrysler*,
  No. 00-993-JJF, 2001 WL 849736 (D. Del. July 26, 2001) ....................................17

*Union Carbide Corp. v. Montell N.V.*,
  28 F. Supp. 2d 833 (S.D.N.Y. 1998)......................................................................9

*United States v. Dentsply Int'l, Inc.*,
  190 F.R.D. 140 (D. Del. 1999) ..............................................................................16

**RULES AND STATUTES**

35 U.S.C. § 299................................................................................................ Passim

Fed. R. Civ. P. 20(a) ......................................................................................... Passim

Fed. R. Civ. P. 20(b) ..............................................................................................8

Fed. R. Civ. P. 21 ..................................................................................................8

Fed. R. Civ. P. 42(a) .....................................................................................8, 9, 16

Fed. R. Civ. P. 42(b) ......................................................................................1, 8, 9

## NATURE AND STAGE OF THE PROCEEDINGS

On September 23, 2010, Plaintiff EON Corp. IP Holdings, LLC ("EON") filed this action against seventeen defendants asserting infringement of U.S. Patent No. 5,663,757 (the "'757 Patent").  D.I. 1.  Liability and damages have been bifurcated.  D.I. 152, ¶ 2(a).  After the Court dismissed EON's joint infringement allegations (D.I. 105), EON filed the operative Third Amended Complaint on July 9, 2012, asserting indirect infringement against all nine remaining defendants ("Defendants") and direct infringement against six of those Defendants.  D.I. 243. Defendants have moved for summary judgment of non-infringement because, among other reasons, under EON's own infringement theory, no single Defendant makes, uses, or sells the complete system claimed in the '757 Patent; that is, EON's infringement theory continues to rely on joint infringement.  D.I. 652.

The Court directed the parties to be prepared to discuss the order of trials at the status conference conducted on January 8, 2014.  D.I. 844; *see also EON Corp. IP Holdings, LLC v. AT&T Mobility, LLC*, C.A. No. 13-910-RGA, Oct. 15, 2013 Scheduling Conference Tr. (D.I. 378) at 13:2–22.  On the evening of January 7, EON filed a motion for a single trial, seeking a consolidated trial for the nine various defendants remaining in this case (the "Motion").  D.I. 852.  This is Defendants' answering brief in opposition to that Motion.

## SUMMARY OF ARGUMENT

1.     Defendants were improperly joined in a single action under Fed. R. Civ. P. 20(a)(2).  *See also In re EMC Corp.*, 677 F.3d 1351 (Fed. Cir. 2012).  Many of the remaining Defendants are direct competitors of each other who, by definition, do not participate in the same "transaction or occurrence."  Fed. R. Civ. P. 20(a)(2); *In re EMC*, 677 F.3d at 1359–60.

2.     Separate trials in this case are warranted under Fed. R. Civ. P. 42(b) because a single trial would be prejudicial to the nine differently-situated Defendants and would

create a high risk of jury confusion.  A single trial would allow EON to cobble together its infringement proofs against all Defendants—notwithstanding its allegation that each Defendant separately infringes—and would risk improper imputation of infringement by a competitor's product onto distinct, unrelated products.  It would also force Defendants to conduct trial with their competitors in the courtroom.

3.      Similarly, under Fed. R. Civ. P. 42(a), a consolidated trial would be extremely unfair to Defendants.  The parties and the Court have already realized substantial efficiencies from consolidated discovery and pre-trial practice.  At the trial stage, however, such purported efficiencies do not outweigh a defendant's right to an individual trial.  Clearly here, the prejudice to Defendants of a consolidated trial outweighs any potential savings in time and cost.

## STATEMENT OF FACTS

Nine defendants remain in this case.  These defendants can be divided into five different categories:  (1) the three handset manufacturers (HTC, LG, and Motorola); (2) the two network operators (Sprint and United States Cellular); (3) the two content providers (FLO TV and MobiTV); (4) a chipset manufacturer (Qualcomm); and (5) a retailer (Simplexity).   In addition to accusing various software applications and microprocessors, EON has also accused 92 mobile handsets of infringing the '757 Patent.  These handsets are not identical or even substantially the same.  Rather, they were designed and manufactured by different companies, and use different operating systems with different capabilities.  Furthermore, not only do the handsets employ different operating systems, but they use different versions of those systems, all with different functionalities.  Bovik Expert Report (D.I. 669, Ex. 1), ¶¶ 68–81.  For example, some accused handsets run the Android operating system, some (but no LG handsets) run Windows, and some (but no HTC handsets) run various, distinct, proprietary operating systems.

Lippman Sprint Expert Report (D.I. 670, Ex. 1), App'x F (citing starting Bates number for various user guides that identify a handset's operating system); Bovik Expert Report (D.I. 669, Ex. 1), ¶¶ 70, 78, 80. Some, but not all, of these 92 handsets support or supported various versions of MobiTV-powered applications. Only four handsets supported FLO TV (but none of these four handsets are accused handsets for any other Defendant).

Although EON has asserted claims of indirect infringement against all Defendants and claims of direct infringement against some of them, EON has not, and cannot, assert that any—let alone all nine—remaining Defendants are acting together, including cooperatively with their direct competitors, to provide a system that infringes each and every element of any claim of the '757 Patent. In fact, EON admits this is not the case. *See* EON Br., D.I. 853 at 10 ("And EON has yet to see any evidence that Defendants view any particular Defendant as a mastermind or the most culpable in the infringement.").

Even though EON's joint infringement theories have been dismissed from the case, EON still continues to pursue it in the guise of direct infringement. EON's reliance on different Defendants to allegedly complete various elements of the claims of the '757 Patent was well-illustrated in its June 19, 2013 "Technical Tutorial" before Special Master Redfearn:



Fig. 1, EON's Technical Tutorial at 36 (June 19, 2013) (D.I. 671, Ex. A).

It was also reiterated in the infringement report of EON's expert, Mr. Klausner, as Defendants explained in their Opening Brief in Support of their Joint Motion for Summary Judgment of Non-Infringement.  D.I. 654 at 8–13.

Because EON does not have any viable infringement theory against any individual defendant, it insists on a single trial of nine differently-situated defendants, many of whom directly compete with one another.  It also asserts that Defendants "are not separate and distinct infringers," because they purportedly have "worked in conjunction to infringe the patent-in-suit" as members of "an infringing ecosystem."  EON Br., D.I. 853 at 2, 14.

As discussed below, however, EON cannot avoid the fact that its joint infringement allegations have been dismissed and that it now instead alleges that each and every

Defendant separately infringes the '757 Patent, directly and/or indirectly.  Although these facts

make clear that EON's direct infringement allegations should be dismissed, to the extent they go

forward, EON must satisfy its burden of establishing infringement for each Defendant separately

at trial.  EON's motion should be rejected and separate trials ordered for each of the remaining

Defendants.

## ARGUMENT

### I.    DEFENDANTS WERE IMPROPERLY JOINED UNDER RULE 20(a)(2)

Fed. R. Civ. P. 20(a)(2) permits defendants to be joined in a single action if

"(A) any right to relief is asserted against them jointly, severally, or in the alternative with

respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences; and (B) any question of law or fact common to all defendants will arise in the

action."[1]

Here EON refers to the "accused features of the products at issue in this case" as

"very similar" or "substantially similar," and the infringement issues as "nearly identical."  D.I.

853 at 10, 11.  But the Federal Circuit recently rejected a "not dramatically different" standard

that a district court employed to evaluate the transaction-or-occurrence test of Rule 20(a)(2) for a

case that, like this one, was filed before the AIA.  The Federal Circuit found that such a standard

---

[1]    Section 299(b) of the AIA is to similar effect.  It clarifies that, in patent cases, defendants cannot be joined in a single action "based solely on allegations that they each have infringed the patent or patents in suit."  35 U.S.C. § 299(b).  Although this case was filed before 35 U.S.C. § 299 took effect, the same transaction-or-occurrence standard applies under Fed. R. Civ. P. 20(a)(2).  *In re EMC Corp.*, 677 F.3d at 1359.  Indeed, the legislative history of the AIA makes clear that Section 299 was intended to codify the existing common law of joinder in patent cases and rejected the more permissive joinder policies previously applied in a minority of districts: "This provision effectively codifies current law as it has been applied everywhere outside of the Eastern District of Texas."  157 CONG. REC. S5429 (daily ed. Sept. 8, 2011) (statement of Sen. Kyl) (Ex. A) (Unless otherwise noted, "Ex. __" refers to the corresponding exhibit attached to the Declaration of Megan E. Dellinger, filed concurrently herewith.)

"seems to require little more than the existence of some similarity in the allegedly infringing products or processes, similarity which would exist simply because the same patent claims are alleged to be infringed."  *In re EMC Corp.*, 677 F.3d at 1359.  In rejecting that standard, the Federal Circuit explained that:

> *[J]oinder is not appropriate where different products or processes are involved.*  Joinder of independent defendants is only appropriate where the accused products or processes are the same in respects relevant to the patent.  But the sameness of the accused products or processes is not sufficient.  Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts.  *To be part of the "same transaction" requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts.*  The sameness of the accused products is not enough to establish that claims of infringement arise from the "same transaction."  *Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical.*

*Id.* (emphasis added).

EON admits that the nine remaining Defendants are "uniquely situated."  *See* D.I. 760 at 26.[2]  Many of the Defendants are direct competitors, which "significantly counsels against their joinder in the same case."  *IPVenture, Inc. v. Acer, Inc.*, 879 F. Supp. 2d 426, 430 (D. Del.

---

[2]   In its opposition to Defendants' motion for summary judgment of no contributory infringement filed just over a month ago, EON argued that:

> Defendants create confusion by presenting a single section on contributory infringement, as if the contributory infringement allegations are the same against all Defendants.  This approach is obviously incorrect.  *The Defendants in this case are each uniquely situated*, so discussing contributory infringement with regards to the Defendants as a group is difficult."

*Id.* (emphasis added).

2012).   The three handset manufacturers, HTC, LG and Motorola, directly compete with each other, as do the two network operators (Sprint and United States Cellular), and as did MobiTV and FLO TV.   Because these competitors do not act in concert, any identity of facts is purely coincidental, and because each competitor is accused of selling (or having sold) separate, independently developed products, there can be no "actual link between the facts underlying each claim of infringement."   *In re EMC*, 677 F.3d at 1359; *see IPVenture*, 879 F. Supp. 2d at 430.

Although EON relies on its allegations of joint and several liability as to certain Defendants, it does not even assert that there could be any such liability between HTC, LG and Motorola; Sprint and United States Cellular; and MobiTV and FLO TV.   Therefore there is no dispute that there cannot be joint and several liability between *all nine remaining defendants*. Rule 20(a)(2) permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences,"[3] not if *some* defendants are alleged to infringe jointly, severally, or as part of the same transaction or occurrence and other, clearly distinct, defendants are also alleged to infringe the same patent.[4]

---

[3]   Even where joinder is permitted, it is not mandatory.   *See Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.").   Nor does the joinder of joint tortfeasors in a single action mandate a single trial (see below).

[4]   Contrary to EON's assertion, the AIA does not permit all Defendants to be lumped into one mass action or one mass trial because "several groups of Defendants worked in conjunction to infringe the patent-in-suit" (D.I. 853 at 14).   Indeed, the AIA makes clear that "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit."   35 U.S.C. § 299(b).   As direct competitors, HTC, LG and Motorola; Sprint and United States Cellular; and MobiTV and FLO TV cannot act "jointly, severally, or in the . . . same transaction [or] occurrence."   35 U.S.C. § 299(a); *see also* Fed. R. Civ. P. 20(a)(2)(A).

Even if the joinder requirements under Rule 20(a)(2) were satisfied, which they are not,[5] Fed. R. Civ. P. 20(b),[6] 21,[7] and 42(b)[8] all empower a district court, at its discretion, to order separate trials.  "Whether to grant or deny severance is left to the discretion of the trial judge."  *Philips Elecs. N.A. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004).  A "district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management."  *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520 (D. Del. 2002) (citing *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987)).  Those factors clearly warrant separate trials here.

## II.   THE TESTS FOR BOTH SEPARATION UNDER RULE 42(b) AND CONSOLIDATION UNDER RULE 42(a) FAVOR SEPARATE TRIALS

Even though Defendants were misjoined in the first instance, EON purports to move for a single trial under Fed. R. Civ. P. 42(a)(1).[9]  Yet, in its brief, EON alternately

---

[5]   And "[m]otions to sever are routinely granted when parties are improperly joined in an action."  *eSpeed, Inc. v. BrokerTec USA, L.L.C.*, No. 03-612-KAJ, 2004 U.S. Dist. LEXIS 13486, at *7 (D. Del. June 15, 2004) (citing *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (granting motion to sever where defendants were two "separate companies that independently design, manufacture, and sell different products in competition with each other")).

[6]   "Protective Measures.  The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party."  Fed. R. Civ. P. 20(b).

[7]   "Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may *at any time*, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21 (emphasis added).

[8]   "Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial."  Fed. R. Civ. P. 42(b).

[9]   "Consolidation.  If actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).

conflates and treats as interchangeable the standards for consolidation under Rule 42(a) and separate trials under Rule 42(b).  Approached from either direction, however, the result is the same:  these nine cases against nine differently-situated defendants must be tried separately. Indeed, to do otherwise would ignore the requirements of Rule 20(a).

### A.      Separation Under Rule 42(b)

"Courts, when exercising their broad discretion to bifurcate issues for trial under Rule 42(b), should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." *Ciena Corp.*, 210 F.R.D. at 520 (citing *Union Carbide Corp. v. Montell N.V.*, 28 F. Supp. 2d 833, 837 (S.D.N.Y. 1998)).  "In deciding whether one trial or separate trials will best serve [the above factors] . . . the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." *Id.* at 520–21 (citing *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986)).

### 1.      A Single Trial Would Greatly Prejudice Defendants

#### a.      A Single Trial Would Allow EON to Cobble Together Its Proofs for Multiple Defendants to Fill Holes in Its Direct Infringement Theories

As explained above, and discussed more fully in Defendants' Joint Motion on Non-Infringement (D.I. 654 at 8–13, D.I. 818 at 2–5), even under EON's theory, no single Defendant makes, uses, or sells the complete system claimed in the '757 Patent.  Rather, EON continues to attempt to assert a joint infringement theory, now labeled "direct infringement," that relies upon multiple actors to fulfill various pieces of the claimed system (*see, e.g.*, Fig. 1, above). *See also* D.I. 654 at 8–13, D.I. 818 at 2–5.  Should the Court allow these claims to go forward, the individual defendants will, of course, present evidence to the jury illustrating the

elements of the claimed system they do not provide.  A joint trial would prejudice Defendants, because it would permit EON to simultaneously present evidence against all Defendants, mixing and matching the allegations against each individual Defendant to cover holes in its infringement theory in an attempt to create the illusion that the individual Defendants make, use, or sell the complete system.

> ### b.   A Single Trial Risks Prejudice from Jurors' Determinations Based on Other, Unrelated Defendants' Products

Because some of the Defendants are competitors, there is also a high risk of prejudice that, should one Defendant's product be found to infringe, that infringement will be improperly imputed to other Defendants.  *See. e.g.*, *Clopay Corp. v. Newell Cos.*, 527 F. Supp. 733 (D. Del. 1981).  In *Clopay*, the plaintiff sought to consolidate its actions against two different, unrelated companies accused of infringing the same patent.  *Id.* at 735.  The Court denied the motion, among other reasons, because "it may not be reasonable to expect a jury to screen out, in its deliberations regarding one defendant, evidence it has been instructed to consider with respect to another defendant."  *Id.*[10]  Likewise, here, if these different, unrelated companies were tried in a single trial, it would be difficult for "jur[ors] to screen out, in [their] deliberations regarding one defendant" evidence that applied only to another defendant's products.

---

[10]   In granting the defendants' motion for consolidation for pretrial purposes in *Eastman Chem. Co. v. AlphaPet Inc.*, No. 09-971-LPS-CJB, 2011 WL 7121180, at *6 (D. Del. Dec. 29, 2011), Judge Burke distinguished *Clopay* on several grounds, including that the *AlphaPet* defendants had "a close connection" to each other and "significantly," that "the *Clopay* Court was clearly concerned" that the two unrelated defendants would be prejudiced by having a single trial with a single jury, whereas in *AlphaPet*, "the Court's decision here ***does not require that the instant actions be consolidated for trial***."  (emphasis added).

For example, EON has, at times, emphasized the alleged importance of the operating systems to its infringement theory.  *See, e.g.*, Letter from S. Tepera to Defense Counsel (Apr. 5, 2013) at 4 ███████████████████████████████████████

██████████████████████████████████████████████████████████████████

(Ex. B).  As discussed above, however, the 92 mobile handsets accused in this action not only use different operating systems, but they also use different versions of those operating systems with different functionalities.  Although EON asserts that the accused mobile handsets are all "very similar," this assertion is both legally and factually wrong.  *See, e.g.*, Bovik Expert Report (D.I. 669, Ex. 1), ¶¶ 70–81, 84–86; Lippman Sprint Expert Report (D.I. 670, Ex. 1), App'x F (citing starting Bates number for various user guides that identify a handset's operating system). But in any event, mere similarities in products are not a basis for joinder.  *In re EMC*, 677 F.3d at 1359 ("The sameness of the accused products is not enough to establish that claims of infringement arise from the 'same transaction.'").

A joint trial only increases the risk of prejudice to Defendants from jurors improperly imputing an infringement finding for one product to different, unrelated products.[11] EON's broad-stroke infringement theories further increase the prejudice to Defendants of a joint trial, which would lump one Defendant's products in with those of its respective competitors.

---

[11]   For example, if the jury determined that certain phones running the Windows operating system infringe, it might improperly impute infringement to all mobile handsets, even though certain Defendants do not even offer such an operating system.  Furthermore, the FLO TV and MobiTV-powered applications were offered on some phones, but not others.  *See, e.g.*, Lippman Sprint Expert Report (D.I. 670, Ex. 1), App'x H(1) (listing accused mobile devices that do not support Sprint TV); Acampora Expert Report (D.I. 661, Ex. A) at 27 ███████████████ ██████████████████████████; EON Br., D.I. 853 at 5 & n.13 (listing five LG phones that supported FLO TV and citing to "FLO TV Device Evolution" list of FLO TV compatible phones (D.I. 854–6, Ex. H)).  Similarly, should the jury determine that LG's proprietary "feature phone" operating system infringes, this would prejudice HTC and Motorola.  (And similarly HTC and LG would be prejudiced should Motorola's "feature phone" operating systems be found to infringe.)  Thus, any findings of infringement as to one product risk being imputed to other unrelated, competitive products.

         **c.**      **A Single Trial Prejudices Defendants by Putting Their Competitors in the Courtroom**

Further, if Defendants were forced to go to trial with their "competitors in the Courthouse," they would suffer prejudice from having to choose between revealing their confidential information to their competitors or excluding client representatives from the courtroom. *See, e.g.*, *Investpic LLC v. Algorithmics*, C.A. No. 10-1028-RGA, Hr'g Tr. at 12:9–13 (D. Del. May 8, 2012) (noting that it would be a problem to have "competitors in the Courthouse" "[i]f we have a trial together") (Ex. C).  That confidential information is likely to be revealed at trial is evidenced by the confidential documents produced by Motorola, United States Cellular, FLO TV and HTC, on which EON relies in its motion.  D.I. 854, Exs. C, F, H, and J, respectively.

EON's assertion that "[t]he parties have proceeded amicably with consolidated discovery" misses the point.  D.I. 853 at 10.  Just because Defendants have cooperated in pretrial proceedings does not somehow negate the risk of revealing confidential information to one's competitors.  In addition, the consolidated discovery was conducted under the protection of D. Del. LR 26.2 and the parties' agreements to limit the access of in-house counsel to highly confidential documents.  Those limitations will not apply at trial, however.  Finally, the very filing of the Motion illustrates the inherent risk that confidential information would be revealed at a joint trial:  the exhibits were inadvertently not filed under seal, potentially revealing Defendants' highly confidential information to other parties to this case, as well as to the public at large.  *See* Correction to D.I. 854 dated 01/08/2014.  Those are the risks that inherently inure—even inadvertently—with a consolidated trial.

### d.     There Is No Undue Prejudice to EON
### from Separate Trials

EON's feeble assertions of prejudice from separate trials are baseless.  First, EON should not be heard to complain about "economic prejudice" having chosen to embroil nine (originally seventeen) Defendants in this lawsuit.  The cost of pursuing the litigation it chose to file is not a basis to deprive Defendants of separate trials.  Second, EON cannot complain about delay given that it waited until 2010 to enforce a patent that issued thirteen years earlier, in 1997.  In any event, a few months' delay to complete these trials does not amount to undue hardship, particularly given that EON is not a competitor (and indeed contends that it never produced a commercial product).  *See* EON's Response to Defendants' Interrogatory No. 2 (Ex. D); EON's Response to Defendants' Interrogatory No. 11 (Ex. E).  Thus, even if EON prevailed on its infringement theories, it will not have suffered any loss of market share and can be compensated in money damages.  *See Pragmatus Telecom, LLC v. Advanced Store Co.*, No. 12-088-RGA, 2012 WL 2803695 at *2 (D. Del. July 10, 2012) (finding "no undue prejudice" to the plaintiff, in the context of a motion to stay, where the only purported prejudice from a stay was purely economic).

This case is entirely different from *SenoRx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 568–69 (D. Del. 2013), on which EON heavily relies.  The single plaintiff and single defendant in *SenoRx* were "hard-fought competitors," and the defendant sought bifurcation of liability and damages (which has already occurred here), not separate trials against different defendants.  *Id.  SenoRX* thus is entirely inapposite.

### 2.     A Single Trial Will Confuse Jurors

A consolidated trial also would be highly confusing to the jury; in contrast, separate trials will increase juror comprehension of the issues presented.  EON itself has argued

that Defendants are "uniquely situated."  Yet, the jury would have to parse through the evidence presented against each of the nine Defendants to determine which evidence applies to each Defendant.  *See, e.g.*, *Clopay*, 527 F. Supp. at 735 ("[I]t may not be reasonable to expect a jury to screen out, in its deliberations regarding one defendant, evidence it has been instructed to consider with respect to another defendant.").  Here, there is a substantial risk that jurors will be confused as to which evidence and which allegations apply to which accused products.

EON appears to argue that juror comprehension would be enhanced by a single trial because "[h]aving each party present at trial to explain and defend ***their role*** would present the jury with the entire picture and promote understanding."  D.I. 853 at 11 (emphasis added).  In so arguing, EON once again ignores that it cannot rely on joint infringement.  Rather, EON bears the burden of showing that each and every Defendant separately infringes the '757 Patent, directly and/or indirectly.  That is exactly what EON seeks to avoid by having a single trial.

Moreover, even assuming that certain Defendants could be held jointly and severally liable as direct and indirect infringers for certain infringing acts, that does not mean that those defendants must be tried in a single action.  As a patent treatise aptly explains, "because such infringers are by long tradition *severally* as well as jointly liable, they may be sued separately (that is, they are not necessary parties)."  9 DONALD S. CHISUM, CHISUM ON PATENTS § 21.03[3][e] (2013) (emphasis added).  Thus, merely asserting joint and several liability as to certain acts does not require these parties be tried in a single action; nor does it provide any support for including additional, unrelated Defendants, some of whom are competitors, in a single trial.

### 3.      A Single Trial Lumping Together Multiple, Unrelated Defendants Will Not Conserve Judicial Resources

Although EON relies on purported judicial efficiencies, it ignores that Congress has already determined that a defendant's right to a separate trial outweighs any such efficiencies.  Section 299(b) says in no uncertain terms that:  "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(b).  Rather the same transaction and occurrence test must be met.  Rule 20(a)(2); *see also* 35 U.S.C. § 299(a).  It is not met here.

In any event, EON overstates the efficiencies of a joint trial.  A consolidated trial would be unmanageable because it would require the parties to present evidence as to nine separate Defendants and would require the Court and the jury to sort through that evidence for each of the different Defendants.  In contrast, trial against a single Defendant may eliminate, or narrow, claims against the remaining Defendants.

### 4.      Separate Liability Trials Are Most Likely to Result in *Just* Resolution

"In deciding whether one trial or separate trials will best serve [the above factors] . . . the major consideration is directed toward the choice most likely to result in a *just* final disposition of the litigation."  *Ciena Corp.*, 210 F.R.D. at 520–21 (emphasis added).  Holding separate liability trials for the nine differently-situated Defendants, many of whom are direct competitors, accused of infringement based on scores of different products is the "choice most likely to result in a *just* final disposition," particularly in light of the high risk of prejudice and juror confusion if these Defendants were tried together.

EON, however, confuses "just" resolution with rapid resolution (or simply, resolution), arguing that "[t]he only trial plan that would result in final disposition of the liability phase of the litigation would be to hold a single trial with all Defendants." D.I. 853 at 12. Such a resolution, however, would not be *just* for the reasons discussed above.

### B.      Consolidation Under Rule 42(a)

As noted above, EON also relies on Rule 42(a) governing consolidation. *EMC*, as well as Section 299, however, makes clear that consolidation is not permitted here as a matter of law. Defendants nonetheless address here the standard for consolidation.

"Decisions to consolidate cases are at the discretion of the district court, but often courts balance considerations of efficiency, expense and fairness." *Sygenta Seeds, Inc. v. Monsanto Co.*, No. 04-908-SLR, 2005 U.S. Dist. LEXIS 4651, at *5 (D. Del. March 24, 2005). *See also United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 143 (D. Del. 1999) ("In determining whether to consolidate, the court balances the savings of time and effort gained through consolidation against the inconvenience, delay, or expense that it might cause.") Although common issues of law or fact are a prerequisite for consolidation, "[the existence of common issues] does not mandate a joint trial." *Masimo Corp. v. Philips Elecs. N.A. Corp.*, No. 11-742-LPS-MPT, 2012 WL 1267979, at *2 (D. Del. Apr. 16, 2012).

### 1.      The Parties and the Court Have Already Realized Substantial Efficiencies; Any Efficiency to Be Gained from a Single Trial is Outweighed by the Risk of Prejudice

The procedural posture of this case places it in a much different position than the cases EON cites, which consider the efficiencies to be gained from conducting *pretrial* proceedings together. Indeed, especially in the context of complex patent cases, this Court has typically considered the efficiencies to be gained from consolidation for pre-trial purposes, not

trial.  *See, e.g., Eastman Chem. Co.*, 2011 WL 7121180 at *8–9 (consolidating, at that time, cases only for pretrial purposes and citing *Tracinda Corp. v. DaimlerChrysler AG*, No. 00-993-JJF, 2001 WL 849736, at *3 (D. Del. July 26, 2001) and *Honeywell Int'l Inc. v. Audiovox Comm'ns Corp.*, No. 04-1337-KAJ, 2005 WL 2465898, at *4 (D. Del. May 18, 2005) as reaching that same result).   Thus, the efficiencies in time and expense that most consolidation decisions discuss have already been gained in this case.

EON points to *SenoRx* in support of its assertion that a single trial is more efficient because "the more that two bifurcated trials would tread the same legal and evidentiary ground, the less it can be said that bifurcation would serve judicial efficiency."  EON Br. at 8 (quoting 920 F. Supp. at 569).  *SenoRx* addressed a motion for bifurcation of the liability and damages phases of a trial with a single plaintiff and a single defendant.  920 F. Supp. 2d at 567. Because this case has already been bifurcated, *SenoRx* is inapplicable.   Further, Congress adopted the majority view of courts when it enacted Section 299 of the AIA:  that a defendant's right to an individual trial, separate from other defendants merely accused of infringing the same patent, outweighs any efficiencies that might be gained from a single trial.

## 2.      EON's Trial Expenses Are Not a Relevant Consideration

Here, again, the cost savings of consolidation have largely already been realized, because Defendants have coordinated throughout the pretrial proceedings.  The cost to EON in conducting separate trials is a risk that EON took on when it decided to sue seventeen different defendants.  It is not a basis for requiring Defendants to undergo a single trial.

## 3.      Unfairness to Defendants Counsels Against a Single Trial

A single trial would be grossly unfair to the Defendants, as discussed in detail in Sections II.1 and II.2, above.  EON's "fairness" argument, however, focuses on its assertion that

separate trials create "a risk of inconsistent results."  D.I. 853 at 8, 11.  Again, Congress has determined, as evidenced by Section 299 of the AIA, that a defendant's right to an individual trial, where other defendants are only accused of infringing the same patent, outweighs other concerns, including the risk of inconsistent results.  The only other "fairness" consideration EON mentions is that EON needs to present the "entire picture" to the jury.  D.I. 853 at 11.  This very argument reveals why a single trial is *unfair* to Defendants:  EON intends to cobble together its infringement proofs against all Defendants to create a single "picture," notwithstanding that it previously disavowed its joint infringement theory.

## **CONCLUSION**

For the reasons stated herein, Defendants respectfully request that the Court deny EON's motion for a single trial.

POTTER ANDERSON & CORROON, LLP

*/s/ Bindu A. Palapura*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
1313 N. Market Street, 6th Floor
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com
*Attorneys for Defendants FLO TV*
*Incorporated and Qualcomm Inc.*

FARNAN LLP

*/s/ Brian Farnan*
Brian Farnan (#4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
*Attorneys for Defendant MobiTV Inc.*

FISH & RICHARDSON, P.C.

*/s/ Thomas Lee Halkowski*
Thomas Lee Halkowski (#4099)
222 Delaware Avenue
17th Floor
Wilmington, DE 19801
(302) 652-5070
halkowski@fr.com
*Attorneys for Defendant LG Electronics*
*MobileComm USA Inc.*

January 17, 2014

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*
Karen Jacobs (#2881)
Jennifer Ying (#5550)
Megan E. Dellinger (#5739)
1201 North Market Street P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
kjacobs@mnat.com
jying@mnat.com
mdellinger@mnat.com
*Attorneys for Defendants Sprint Nextel*
*Corporation, HTC America, Inc., and*
*Simplexity, LLC d/b/a Wirefly*

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Steven J. Fineman*
Steven J. Fineman (#4025)
Katharine Lester (#5629)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
fineman@rlf.com
lester@rlf.com
*Attorneys for Defendant United States*
*Cellular Corporation*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com
*Attorneys for Defendant Motorola Mobility*
*LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2014 I electronically filed the foregoing document, which will send notification of such filing(s) to all registered participants.

I also certify that copies were caused to be served on January 24, 2014 upon the following in the manner indicated:

Gregory B. Williams, Esquire                    *VIA ELECTRONIC MAIL*
FOX ROTHSCHILD LLP
919 North Market Street
Suite 1300
Wilmington, DE  19801
*Attorneys for Plaintiff*

Daniel R. Scardino, Esquire                     *VIA ELECTRONIC MAIL*
Craig S. Jepson, Esquire
Chad P. Ennis, Esquire
Steven P. Tepera, Esquire
John L. Hendricks, Esquire
Rola Daaboul, Esquire
Mark Halderman, Esquire
Jason W. Deats, Esquire
Dominique G. Stafford, Esquire
Joshua G. Jones, Esquire
REED & SCARDINO LLP
301 Congress Avenue
Suite 1250
Austin, TX  78701
*Attorneys for Plaintiff*

Richard L. Horwitz, Esquire                     *VIA ELECTRONIC MAIL*
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza – 6th Floor
1313 North Market Street
Wilmington, DE  19801
*Attorneys for FLO TV Incorporated and
Qualcomm, Inc.*

Harrison J. Frahn, Esquire                          *VIA ELECTRONIC MAIL*
Jeffrey E. Ostrow, Esquire
Jeffrey E. Danley, Esquire
Michael A. Quick, Esquire
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA  94304
*Attorneys for FLO TV Incorporated and*
*Qualcomm, Inc.*

Henry B. Gutman, Esquire                            *VIA ELECTRONIC MAIL*
Victor Cole, Esquire
Daniel L. Kaplan, Esquire
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017
*Attorneys for FLO TV Incorporated and*
*Qualcomm, Inc.*

Brian E. Farnan, Esquire                            *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street
Wilmington, DE  19801
*Attorneys for MobiTV, Inc.*

Daralyn Durie, Esquire                              *VIA ELECTRONIC MAIL*
Laura E. Miller, Esquire
DURIE TANGRI
217 Leidesdorff Street
San Francisco, CA  94111
*Attorneys for MobiTV, Inc.*

Steven J. Balick, Esquire                           *VIA ELECTRONIC MAIL*
Lauren E. Maguire, Esquire
Andrew C. Mayo, Esquire
ASHBY & GEDDES
500 Delaware Avenue – 8th Floor
Wilmington, DE  19801
*Attorneys for LetsTalk.com, Inc.*

Daniel J. Bergeson, Esquire                          *VIA ELECTRONIC MAIL*
Jaideep Venkatesan, Esquire
BERGESON, LLP
303 Almaden Boulevard
Suite 500
San Jose, CA  95110-2712
*Attorneys for LetsTalk.com, Inc.*

Gregory P. Williams, Esquire                         *VIA ELECTRONIC MAIL*
Steven J. Fineman, Esquire
Katharine C. Lester, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for U.S. Cellular Corporation*

Richard J. O'Brien, Esquire                          *VIA ELECTRONIC MAIL*
Robert D. Leighton, Esquire
SIDLEY AUSTIN, LLP
One South Dearborn
Chicago, IL  60606
*Attorneys for U.S. Cellular Corporation*

Thomas L. Halkowski, Esquire                         *VIA ELECTRONIC MAIL*
FISH & RICHARDSON P.C.
222 Delaware Avenue
17th Floor
Wilmington, DE  19801
*Attorneys for LG Electronics Mobilecomm*
*USA, Inc.*

Richard A. Sterba, Esquire                           *VIA ELECTRONIC MAIL*
FISH & RICHARDSON P.C.
1425 K Street, NW, 11th Floor
Washington, DC  20005
*Attorneys for LG Electronics Mobilecomm*
*USA, Inc.*

Jack B. Blumenfeld, Esquire                          *VIA ELECTRONIC MAIL*
MORRIS NICHOLS ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
*Attorneys for Motorola Mobility LLC*

William H. Boice, Esquire                                          *VIA ELECTRONIC MAIL*
KILPATRICK TOWNSEND & STOCKTON, LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA  30309
*Attorneys for Motorola Mobility LLC*

Steven D. Moore, Esquire                                           *VIA ELECTRONIC MAIL*
Carl Sanders, Esquire
James L. Howard, Esquire
KILPATRICK TOWNSEND & STOCKTON, LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
(336) 607-7300
*Attorneys for Motorola Mobility LLC*

Edmond D. Johnson, Esquire                                         *VIA ELECTRONIC MAIL*
James G. McMillan, III, Esquire
PEPPER HAMILTON LLP
1313 North Market Street, Suite 5100
Wilmington, DE  19801
*Attorneys for GoTV Networks, Inc.*

Maura L. Rees, Esquire                                             *VIA ELECTRONIC MAIL*
Dylan J. Liddiard, Esquire
Holly B. Baudler, Esquire
Anthony J. Weibell, Esquire
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA  94304
*Attorneys for GoTV Networks, Inc.*

Karen Jacobs, Esquire                                              *VIA ELECTRONIC MAIL*
Jennifer Ying, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
*Attorneys for HTC America, Inc.*

Heidi Keefe, Esquire                                      *VIA ELECTRONIC MAIL*
Mark Weinstein, Esquire
Kyle D. Chen, Esquire
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94306
*Attorneys for HTC America, Inc.*

Philip A. Rovner, Esquire                                 *VIA ELECTRONIC MAIL*
Jonathan A. Choa, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
*Attorneys for Kyocera Communications Inc.*

Jose L. Patino, Esquire                                   *VIA ELECTRONIC MAIL*
Nicola A. Pisano, Esquire
Justin E. Gray, Esquire
FOLEY & LARDNER LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA  92130
*Attorneys for Kyocera Communications Inc.*

/s/ *Megan E. Dellinger*
_____

Megan E. Dellinger (#5739)