IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 10-812-RGA |
| | : | |
| FLO TV INCORPORATED, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

I have Plaintiff's motion for a single trial. (D.I. 852). In my opinion, the Defendants, who include various competitors (e.g., Motorola, HTC, and LG), were not properly joined in the first place. In any event, I believe having a single joint trial would not only be completely unfair and prejudicial to the Defendants, and sufficient reason to sever the case into various smaller units, but it would also be reversible error. Thus, Plaintiff's motion is **DENIED**.

I have Defendants' motion to strike Plaintiff's reply brief. (D.I. 878). While I understand Defendants' request, as the reply brief does bring up new arguments, I am going to **DENY** it as I am not impressed with Plaintiff's new arguments.

I had a conference to discuss scheduling on January 8, 2014. Plaintiff understood this, and on January 6 had stated that it wanted to discuss "the order of trial of the defendants and the issues to be tried." (D.I. 846 at 1). When the subject of a joint invalidity trial came up, which surely was anticipated by Plaintiff, we had the following colloquy: "THE COURT: So, basically, if each defendant gets their own trial, would you see nine infringement and invalidity trials? LEAD COUNSEL FOR PLAINTIFF: If we were going to have nine different trials, and we were going to try the same issues over and over again, then why not try all the same issues over and

over again?" (D.I. 868 at 18-19). Defendants requested nine separate trials. In Plaintiff's Reply Brief, it stated the following: "Accordingly, if this Court elects to hold multiple infringement trials, the Court should sever the invalidity defenses into a separate trial under FED. R. CIV. P. 42(b). The jury will benefit from having a complicated matter separated into less confusing discrete issues." (D.I. 877 at 3).[1]

One invalidity trial would make a certain amount of sense. When I had everyone together to discuss it, however, no one wanted it. In my opinion, Plaintiff has waived that request. It is also not obvious that it is the best choice. I do not think there is an obvious best choice how to conduct this litigation. I do think the fairest way to decide infringement is to have nine separate trials. The conduct of each defendant can be judged on its own merits, and tried as its counsel thinks best, rather than as a compromise with counsel representing other defendants. Prejudice to the defendants is at a minimum in such a setting. There is some prejudice to the Plaintiff in that it will be less efficient than a joint trial, but I do not think that is unfair prejudice. There is a certain balance to having infringement and invalidity as disputed between two parties tried in the same case, although that it is certainly not a requirement. I also note that, based on my experience, albeit in a different area of the law, the chances of more than three defendants actually going to trial is just about nil. If Plaintiff is winning, the remaining defendants will likely settle. If Plaintiff is losing, it will likely fold against the remaining defendants. Thus, I believe (paradoxically) that scheduling nine one-week trials, rather than one three-week trial, will conserve judicial (and party) resources. The cases that are tried will be in smaller and more easily digestible bites, and therefore will enhance juror comprehension. *See generally Ciena*

---

[1] It's nice to be consistent. One trial of nine defendants on both infringement and invalidity is manageable. A trial against one defendant on infringement and invalidity should be "separated into less confusing discrete issues."

*Corp. v. Corvis Corp.*, 210 F.R.D. 519, 520 (D. Del. 2002) (discussing issues to be considered relative to bifurcation under Fed. R. Civ. P. 42(b)).

Defendants have suggested the first two defendants be Motorola and HTC. I note that HTC's counsel has suggested a trial date of the week following the first trial, which EON's counsel opposes. I believe it is not in the interest of justice to make EON go to trial on consecutive weeks, as it will need time to prepare for each defendant, and the parties ought to have an opportunity to evaluate the previous trial's results.

Thus, the trials are scheduled, for five days each, with a pretrial conference shortly before trial, as follows:

Motorola: Trial, March 24, 2014 at 9:30 a.m.; Pretrial conference as currently scheduled;

HTC: Trial, April 7, 2014 at 9:30 a.m.; Pretrial conference on April 1, 2014, at 8:30 a.m.

LG: Trial, April 28, 2014 at 9:30 a.m.; Pretrial conference on April 17, 2014, at 8:30 a.m.

Flo TV: Trial, May 12, 2014 at 9:30 a.m.; Pretrial conference on May 6, 2014, at 8:30 a.m.

MobiTV: Trial, June 2, 2014 at 9:30 a.m.; Pretrial conference on May 23, 2014, at 2:00 p.m.

U.S. Cellular: Trial, June 16, 2014 at 9:30 a.m.; Pretrial conference on June 10, 2014, at 8:30 a.m.

Sprint: Trial, July 7, 2014 at 9:30 a.m.; Pretrial conference on July 2, 2014, at 8:30 a.m.

Qualcomm: Trial, August 18, 2014 at 9:30 a.m.; Pretrial conference on July 3, 2014, at 9:30 a.m.

Simplexity: Trial, September 8, 2014 at 9:30 a.m.; Pretrial conference on September 2, 2014, at 8:30 a.m.

IT IS SO ORDERED this 30th day of January 2014.

                                                           _/s/ Richard G. Andrews_
                                                           United States District Judge