IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 10-812-RGA |
| | ) | |
| v. | ) | **PUBLIC VERSION** |
| | ) | |
| FLO TV INCORPORATED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**FLO TV'S OPENING BRIEF IN SUPPORT OF ITS
MOTION FOR ATTORNEYS' FEES**

OF COUNSEL:

Henry Gutman
Victor Cole
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000

Jeffrey E. Ostrow
Harrison J. Frahn IV
Jeffrey E. Danley
Michael A. Quick
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94063
Tel: (650) 251-5000

Dated: March 19, 2014
PUBLIC VERSION
Dated: March 26, 2014
1144295 / 36087

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants
FLO TV Incorporated and Qualcomm
Incorporated*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................................ii

SUMMARY OF ARGUMENT.............................................................................1

STATEMENT OF FACTS ..................................................................................1

RELEVANT LEGAL STANDARDS..................................................................5

ARGUMENT ........................................................................................................7

    I.      EON'S VEXATIOUS AND UNJUSTIFIED LITIGATION
          CONDUCT MAKES THIS CASE EXCEPTIONAL..........................7

    II.     EON'S CLAIMS ARE OBJECTIVELY BASELESS AND ITS
          CONDUCT REFLECTS SUBJECTIVE BAD FAITH......................9

CONCLUSION ...................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Other Authorities**

*Eon-Net LP v. Flagstar Bancorp,*
   653 F.3d 1314 (Fed. Cir. 2011) ...................................................................8, 11

*Global-Tech Appliances, Inc. v. SEB SA,*
   131 S.Ct. 2060 (2011)...........................................................................................7

*Kilopass Tech., Inc. v. Sidense Corp.,*
   738 F.3d 1302 (Fed. Cir. 2013) ...........................................................6, 9, 10, 11

*MarcTec, LLC v. Johnson & Johnson,*
   664 F.3d 907 (Fed. Cir. 2012) .....................................................................7, 8, 10

*Octane Fitness, LLC, v. ICON Health & Fitness, Inc.,*
   No. 12-1184 (Argued Feb. 26, 2014) ...................................................................6

*Rambus Inc. v. Infineon Techs. AG,*
   318 F.3d 1081 (Fed. Cir. 2003) ............................................................................8

**Statute**

35 U.S.C. § 285 ................................................................................................*passim*

## SUMMARY OF ARGUMENT

EON's prospects for damages from FLO TV have crumbled as this case has progressed. *First*, only weeks after EON filed this lawsuit, FLO TV announced it was shutting down its operations, indicating that EON had no prospect of future royalties from FLO TV. *Second*, in July 2011, EON's claims of joint infringement were dismissed, leaving EON with no prospect for pre-suit damages. *Finally*, by November 2012, EON entered licensing agreements with the entities that sold or manufactured the vast majority of FLO-enabled devices, leaving EON with only four phones and a damages window of less than six months. From at least November 2012, EON should have settled or simply dismissed the case against FLO TV in light of the *de minimis* prospect for damages. Yet EON forced FLO TV to endure continued motion practice and extensive discovery. EON then added insult to injury by largely ignoring the discovery it collected from FLO TV and offering less than one page of infringement analysis of FLO TV's products in the report submitted by its testifying expert. FLO TV respectfully submits that EON prolonged the litigation to drive up costs – and to justify settlement demands that dwarfed any reasonable valuation of EON's claims. EON's use of this Court as a forum for its vexatious litigation makes this case exceptional under 35 U.S.C. § 285. For the reasons described in more detail below, FLO TV respectfully requests that EON be held responsible for FLO TV's reasonable attorneys' fees and costs.

## STATEMENT OF FACTS

On September 23, 2010, EON accused seventeen defendants of infringing the claims of U.S. Patent No. 5,663,757 (the "'757 Patent"). *See* D.I. 1. FLO TV was accused of infringing the '757 Patent indirectly or jointly. *Id.* at ¶ 28. Notably, the only direct infringement allegations against FLO were predicated on a later-dismissed theory of joint infringement. *See*

*id.*; *see* D.I. 105, p. 2. EON's original complaint did not claim that FLO TV knew of the '757 Patent before the lawsuit. *See* D.I. 1, ¶ 28.

A few weeks after EON filed suit, FLO TV announced that it was going out of business, and by March 27, 2011, FLO TV completely shut down its operations, having suffered hundreds of millions of dollars in losses over its three years of service. *See, e.g.,* Ex.[1] 1; Ex. 2. The public announcement of FLO TV's commercial failure put EON on clear notice that it had no prospect of future royalties. ██████████████████████████████████████████████

██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████

Any remaining claims EON had for past damages were further slashed a few months later when, on July 11, 2011, the Court noted that EON "fail[ed] to identify any defendant as exercising 'control or direction' over the allegedly infringing acts of other parties," D.I. 105, p. 12, and dismissed EON's joint infringement claims. D.I. 106, 107. The Court questioned whether a joint infringement claim was even possible given that EON asserted only system claims (not method claims) and that EON never alleged any defendant exercised control over any other. *Id.*, p. 11, n.7; p. 12, n.8. The Court also held that EON "failed to assert that defendants had sufficient knowledge of the '757 Patent at the time of the alleged infringing

---

[1]   Unless otherwise noted, "Ex.___" refers to the corresponding exhibit attached to the Declaration of David E. Moore in Support of FLO TV's Motion for Attorneys' Fees, filed concurrently herewith.

actions" in support of a claim for indirect infringement. D.I. 105, p. 8. Finally, the Court struck

EON's claims for indirect infringement (but later allowed EON to amend its complaint to allege

knowledge sufficient for inducement as of the filing of the complaint).[2] D.I. 242. As a result,

EON's potential recovery against FLO TV was limited to a reasonable royalty on the scant

revenues generated in the six months between the filing of the initial complaint and the day the

failed company closed its doors. By July 2011, even without the benefit of damage discovery,

EON knew its claims against FLO were essentially worthless.

      The final blow to EON's claims against FLO TV came from a shrinking field of

accused devices. As the months – then years – dragged on, EON entered into licensing

agreements with carriers and handset manufacturers who sold or manufactured the majority of

FLO-enabled devices. *See, e.g.,* D.I. 311 (RIM); D.I. 312 (Samsung); D.I. 321 (Verizon). By

May 2013, EON's case against FLO TV rested on only *four* devices (manufactured by LG) that

operated on a *single* wireless network (AT&T)–a tiny fraction of the few FLO-enabled devices

ever sold. *See Ex.* 4.[3]

      At this point, EON should have moved to dismiss its case against FLO TV. Yet

EON continued to pursue its claims against FLO TV, knowing that it would receive next-to-

nothing from the company even if it won the lawsuit. The discovery burdens on any defendant in

a patent litigation can be expensive. But the burdens on FLO TV in this case were particularly

severe as it struggled to identify, collect and preserve relevant documents, servers and lab

---

[2]  This later development confirms that EON knew it was not entitled to any *pre-suit* damages
against FLO TV.

[3]  Significantly, EON never accused the four LG devices of infringement, making its *indirect*
infringement case against FLO TV based on the *direct* infringement of these devices even
harder to prove.

machines and interview potential witnesses while the company was shut down and its workforce sought new jobs. EON demanded more and more information from FLO TV even though, as described in more detail below, EON never used the discovery it collected to build a case. EON served no fewer than 69 document requests on FLO TV, seeking information about every aspect of FLO TV's operations that had shut down more than a year earlier. EON also served 12 interrogatories seeking a wide range of information from FLO TV. Significantly, EON sought most of this discovery late in the case, long after it was clear that the claims against FLO TV were worthless. Ex. 5. Indeed, the majority of FLO TV's fees and costs were incurred after November 2012, when EON should have known that its claims against FLO were worthless.

FLO TV might have escaped this forced-march through the discovery process if it could have negotiated a reasonable settlement with EON. Indeed, EON settled for nominal amounts with some other defendants – with revenues far in excess of FLO TV. But EON never made a settlement offer to FLO TV alone and demanded joint settlements from FLO TV and its corporate parent, co-defendant Qualcomm. Thus, despite little or no potential recovery from FLO TV, EON continued litigation and hoped to hold the threat of litigation expenses against the deeper pockets of Qualcomm.

The relative discovery burden on EON for keeping FLO TV in the case was trivial, thanks in large part to the indifference with which EON used the discovery it collected from FLO TV. EON deposed only two FLO TV 30(b)(6) witnesses for a total of four hours and two minutes. *See* Ex. 6. EON never deposed a single FLO TV fact witness. EON's interest in FLO TV's expert witnesses was equally anemic. ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

- 4 -

 EON likewise scheduled the deposition of defendants' invalidity expert, only to cancel the deposition without excuse at the 11th hour. *See* Ex. 9.

These facts leave one with the distinct impression that EON never intended to present its case against FLO TV to a jury. More likely, EON measured the value of its claims against FLO TV, not in terms of any reasonable royalty a jury might award, but in terms of the cost to FLO TV of enduring three-and-a-half years of litigation. This is a strategy EON has employed in many other cases. In the last six years, EON has filed approximately 12 patent infringement suits accusing about 114 different defendants of infringement. *See* Ex. 10. Yet FLO TV has not found a *single* case where EON put its infringement allegations before a jury. *See* Ex. 11 at 3.

In this case, after three-and-a-half years of extensive motion practice and expensive discovery that EON never bothered to incorporate into its case, the Court finally ended the abuse by granting Defendants' Joint Motion for Summary Judgment of Indefiniteness and entering judgment in Defendants' favor on March 5, 2014. D.I. 907, 908, 909.

## RELEVANT LEGAL STANDARDS

The Patent Act authorizes district courts to "award reasonable attorney fees to the prevailing party" in "exceptional cases." 35 U.S.C. § 285. The award of attorneys' fees requires

the district court to find by clear and convincing[4] evidence that the case qualifies as "exceptional." *Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1308 (Fed. Cir. 2013). If the case is "exceptional," the court must determine if attorneys' fees are appropriate. *Id.* at 1309. According to the Federal Circuit, a "case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation" such as "vexatious or unjustified litigation conduct." *Id.* at 1308. Absent such misconduct, a case may still be deemed exceptional when "(1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." *Id.* at 1309.[5]

The "central aim of § 285 . . . is to prevent an alleged infringer from suffering a 'gross injustice.'" *Id.* at 1312. The Federal Circuit has "stressed that § 285 is remedial and for the purpose of compensating the prevailing party for the costs it incurred in the prosecution or defense of a case where it would be grossly unjust . . . to require it to bear its own costs." *Id.* at 1313 (ellipse in original, other internal marks omitted). Trial courts enjoy "broad discretion to make findings of exceptionality under § 285 in a wide variety of circumstances." *Id.* at 1317.

---

[4] The *Kilopass* panel called into question whether the clear and convincing standard was correct but ultimately decided not to overrule a previous panel decision that instituted this standard. *Id.* at 1314-15 (noting that the argument challenging the clear and convincing standard "is not a frivolous one"). The United States Supreme Court is currently considering a challenge to the clear and convincing standard. *See Octane Fitness, LLC, v. ICON Health & Fitness, Inc.*, No. 12-1184 (Argued Feb. 26, 2014).

[5] The Federal Circuit's test for determining whether a case is exceptional is now before the Supreme Court in the *Octane Fitness* matter. FLO TV respectfully requests permission to submit further briefing to address any decision by the Supreme Court if an opinion issues while this motion is pending.

**ARGUMENT**

I.   **EON'S VEXATIOUS AND UNJUSTIFIED LITIGATION CONDUCT MAKES THIS CASE EXCEPTIONAL**

When a patentee "prolongs litigation in bad faith, an exceptional finding may be warranted." *See MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 916 (Fed. Cir. 2012). On July 12, 2011, the Court dismissed EON's joint infringement claims leaving only claims of indirect infringement against FLO TV. D.I. 105, p. 2. When an accused indirect infringer has no pre-suit knowledge of the asserted patent (as here), the law limits damages to post-suit activities. *Global-Tech Appliances, Inc. v. SEB SA,* 131 S. Ct. 2060, 2068 (2011). Accordingly, by July 2011, EON's potential recovery period against FLO TV was limited to a few months while FLO TV was winding down its operations and offering rebates to its customers. *See* Ex. 3, pp. 2-3. After entering licensing agreements in the fall of 2012 that stripped its claims down to encompass just four FLO-enabled phones, EON could expect no more than *de minimis* damages. Instead of dropping its claims against FLO TV – or offering FLO TV a settlement that reflected the diminished value of its surviving claim – EON pursued a case against FLO TV that served only to drive up FLO TV's litigation costs and extract a higher, completely baseless, unjustifiable settlement from FLO TV and its parent company Qualcomm. The injustice that FLO TV faced in being forced to spend millions to defend the case stands apart from the fact that the patent claims were all determined to be invalid. The injustice arises from being forced spend millions in fees and costs when EON knew with certainty that any conceivable value was nominal – even if the patent claims were valid.

The Federal Circuit has long recognized that such "vexatious or unjustified" litigation is misconduct that justifies a finding of exceptional circumstances under § 285. *MarcTec*, 664 F.3d at 919-20 (plaintiff engaged in litigation misconduct when it "introduced and

relied on expert testimony that failed to meet even minimal standards or reliability, thereby

prolonging the litigation and the expenses attendant thereto"); *Eon-Net LP v. Flagstar Bancorp*,

653 F.3d 1314, 1328 (Fed. Cir. 2011) (plaintiff's failure to engage in good faith in the litigation

process supported district court's finding of misconduct); *Rambus Inc. v. Infineon Techs. AG*,

318 F.3d 1081, 1106 (Fed. Cir. 2003) ("[l]itigation misconduct and unprofessional behavior may

suffice, by themselves, to make a case exceptional under § 285").

Here, the record shows that EON succeeded in running up FLO TV's defense

costs without using any of the received evidence, and continued to do so after entering licensing

agreements in the fall of 2012. After serving no fewer than 69 document requests on FLO TV

and 12 interrogatories[6] seeking a wide range of information about the defunct company, EON

deposed two FLO TV 30(b)(6) witnesses in mid-2013 for a total of only four hours. ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ EON's costly, abusive, and ultimately

pointless discovery campaign, waged with no prospect of winning any meaningful damage

award, provides a textbook example of "litigation misconduct" that makes this case exceptional

under 35 U.S.C. § 285. *See MarcTec*, 664 F.3d at 920-21 (affirming a finding of litigation

misconduct when the plaintiff relied upon deficient expert testimony, "thereby prolonging the

litigation and the expenses attendant thereto"). EON should not be punished for this conduct, but

FLO TV should be compensated. FLO TV should not have been trapped between spending

---

[6]   Forty five of these document requests and all of the interrogatories came *after* EON's
licensing agreements in the fall of 2012.

millions to defend a worthless claim or millions to settle a worthless claim, especially when it became very clear to EON that its claims against FLO TV in fact had no value.

## II.   EON'S CLAIMS ARE OBJECTIVELY BASELESS AND ITS CONDUCT REFLECTS SUBJECTIVE BAD FAITH

Even if this Court were to conclude that EON's behavior in this litigation does not constitute "litigation misconduct," the Court may still find the circumstances "exceptional" under 35 U.S.C. § 285 if it concludes (1) the continued litigation against FLO TV was objectively baseless and (2) brought in subjective bad faith. *Kilopass*, 738 F.3d at 1309.

The Federal Circuit explicitly affirmed the "primacy of objective evidence over assertions of subjective good faith or lack of knowledge." *Id.* at 1311. It held that "one's misguided belief, based on zealousness rather than reason, is simply not sufficient by itself to show that a case is not exceptional in light of objective evidence that a patentee has pressed meritless claims." *Id.* Because of the primacy of the objective element, the Federal Circuit has noted that "it is in the interests of judicial economy for a court to consider the objective merits of a case first, and then assess the parties' proofs of subjective intent." *Id.* at 1311 n.3.

EON's case against FLO TV was objectively baseless from day one, deteriorated further after the Court dismissed EON's joint infringement claims in July 2011, and became essentially non-existent in the Fall of 2012. At that point, the best EON could hope for was a paltry royalty award based on revenues generated during a six-month window between the filing of the complaint and the shutdown of FLO TV's business when FLO TV was offering rebates to its customers. ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████. FLO TV

submits that no objectively reasonable litigant would have continued to pursue its claims against FLO TV, forcing it to spend millions in defense costs, in a quest for *de minimis* damages. *See MarcTec*, 664 F.3d at 916 ("litigation conduct that unnecessarily prolonged the proceedings and forced [defendant] to incur substantial expenses" was "vexatious and unjustified" and supported the district court's finding of bad faith). The only expectation under these circumstances is that FLO TV would pay an unjustified amount in settlement just to avoid litigation costs.

The subjective element of the analysis does not provide EON with any cover. The Federal Circuit recently affirmed that "actual knowledge of baselessness is not required" but instead the law "only requires proof that the lack of objective foundation for the claim was *either* known *or* so obvious that it should have been known by the party asserting the claim." *Kilopass*, 738 F.3d at 1310 (emphasis in original, other internal marks omitted). The Federal Circuit further held that "in considering a party's subjective state of mind, we are to take into account the totality of the circumstances." *Id.* Under this inquiry, various factors may be examined to determine the subjective element, factors including "vexatious or unduly burdensome litigation tactics" and "an oppressive purpose." *Id.* at 1311. In fact, "[o]bjective baselessness alone can create a sufficient inference of bad faith to establish exceptionality under §285." *Id.* at 1314. Thus, "the retention of the subjective bad faith requirement may prove to have little effect." *Id.*

Here, EON prolonged the litigation process to drive up FLO TV's litigation costs in a quest for a higher settlement. This tactic is one that EON has used in the past. ████████ ██████████████████████████████████████████████████████ At the same time, EON studiously avoids trial. *See* Ex. 11 at 3. For EON, the purpose of litigation is to drive up litigation costs and enrich the settlements defendants are willing to pay to avoid these costs. This alone supports a finding that this case is exceptional under 35 U.S.C. § 285. *See Eon-Net LP*

*v. Flagstar Bancorp*, 653 F.3d 1314, 1328 (Fed. Cir. 2011) (affirming district court in holding

that the patentee brought infringement action "in bad faith, specifically to extract a nuisance

value settlement by exploiting the high cost . . . to defend against Eon-Net's baseless claims").

      The Federal Circuit has recognized that "a central aim of §285, as well as its

predecessor, is to prevent an alleged infringer from suffering a 'gross injustice.'" *Kilopass*, 738

F.3d at 1313. Section 285 "is remedial and for the purpose of compensating the prevailing party

for the costs it incurred in the prosecution or defense of a case where it would be grossly unjust

… to require it to bear its own costs." *Id.* (ellipses in original). Here, FLO TV faced a difficult

choice early in this litigation – either spend millions of dollars to defend itself against a near-

worthless claim or to purchase a settlement for many multiples more than EON could ever hope

to collect in damages. FLO TV chose to fight and succeeded in invalidating an EON patent of

questionable utility that EON might have asserted against other defendants. But FLO TV paid an

enormous price for the victory in costs and fees. FLO TV respectfully submits that it is grossly

unfair to require FLO TV to bear the costs in their entirety.

## CONCLUSION

      For the reasons stated herein, FLO TV respectfully request that the Court grant its

motion and find this case exceptional under 35 U.S.C. § 285 and award FLO TV's attorneys'

fees and related costs since at least November 2012. If the Court grants FLO TV's motion, FLO

TV respectfully requests that the Court set a schedule for the submission of detailed

documentation for FLO TV's attorneys' fees and related costs and expenses.

- 11 -

OF COUNSEL:

Henry Gutman
Victor Cole
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Tel:  (212) 455-2000

Jeffrey E. Ostrow
Harrison J. Frahn IV
Jeffrey E. Danley
Michael A. Quick
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California 94063
Tel:  (650) 251-5000

Dated:  March 19, 2014
PUBLIC VERSION
Dated:  March 26, 2014
1144295 / 36087

POTTER ANDERSON & CORROON LLP

By:   */s/ David E. Moore*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Bindu A. Palapura (#5370)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE  19801
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com
     bpalapura@potteranderson.com

*Attorneys for Defendants*
*FLO TV Incorporated and Qualcomm*
*Incorporated*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E, Moore, hereby certify that on March 26, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 26, 2014, the attached document was Electronically Mailed to the following person(s):

Gregory B. Williams
Fox Rothschild LLP
919 N. Market Street, Suite 1300
Wilmington, DE  19801
gwilliams@foxrothschild.com
*Attorneys for EON Corp. IP Holdings, LLC*

Cabrach J, Connor
Daniel R. Scardino
Steven P. Tepera
Craig S. Jepson
Chad P. Ennis
John L. Hendricks
Mark Halderman
Rola Daaboul
Dominique G. Stafford
Joshua G. Jones
Matthew Murrell
Reed & Scardino LLP
301 Congress Avenue, Suite 1250
Austin, TX  78701
jjohnson@reedscardino.com
cconnor@reedscardino.com
dscardino@reedscardino.com
stepera@reedscardino.com
cjepson@reedscardino.com
cennis@reedscardino.com
jhendricks@reedscardino.com
mhalderman@reedscardino.com
rdaaboul@reedscardino.com
dstafford@reedscardino.com
jjones@reedscardino.com
mmurrell@reedscardino.com
*Attorneys for EON Corp. IP Holdings, LLC*

Heidi Keefe
Mark Weinstein
Kyle Chen
Lam K. Nguyen
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94306
HTC-EON@cooley.com
kyle.chen@cooley.com
hkeefe@cooley.com
mweinstein@cooley.com
lfass@cooley.com
lnguyen@cooley.com
*Attorneys for HTC America*

Daniel J. Bergeson
Jaideep Venkatesan
Bergeson, LLP
303 Almaden Blvd., Suite 500
San Jose, CA  95110-2712
dbergeson@be-law.com
jvenkatesan@be-law.com
*Attorneys for LetsTalk.com, Inc.*

Richard A. Sterba
Fish & Richardson P.C.
1425 K Street, NW
11th Floor
Washington, DC 20005
sterba@fr.com
*Attorneys for LG Electronics MobileComm
USA, Inc.*

Brian E. Farnan
Farnan LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
bfarnan@farnanlaw.com
*Attorneys for MobiTV, Inc.*

Steven J. Balick
Lauren E. Maguire
Andrew C. Mayo
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com
*Attorneys for LetsTalk.com, Inc.*

Thomas Lee Halkowski
Fish & Richardson P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE  19899-1114
halkowski@fr.com
*Attorneys for LG Electronics MobileComm
USA, Inc.*

Andy Thomson
Fish & Richardson P.C.
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
andy.thomson@fr.com
*Attorneys for LG Electronics MobileComm
USA, Inc.*

Daralyn J. Durie
Laura E. Miller
Durie Tangri
217 Leidesdorff Street
San Francisco, CA  94111
ddurie@durietangri.com
lmiller@durietangri.com
*Attorneys for MobiTV, Inc.*

Jack B. Blumenfeld
Karen Jacobs Louden
Jennifer Ying
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19899
jblumenfeld@mnat.com
klouden@mnat.com
jying@mnat.com
*Attorneys for Motorola Mobility, Inc., Sprint Nextel Corporation, HTC America, and Wirefly, Corp.*

Steven D. Moore
Kilpatrick Townsend & Stockton LLP
Eighth Floor, Two Embarcadero Center
San Francisco, CA 94111
Smoore@kilpatricktownsend.com
*Attorneys for Motorola Mobility LLC*

Carl Sanders
James L. Howard
Caroline K. Wray
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101
csanders@kilpatricktownsend.com
jhoward@kilpatricktownsend.com
cwray@kilpatricktownsend.com
*Attorneys for Motorola Mobility LLC*

William H. Boice
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309
Bboice@kilpatricktownsend.com
*Attorneys for Motorola Mobility LLC*

Frederick L. Whitmer
Kilpatrick Townsend & Stockton LLP
The Grace Building
1114 Avenue of the Americas
New York, NY, 10036-7703
fwhitmer@kilpatricktownsend.com
*Attorneys for Motorola Mobility LLC*

Christopher Schenck
Kilpatrick Townsend & Stockton LLP
1420 Fifth Avenue
Suite 4400
Seattle, Washingotn 98101
cschenck@kilpatricktownsend.com
*Attorneys for Motorola Mobility LLC*

Gregory P. Williams
Steven J. Fineman
Richards, Layton & Finger, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Williams@rlf.com
fineman@rlf.com
*Attorneys for U.S. Cellular Corporation*

Richard J. O'Brien
Robert D. Leighton
Sidley Austin LLP
One South Searborn
Chicago, IL 60603
robrien@sidley.com
rleighton@sidley.com
*Attorneys for U.S. Cellular Corporation*

By:   */s/ David E. Moore*_____
      Richard L. Horwitz
      David E. Moore
      Bindu A. Palapura
      POTTER ANDERSON & CORROON LLP
      Tel:  (302) 984-6000
      rhorwitz@potteranderson.com
      dmoore@potteranderson.com
      bpalapura@potteranderson.com

990333/36087