IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EON CORP. IP HOLDINGS, LLC,

    Plaintiff,

v().

FLO TV INCORPORATED, *et al.*,

    Defendants.

Civil Action No. 10-812-RGA

## MEMORANDUM OPINION

Gregory B. Williams, Esq., FOX ROTHSCHILD LLP, Wilmington, DE; John L. Hendricks, Esq. (argued), REED & SCARDINO LLP, Austin, TX; Matthew Murrell, Esq., REED & SCARDINO LLP, Austin, TX.

    Attorneys for Plaintiff EON Corp. IP Holdings, LLC.

Richard L. Horwitz, Esq., POTTER, ANDERSON & CORROON LLP, Wilmington, DE; Patrick E. King, Esq. (argued), SIMPSON THACHER & BARTLETT LLP, Palo Alto, CA.

    Attorneys for Defendants FLO TV, Inc.

May 27, 2014

ANDREWS, U.S. DISTRICT JUDGE:

On September 23, 2010, EON Corp. IP Holdings, LLC filed suit against FLO TV Incorporated, GoTV Networks, Inc., HTC America, Inc., Kyocera Communications Inc., LG Electronics MobileComm USA, Inc., LetsTalk.com, Inc., MobiTV, Inc., Motorola, Inc., Palm, Inc., Qualcomm, Inc., Research in Motion Corporation, SPB Software, Inc., Samsung Telecommunications America LLC, Sprint Nextel Corporation, U.S. Cellular Corporation, Verizon Communications Inc., and Wirefly Corporation alleging infringement of U.S. Patent No. 5,663,757 ("the '757 patent"). (D.I. 1). EON accused FLO TV of infringing the '757 patent indirectly or jointly. (*Id.* at ¶ 28).

The prospects of obtaining a large monetary judgment from FLO TV steadily declined as the case progressed. A few months after EON filed suit, on March 27, 2011, FLO TV announced that it was going out of business and shutting down operations after suffering significant financial losses in its three years of existence. (D.I. 913-1 at 2-6). EON's complaint did not allege FLO TV had knowledge of the '757 patent prior to the lawsuit, so EON's potential recovery against FLO TV was limited to the roughly six months between September 23, 2010 and March 27, 2011. FLO TV notified EON of these facts and also informed EON that FLO TV had instituted a rebate program for its customers, thereby reducing any revenues that could have formed a royalty base. (*Id.* at 8-10). The Court further limited EON's potential recovery on July 12, 2011 when it dismissed EON's joint infringement claims. (D.I. 105). Finally, the universe of accused devices continued to shrink as EON entered into settlements with the carriers and handset manufacturers who sold or manufactured the majority of the FLO-enabled devices, leaving only four devices and a single wireless network. (D.I. 311, 312 & 321).

1

The case progressed despite these setbacks, causing FLO TV and its parent Qualcomm to incur significant fees and costs. After a claim construction hearing, the Court issued a memorandum opinion finding that eight computer-implemented means-plus-function terms in the '757 patent were indefinite. (D.I. 907). This invalidated all asserted claims, and the Court granted the defendants' motion for summary judgment of invalidity on March 4, 2014. (D.I. 908). FLO TV filed the instant motion for attorney's fees two weeks later. (D.I. 911). In deciding this motion, the Court has considered the parties' briefing (D.I. 912, 921 & 925) and oral argument on May 15, 2014.

## I. LEGAL STANDARD

The award of attorney's fees is governed by 35 U.S.C. § 285. This section provides, in its entirety, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (2012). In construing this provision, Federal Circuit precedent held that a case is "exceptional" only if a district court finds either independently sanctionable litigation misconduct or that the litigation was both "brought in subjective bad faith" and was "objectively baseless." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). The Supreme Court, in a pair of recent decisions, rejected this formulation as "overly rigid" and laid out a more flexible framework. *See Octane Fitness, LLC v. ICON Health & Fitness*, 134 S. Ct. 1749, 1756 (2014); *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744 (2014).

That a case be "exceptional" is the only limitation imposed by the text of Section 285. The word "exceptional" is not defined in the Patent Act. The Supreme Court thus attributed to the word its ordinary meaning: "uncommon," "rare," "not ordinary," "unusual," or "special." *Octane Fitness*, 134 S. Ct. at 1756. Against this backdrop, the Court defined an "exceptional"

2

case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* District judges are free to exercise their discretion on a case-by-case basis, considering the totality of the circumstances, when determining whether attorney's fees are appropriate. *Id.* The applicable burden of proof that a litigant must carry in order to be awarded attorney's fees is a preponderance of the evidence. *Id.* at 1758.

## II. DISCUSSION

When viewed in their entirety, as is now required by the Supreme Court, the facts do not establish that this is an "exceptional" case. *Octane Fitness* provides examples of two circumstances that could lead to the conclusion that a case is exceptional: the substantive strength of the party's litigating position and the unreasonable manner in which the case was litigated. Neither of these weigh in favor of awarding attorney's fees here.

The substantive strength of EON's case was not so conspicuously deficient as to justify the award of attorney's fees. EON's case turned on a complex and evolving area of law—the construction of computer-implemented means-plus-function terms. Although the Court eventually agreed with the defendants and found all asserted claims to be invalid as indefinite, the decision was not an easy one. The Court heard oral argument, scheduled a supplemental evidentiary hearing, and ordered post-trial briefing on the issue. (D.I. 907). The fact that EON is currently appealing this Court's ruling at the Federal Circuit (D.I. 916) suggests that EON maintains faith in the strength of its position. In any event, FLO TV does not rely upon the indefiniteness finding in support of its argument.

3

There is also no reason to believe EON litigated the case unreasonably. The main thrust of FLO TV's argument appears to be that EON should have dropped the case, or entered into a settlement, because the potential recovery from FLO TV would be dwarfed by the costs of litigation.[1] This argument fails for at least two reasons. First, liability and damages were bifurcated in this case. No discovery has been conducted with respect to damages because the case was concluded at the summary judgment stage. Arguments by both sides regarding the size of the potential recovery are speculative and cannot form the basis for an award of attorney's fees. Second, even if the amount of damages were small relative to the cost of litigation, which seems likely based on the arguments of the parties, the Court is unaware of any *de minimis* exception for infringement. It cannot be the case that a plaintiff may be subjected to monetary sanctions for failing to drop a case against a defendant if the cost of litigation exceeds the potential recovery. While there may be cases where a party's approach to settlement is so unreasonable as to justify an "exceptional" finding, FLO TV has not shown that to be the case with regard to EON.

No other evidence suggests that the award of attorney's fees is appropriate in this case. Although the size of the royalty pool and potential damages shrunk as the case progressed, that does not, by itself, lead to the conclusion that EON is at fault for failing to settle the case.[2] When weighing the evidence as a whole, the Court does not believe the facts of this case warrant the award of attorney's fees.

---

[1] FLO TV asserts that EON prolonged the litigation in order to increase FLO TV's costs in hopes that it would compel a larger settlement from FLO TV and Qualcomm. (D.I. 912, p. 4).
[2] There is no evidence in the record that FLO TV offered a generous settlement on its behalf alone, or any settlement for that matter, to make the case against it go away. Instead, both parties claim the other side conditioned all settlement discussions on the inclusion of Qualcomm.

4

## III. CONCLUSION

For the reasons stated above, FLO TV's motion for attorney's fees is denied. An order consistent with this memorandum opinion will follow.