IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 10-812 (RGA) |
| | ) |
| FLO TV INCORPORATED, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT MOTOROLA MOBILITY LLC'S BILL OF COSTS

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and the Court's Judgment Order (D.I. 909), Defendant Motorola Mobility LLC ("Motorola") respectfully requests that the Court award Motorola the costs that it incurred in successfully defending this action. On March 4, 2014, this Court granted Motorola summary judgment of invalidity of all claims of the '757 patent, asserted by Plaintiff. (D. I. 908), which was affirmed by the Federal Circuit. Motorola therefore now submits its application for costs.

### I.  Argument

Under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920, a prevailing party may recover as part of a judgment certain non-attorney's fee charges it incurred. *United Access Technologies, LLC v. EarthLink, Inc.,* No. CIV.A. 02-272-MPT, 2012 WL 2175786, at *1 (D. Del. June 14, 2012). Motorola prevailed on EON's claims of infringement on summary judgment and thus it is the prevailing party. *See Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (holding defendant was prevailing party where court entered judgment of non-infringement).

Motorola seeks costs under the first four of the six categories under § 1920:

| Category of Taxable Costs and Relevant Subsection of 28 U.S.C. § 1920 | Motorola's Taxable Costs |
|---|---|
| Fees for Printed and Electronically Recorded Transcripts Necessarily Obtained for Use in the Case – 28 U.S.C § 1920(2) | $13,030.95 |
| TOTAL | $13,030.95 |

**A. Fees for Printed and Electronically Recorded Transcripts Necessarily Obtained for Use in the Case -- 28 U.S.C § 1920(2)**

Section 1920(2) authorizes the taxation of costs associated with generating records of depositions. Under Local Rule 54.1(b)(3), the prevailing party may recover "[t]he reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition ... where a substantial portion of the deposition is used in the resolution of a material issue in the case."

Many of the depositions taken in this matter were noticed by EON, including those of a Motorola fact witness and three depositions of Motorola Mobility LLC under Fed. R. Civ. P. 30(b)(6). The only depositions that Motorola noticed were of Mr. David Klausner, EON's expert witness regarding infringement and validity, and were related to rebutting EON's claims of infringement and to proving Motorola's affirmative defenses of invalidity. At the time Mr. Klausner's deposition was noticed by Motorola, Motorola reasonably expected to use the deposition for trial preparation, including potentially for impeachment at trial. Indeed, in the pretrial filings, the parties designated the video deposition of 16 witnesses to be presented at trial. EON designated 13 witnesses for video deposition testimony at trial. Motorola incurred the costs of both the written and video transcripts in order to prepare deposition testimony for trial and to both object to and to cross-designate in response to EON's deposition designations.

Thus, all of the depositions were relevant to the issues litigated in this action, and their costs are recoverable.  Motorola's taxable costs under § 1920(2) total **$13,030.95**.

### B. Transcript Fees for Other Proceedings Necessarily Obtained for Use in the Case

This area of Motorola's request is for costs associated with copies of exhibits for use in preparation of Motorola's 30(b)(6) witnesses.  Under Local Rule 54.1(b)(2), the cost of the originals of a trial transcript and of a transcript for matter prior to and subsequent to trial is taxable when requested by the Court or pursuant to a stipulation.

Motorola necessarily incurred $526.60 in transcript fees for a meet and confer with EON held on September 6, 2013.  Wray Decl., ¶ 6.  These costs are also recoverable under § 1920(2).

## II. Conclusion

As detailed above, Motorola respectfully requests that the Court enter final judgment in its favor for:

- $12,504.35 in costs under § 1920(2) and Local Rule 54.1(b)(3); and
- $526.60 in costs under § 1920(2) and Local Rule 54.1(b)(2).

This represents a total costs application in the amount of **$13,030.95**.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

OF COUNSEL:

William H. Boice
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA  30309
(404) 815-6500

*Attorneys for Motorola Mobility LLC*

3

Steven D. Moore
KILPATRICK TOWNSEND & STOCKTON LLP
2 Embarcadero Center, 8th Floor
San Francisco, CA 94111
(415) 273-4741

Frederick L. Whitmer
KILPATRICK TOWNSEND & STOCKTON LLP
The Grace Building
1114 Avenue of the Americas
New York, NY  10036-7703
(212) 775-8773

Christopher Schenck
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 4400
Seattle, WA 98101
(206) 516-3081

Carl Sanders
James L. Howard
Caroline K. Wray
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101-2400
(336) 607-7300

May 20, 2015

9169822